20 So.3d 173 (2009)
In re AMENDMENTS TO THE FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS.
No. SC08-2058.
Supreme Court of Florida.
March 26, 2009.
PER CURIAM.
During the 2008 legislative session, the Legislature amended numerous sections of chapter 61, Florida Statutes, redesignating it "Dissolution of Marriage; Support; Time-sharing," and amended various sections of chapters 409, 414, 445, 741, 742, 753, and 827, Florida Statutes. See ch. 2008-61, Laws of Fla. (effective October 1, 2008). In general, this legislation removes references to the concepts of "custody," "primary or secondary residential parent," "visitation," and the like, and instead incorporates the concepts of "time-sharing" and a "parenting plan." The statutes now require the court to approve or establish a "parenting plan" which governs how divorced parents will share the responsibilities of childrearing and decision making with regard to the child and sets forth a "time-sharing" schedule. Ch. 2008-61, §§ 2, 8, Laws of Fla. (amending §§ 61.046 and 61.13, Fla. Stat. (2007)). This legislation affects the Florida Supreme Court Approved Family Law Forms.
Pursuant to the procedures approved by this Court in Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1, 14 (Fla.2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and determined that both new forms and amendments to existing forms are necessary as a result of the legislation. Input on this issue was received from the Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms, which provided valuable assistance.
The majority of the amendments to existing forms simply conform them to the change in terminology accomplished by chapter 2008-61 and incorporate the concepts of time-sharing and the parenting plan.[1] Two of the new forms are parenting plan forms, form 12.995(a) (Parenting Plan (non-supervised)), and form 12.995(b) *174 (Parenting Plan (supervised/safety focused)). The third new form is form 12.993(d) (Supplemental Temporary Judgment for Modification of Parenting Issues for Children of Military Parents) in accord with various amendments to section 61.13002, Florida Statutes. See ch. 2008-61, § 10, Laws of Fla.
The new and amended forms are adopted as set forth in the appendix to this opinion, fully engrossed, effective for immediate use. Due to the number of amendments and new forms, we direct that they be published for comment. A publication notice will appear in The Florida Bar News. The forms will be posted on this Court's website at www.florida supremecourt.org/decisions/rules.shtml. Interested persons shall have sixty days from the date of this opinion to file comments with the Court. By adoption of these forms, we express no opinion as to their correctness or applicability, or on the substance of the new legislation. The forms discussed herein may also be accessed and downloaded from this Court's website at www.flcourts.org/gen_public/family/forms_rules/index.shtml.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.
PERRY, J., did not participate.

APPENDIX

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW

FORM 12.901(b)(1),

PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (03/09)

When should this form be used?
This form should be used when a husband or wife is filing for a dissolution of marriage and you and your spouse have a dependent or minor child(ren) together or the wife is pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You must file this form if the following is true:
 You and your spouse have a dependent or minor child(ren) together or the wife is pregnant.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

*175 What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

*176 Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
 Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a)or Supervised/Safety Focused Parenting Plan, Form 12.995(b) If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Parenting Plan and Time-Sharing. If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation *177 and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony. Marital/Nonmarital Assets and Liabilities. Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief. If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or *178 Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement. If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Parenting Plan. In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), or a Supervised/Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parenting Plan will be established by the court.
Final Judgment Form. These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/09)
 IN THE CIRCUIT COURT OF THE _______________ JUDICIAL CIRCUIT,
 IN AND FOR _______________COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
____________________________________,
 Petitioner,
*179
 and
____________________________________,
 Respondent.

PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
I, {full legal name} _____________________, the [one only] () Husband () Wife, being sworn, certify that the following statements are true:
1. JURISDICTION/RESIDENCE () Husband () Wife () Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. The husband [one only] () is () is not a member of the military service. The wife [one only] () is () is not a member of the military service.
3. MARRIAGE HISTORY
 Date of marriage: {month, day, year} _______________________________________
 Place of marriage: {city, state, country} __________________________________
 Date of separation: {month, day, year} ______________(&check; if approximate)
4. DEPENDENT OR MINOR CHILD(REN) [all that apply]
a. ___ The wife is pregnant. Baby is due on: {date} _________
b. ___ The minor (under 18) child(ren) common to both parties are:
 Name Place of Birth Birth date Sex
 ________________ ________________ ___________ __________
 ________________ ________________ ___________ __________
 ________________ ________________ ___________ __________
 ________________ ________________ ___________ __________
 ________________ ________________ ___________ __________
 ________________ ________________ ___________ __________
c. ___ The minor child(ren) born or conceived during the marriage who are not common to both parties are:
 Name Place of Birth Birth date Sex
 ________________ ________________ ___________ __________
 ________________ ________________ ___________ __________
 The birth father(s) of the above minor child(ren) is (are) {name and address} ________
 _______________________________________________________________________________________________
d. ___ The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:
 Name Place of Birth Birth date Sex
 ________________ ________________ ___________ __________
 ________________ ________________ ___________ __________
5. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition. (You must complete and attach this form in a dissolution of marriage with minor child(ren)).
6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
7. This petition for dissolution of marriage should be granted because: [one only]
a. ___ The marriage is irretrievably broken.
b. ___ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this petition. A copy of the Judgment of Incapacity is attached.

SECTION I. MARITAL ASSETS AND LIABILITIES [one only]

*180 1. ___ There are no marital assets or liabilities.
2. ___ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
[&check; all that apply]
a. ___ All marital assets and liabilities have been divided by a written agreement between the parties, which is attached, to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
b. ___ The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.
c. ___ Petitioner should be awarded an interest in Respondent's property because:
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________

SECTION II. SPOUSAL SUPPORT (ALIMONY) [one only]
1. ___ Petitioner forever gives up his/her right to spousal support (alimony) from Respondent.
2. ___ Petitioner requests that the Court order Respondent to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting and Respondent has the ability to pay that support. Spousal support (alimony) is requested in the amount of $____ every () week () other week () month, beginning {date} ___ and continuing until {date or event} _____________________________.
Explain why the Court should order Respondent to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, and/or lump sum): __________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
[&check; if applies] ( ) Petitioner requests life insurance on Respondent's life, provided by Respondent, to secure such support.

SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY, AND TIME-SHARING
1. The minor child(ren) currently reside(s) with () Mother () Father () Other: {explain}
 _________________________________________________________________________
2. Parental Responsibility. It is in the child(ren)'s best interests that parental responsibility be: [&check; one only]
a. ___ shared by both Father and Mother.
b. ___ awarded solely to () Father () Mother. Shared parental responsibility would be detrimental to the child(ren) because: _______________________________________________________________
 __________________________________________________________________________
 __________________________________________________________________________
 __________________________________________________________________________
3. Parenting Plan and Time-Sharing. It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that () includes () does not include parental time-sharing with the child(ren). The Petitioner states that it is in the best interests of the child (ren) that:
(Choose only one)
a. ___ The attached proposed Parenting Plan should be adopted by the court. The parties () have () have not agreed to the Parenting Plan.
b. ___ The court should establish a Parenting Plan with the following provisions:
 [] No time-sharing for the ___ Husband ___ Wife.
*181
 [] Limited time-sharing with the ____ Husband ____ Wife.
 [] Supervised Time-Sharing for the ____ Husband ____ Wife.
 [] Supervised or third-party exchange of the child(ren).
 [] Time-Sharing Schedule as follows:
 ___________________________________________________________
 ___________________________________________________________
 ____________________________________________________________
4. Explain why this request is in the best interests of the child(ren): ____________ ___________________________________________________________ ___________________________________________________________ ___________________________________________________________ ___________________________________________________________

SECTION IV. CHILD SUPPORT
[all that apply]
 1. ____ Petitioner requests that the Court award child support as determined by Florida's child
 support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines
 Worksheet,
 Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed. Such support
 should be ordered retroactive to:
 a. ____ the date of separation {date} ______
 b. ____ the date of the filing of this petition.
 c. ____ other {date} ______ {explain} _____
 2. ____ Petitioner requests that the Court award child support to be paid beyond the age of 18 years
 because:
 a. ____ the following child(ren) {name(s)} ________________ is (are) dependent because
 of a mental or physical incapacity which began before the age of 18. {explain} ____
 ____________________________________________________________________________________________
 b. ____ the following child(ren) {name(s)} ________________ is (are) dependent in fact
 and is (are) in high school while he/she (they) are between the ages of 18 and 19; said
 child(ren) is (are) performing in good faith with reasonable expectation of graduation
 before the age of 19.
 3. ____ Petitioner requests that the Court award a child support amount that is more than or less
 than Florida's child support guidelines. Petitioner understands that Motion to Deviate from
 Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, must
 be filed before the court will consider this request.
 4. ____ Petitioner requests that medical/dental insurance coverage for the minor child(ren) be
 provided by:
 [one only]
 a. ____ Father.
 b. ____ Mother.
 5. ____ Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid:
 [one only]
 a. ____ by Father.
 b. ____ by Mother.
 c. ____ by Father and Mother [each pay one-half].
 d. ____ according to the percentages in the Child Support Guidelines Worksheet, Florida Family
 Law Rules of Procedure Form 12.902(e).
 e. ____ Other {explain}: _____________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 6. Petitioner requests that life insurance to secure child support be provided by:
 a. ____ Father.
 b. ____ Mother.
 c. ____ Both.

SECTION V. OTHER
1. [If Petitioner is also the Wife, please indicate by either () yes () or no whether Petitioner/Wife wants to be known by her former name, which was {full legal name} ________________________________.

*182 2. Other relief {specify}:

 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
SECTION VI. PETITIONER'S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
Petitioner requests that the Court enter an order dissolving the marriage and:
[all that apply]
 1. ____ distributing marital assets and liabilities as requested in Section I of this petition;
 2. ____ awarding spousal support (alimony) as requested in Section II of this petition;
 3. ____ adopt or establish a Parenting Plan containing provisions for parental responsibility and time-sharing
 for the dependent or minor child(ren) common to both parties, as requested in Section
 III of this petition;
 4. ____ establishing child support for the dependent or minor child(ren) common to both parties, as
 requested in Section IV of this petition;
 5. ____ restoring Wife's former name as requested in Section V of this petition;
 6. ____ awarding other relief as requested in Section V of this petition; and any other terms the
 Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: __________________________ ___________________________________
 Signature of Petitioner
 Printed Name: _____________________
 Address: __________________________
 City, State, Zip: _________________
 Telephone Number: _________________
 Fax Number: _______________________
STATE OF FLORIDA
COUNTY OF ____________
Sworn to or affirmed and signed before me on ______ by ________________________.
 ___________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ____________________________________________________________________
 [Print, type, or stamp commissioned name of notary or deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ___________________________, a nonlawyer, located at {street} ______________, {city} ________________, {state} _________, {phone} _________, helped {name} ___________, who is the petitioner, fill out this form.
*183 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(d), UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT (03/09)

When should this form be used?
This form should be used in any case involving custody of, visitation with, or time-sharing with any minor child(ren). This affidavit is required even if the custody of, visitation, or time-sharing with the minor child(ren) are not in dispute.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see sections 61.501-61.542, Florida Statutes.

Special notes...
If you are the petitioner in an injunction for protection against domestic violence case and you have filed Petitioner's Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), you should write confidential in any space on this form that would require you to write the address where you are currently living.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (03/09)
 IN THE CIRCUIT COURT OF THE ____________ JUDICIAL CIRCUIT,
 IN AND FOR ___________________ COUNTY, FLORIDA
 Case No.: __________________
 Division: __________________
________________________,
 Petitioner,
 and
________________________,
 Respondent.

UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT
*184 I, {full legal name} ____________, being sworn, certify that the following statements are true:
1. The number of minor child(ren) subject to this proceeding is ________. The name, place of birth, birth date, and sex of each child; the present address, periods of residence, and places where each child has lived within the past five (5) years; and the name, present address, and relationship to the child of each person with whom the child has lived during that time are:
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # 1:
Child's Full Legal Name: ______________________________________________________ Place of Birth: _________________ Date of Birth: _______________ Sex: ______________
Child's Residence for the past 5 years:
_______________________________________________________________________________________________________
 Address (including city and Name and present address
Dates (From/To) state) where child lived of person child lived with Relationship to child
_________________________________________________________________________________________________________
 /present*
___/___
___/___
___/___
___/___
___/___
* If you are the petitioner in an injunction for protection against domestic violence case and you have filed Petitioner's Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), you should write "confidential" in any space on this form that would require you to enter the address where you are currently living.
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # ___:
Child's Full Legal Name: ______________________________________________________ Place of Birth: ___________________ Date of Birth: _____________ Sex: ______________
Child's Residence for the past 5 years:
________________________________________________________________________________________________________
 Address (including city and Name and present address
Dates (From/To) state) where child lived of person child lived with Relationship to child
_________________________________________________________________________________________________________
 /present
___/___
___/___
___/___
___/___
___/___
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # ___:
Child's Full Legal Name: ______________________________________________________ Place of Birth: ___________________ Date of Birth: _____________ Sex: ______________
Child's Residence for the past 5 years:
________________________________________________________________________________________________________
 Address (including city and Name and present address
Dates (From/To) state) where child lived of person child lived with Relationship to child
_________________________________________________________________________________________________________
 /present
*185
___/___
___/___
___/___
___/___
___/___
2. Participation in custody or time-sharing proceeding(s):
[&check; one only]
____ I HAVE NOT participated as a party, witness, or in any capacity in any other litigation or
 custody proceeding in this or any other state, concerning custody of or time-sharing with a child
 subject to this proceeding.
____ I HAVE participated as a party, witness, or in any capacity in any other litigation or custody
 proceeding in this or another state, concerning custody of or time-sharing with a child subject to
 this proceeding. Explain:
 a. Name of each child: ___________________________________________________________
 b. Type of proceeding: ___________________________________________________________
 c. Court and state: ______________________________________________________________
 d. Date of court order or judgment (if any): _____________________________________
3. Information about custody or time-sharing proceeding(s):
[&check; one only]
____ I HAVE NO INFORMATION of any custody or time-sharing proceeding pending in a court of
 this or any other state concerning a child subject to this proceeding.
____ I HAVE THE FOLLOWING INFORMATION concerning a custody or time-sharing proceeding
 pending in a court of this or another state concerning a child subject to this proceeding, other
 than set out in item 2. Explain:
 a. Name of each child: ___________________________________________________________
 b. Type of proceeding: ___________________________________________________________
 c. Court and state: ______________________________________________________________
 d. Date of court order or judgment (if any): _____________________________________
4. Persons not a party to this proceeding:
[&check; one only]
____ I DO NOT KNOW OF ANY PERSON not a party to this proceeding who has physical custody or
 claims to have custody, visitation or time-sharing with respect to any child subject to this
 proceeding.
____ I KNOW THAT THE FOLLOWING NAMED PERSON(S) not a party to this proceeding has
 (have) physical custody or claim(s) to have custody, visitation, or time-sharing with respect to any
 child subject to this proceeding:
 a. Name and address of person: ________________________________________________________
 _____________________________________________________________________________________
 () has physical custody () claims custody rights () claims visitation or time-sharing
 Name of each child: __________________________________________________________________
 b. Name and address of person: _________________________________________________________
 _____________________________________________________________________________________
 () has physical custody () claims custody rights () claims visitation, or time-sharing
 Name of each child: ___________________________________________________________________
 c. Name and address of person: ___________________________________________________________
 _______________________________________________________________________________________
 () has physical custody () claims custody rights () claims visitation or time-sharing
 Name of each child: ___________________________________________________________________
5. Knowledge of prior child support proceedings:
[&check; one only]
____ The child(ren) described in this affidavit are NOT subject to existing child support order(s) in this
 or any state or territory.
*186
____ The child(ren) described in this affidavit are subject to the following existing child support
 order(s):
 a. Name of each child:
 b. Type of proceeding:
 c. Court and address:
 d. Date of court order/judgment (if any):
 e. Amount of child support paid and by whom: ________________
6. I acknowledge that I have a continuing duty to advise this Court of any custody, visitation or time-sharing, child support, or guardianship proceeding (including dissolution of marriage, separate maintenance, child neglect, or dependency) concerning the child(ren) in this state or any other state about which information is obtained during this proceeding.
I certify that a copy of this document was [&check; one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date} _________________________.
Other party or his/her attorney:
Name: ________________________
Address: _____________________
City, State, Zip: ____________
Fax Number: __________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _______________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF _____________
Sworn to or affirmed and signed before me on _______ by ____________.
 _____________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced __________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________, a nonlawyer, located at {street} ________________, {city} _____________________, {state} ___________, {phone} ____________, helped {name} _____________, who is the [&check; one only] ___ petitioner or ___ respondent, fill out this form.
*187 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1), MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (03/09)

When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

Special notes...
With this form you must also file a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed.
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (03/09)
 IN THE CIRCUIT COURT OF THE _____________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
________________________________,
 Petitioner,
and
*188
______________________________,
 Respondent.

MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
We, {Husband's full legal name} _____________________________________, and {Wife's full legal name} _____________________________________________, being sworn, certify that the following statements are true:
1. We were married to each other on {date} _______________.
2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.
3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.
4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.

SECTION I. MARITAL ASSETS AND LIABILITIES
A. Division of Assets. We divide our assets (everything we own and that is owed to us) as follows: Any personal item(s) not listed below is the property of the party currently in possession of the item(s).
1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:
_________________________________________________________________________________________________________
 ASSETS: DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE (To avoid Current Fair
confusion at a later date, describe each item as clearly as possible. You do not Market Value
need to list account numbers. Where applicable, include whether the name on
 any title/deed/account described below is wife's, husband's, or both.)
_________________________________________________________________________________________________________
[] Cash (on hand) $
_________________________________________________________________________________________________________
[] Cash (in banks/credit unions)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Stocks/Bonds
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Notes (money owed to you in writing)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Money owed to you (not evidenced by a note)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Real estate: (Home)
_________________________________________________________________________________________________________
[] (Other)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Business interests
_________________________________________________________________________________________________________
[]
*189
_________________________________________________________________________________________________________
[] Automobiles
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Boats
_________________________________________________________________________________________________________
[] Other vehicles
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Furniture & furnishings in home
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Furniture & furnishings elsewhere
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Collectibles
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Jewelry
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Life insurance (cash surrender value)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Sporting and entertainment (T.V., stereo, etc.) equipment
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Other assets
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
Total Assets to Wife $_____________
_________________________________________________________________________________________________________
2. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:
_________________________________________________________________________________________________________
ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE (To avoid Current Fair
confusion at a later date, describe each item as clearly as possible. You do not Market Value
need to list account numbers. Where applicable, include whether the name on
 any title/deed/account described below is wife's, husband's or both.)
_________________________________________________________________________________________________________
[] Cash (on hand) $
_________________________________________________________________________________________________________
[] Cash (in banks/credit unions)
_________________________________________________________________________________________________________
[]
*190
_________________________________________________________________________________________________________
[] Stocks/Bonds
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Notes (money owed to you in writing)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Money owed to you (not evidenced by a note)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Real estate: (Home)
_________________________________________________________________________________________________________
[] (Other)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Business interests
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Automobiles
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Boats
_________________________________________________________________________________________________________
[] Other vehicles
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Furniture & furnishings in home
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Furniture & furnishings elsewhere
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Collectibles
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Jewelry
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Life insurance (cash surrender value)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Sporting and entertainment (T.V., stereo, etc.) equipment
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Other assets
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
*191 _________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
Total Assets to Husband $_________________
_________________________________________________________________________________________________________
B. Division of Liabilities/Debts. We divide our liabilities (everything we owe) as follows:
1. Wife shall pay as her own the following and will not at any time ask Husband to pay these debts/bills:
_________________________________________________________________________________________________________
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY WIFE (To Monthly Current
avoid confusion at a later date, describe each item as clearly as possible. You Payment Amount
do not need to list account numbers. Where applicable, include whether the Owed
name on any mortgage, note, or account described below is wife's, husband's,
 or both.)
_________________________________________________________________________________________________________
[] Mortgages on real estate: (Home) $ $
_________________________________________________________________________________________________________
[] (Other)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Charge/credit card accounts
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Auto loan
_________________________________________________________________________________________________________
[] Auto loan
_________________________________________________________________________________________________________
[] Bank/credit union loans
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Money you owe (not evidenced by a note)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Judgments
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Other
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
Total Debts to Be Paid by Wife $ $
_________________________________________________________________________________________________________
2. Husband shall pay as his own the following and will not at any time ask Wife to pay these debts/bills:
_________________________________________________________________________________________________________
LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY HUSBAND Monthly Current
(To avoid confusion at a later date, describe each item as clearly as possible. Payment Amount
You do not need to list account numbers. Where applicable, include whether Owed
*192
the name on any mortgage, note or account described below is wife's,
 husband's, or both.)
_________________________________________________________________________________________________________
[] Mortgages on real estate: (Home) $ $
_________________________________________________________________________________________________________
[] (Other)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Charge/credit card accounts
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Auto loan
_________________________________________________________________________________________________________
[] Auto loan
_________________________________________________________________________________________________________
[] Bank/credit union loans
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Money you owe (not evidenced by a note)
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Judgments
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[] Other
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
[]
_________________________________________________________________________________________________________
Total Debts to Be Paid by Husband $ $
_________________________________________________________________________________________________________
C. Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
SECTION II. SPOUSAL SUPPORT (ALIMONY) (If you have not agreed on this matter, write n/a on the lines provided.)
[one only]
 1. ____ Each of us forever gives up any right to spousal support (alimony) that we may have.
 2. ____ () HUSBAND () WIFE agrees to pay spousal support (alimony) in the amount of $____
 every () week () other week () month, beginning {date} _____ and continuing until
 {date or event} __________________________________________________________________.
Explain type of alimony (temporary, permanent, rehabilitative, and/or lump sum) and any other specifics: _________________________________________________________________________________________________________ _________________________________________________________________________________________________________ _________________________________________________________________________________________________________ _________________________________________________________________________________________________________ _________________________________________________________________________________________________________ _________________________________________________________________________________________________________ *193 [if applies] () Life insurance in the amount of $________ to secure the above support, will be provided by the obligor.
SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING
1. The parties' minor child(ren) are:
Name Birth date
__________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
____________________________________________________________________________
2. The parties shall have time-sharing and parental responsibility in accordance with the Parenting Plan attached as Exhibit ______.

SECTION IV. CHILD SUPPORT
1. () Mother () Father will pay child support, under Florida's child support guidelines, section 61.30, Florida Statutes, to the primary residential or sole parent named above. Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is completed and attached.
This parent shall be obligated to pay child support in the amount of $_______, every () week () other week () month, beginning {date} ___________ and continuing until modified by court order, the youngest child turns 18, becomes emancipated, marries, dies, otherwise becomes self-supporting or, if after the age of 18, until {date} _________. If the child support amount above deviates from the guidelines by 5% or more, explain the reason(s) here: __________________________________________________________________________________ ______________________________________________________________________________________________________________ ______________________________________________________________________________________________________________ ______________________________________________________________________________________________________________
2. Child Support Arrearage. There currently is a child support arrearage of $______ for retroactive child support and/or $ __________ for previously ordered unpaid child support.
The total of $_________ in child support arrearage shall be repaid at the rate of $______ every () week () other week () month, beginning {date} _________, until paid in full including statutory interest.
 3. Health Insurance. () Mother () Father will maintain health insurance coverage for the parties'
 minor child(ren). The party providing coverage will provide insurance cards to the other party
 showing coverage. OR () Health insurance is not reasonably available at this time. Any
 uninsured/unreimbursed medical costs for the minor child(ren) shall be assessed as follows:
 a. ____ Shared equally by both parents.
 b. ____ Prorated according to the child support guideline percentages.
 c. ____ Other {explain}: ____________________________________________________
As to these uninsured/unreimbursed medical expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
 4. Dental Insurance. () Mother () Father will maintain () dental insurance coverage for the
 parties' minor child(ren). The party providing coverage will provide insurance cards to the other
 party showing coverage. OR () dental insurance is not reasonably available at this time. Any
 uninsured/unreimbursed dental costs for the minor child(ren) shall be assessed as follows:
 a. ____ Shared equally by both parents.
 b. ____ Prorated according to the child support guideline percentages.
 c. ____ Other {explain}: _____________________________________________________
As to these uninsured/unreimbursed dental expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

*194 5. Life Insurance. () Mother () Father shall be required to maintain life insurance coverage for the benefit of the parties' minor child(ren) in the amount of $_________ until the youngest child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Deduction(s). The assignment of any tax deductions for the child(ren) shall be (as follows: {explain} ____________________________________________________________________________ ____________________________________________________________________________________________________________
The other parent will convey any applicable IRS form regarding the income tax deduction.
7. Other provisions relating to child support (e.g., uninsured medical/dental expenses, insurance coverage, life insurance to secure child support, orthodontic payments, college fund, etc.): ____
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________

SECTION V. OTHER
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________

SECTION VI. We have not agreed on the following issues:
____________________________________________________________________________________________________________
____________________________________________________________________________________________________________
____________________________________________________________________________________________________________
____________________________________________________________________________________________________________
____________________________________________________________________________________________________________
____________________________________________________________________________________________________________
____________________________________________________________________________________________________________
____________________________________________________________________________________________________________
____________________________________________________________________________________________________________
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: ____________________ __________________________________________________
 Signature of Husband
 Printed Name: ____________________________________
 Address: _________________________________________
 City, State, Zip: ________________________________
 Telephone Number: ________________________________
 Fax Number: ______________________________________
STATE OF FLORIDA
*195
COUNTY OF _____________
Sworn to or affirmed and signed before me __________ on by ______________________.
 _____________________________________________________________
 NOTARY PUBLIC OR DEPUTY CLERK
 _____________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
Type of identification produced ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________, a nonlawyer, located at {street} ______________________, {city} __________, {state} ___________, {phone} ___________, helped {name} _________, who is the [&check; one only] ____ petitioner or ___ respondent, fill out this form.
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: ___________________ _________________________________________________
 Signature of Wife
 Printed Name: ____________________________________
 Address: _________________________________________
 City, State, Zip: ________________________________
 Telephone Number: ________________________________
 Fax Number: ______________________________________
STATE OF FLORIDA
COUNTY OF _________________________
Sworn to or affirmed and signed before me ________ on by ___________________.
 __________________________________________________________
 NOTARY PUBLIC OR DEPUTY CLERK
 ___________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
Type of identification produced ________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________, a nonlawyer, located at {street} ____________________, {city} ____________, {state} ___________, {phone} __________, helped {name} __________, who is the [&check; one only] ____ petitioner or _____ respondent, fill out this form.
*196 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(a), ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE (03/09)

When should this form be used?
This form should be used when you have been served with a petition for dissolution of marriage and you do not wish to contest it or appear at a hearing. If you file this form, you are admitting all of the allegations in the petition, saying that you do not need to be notified of or appear at the final hearing, and that you would like a copy of the final judgment mailed to you.
This form should be typed or printed in black ink, and your signature should be witnessed by a notary public or deputy clerk. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to answer after being served with the other party's petition. A copy of this form, along with all of the other forms required with this answer and waiver, must be mailed or hand delivered to the other party in your case.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there.

Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of *197 service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-Sharing... By filing this answer and waiver, you are agreeing to any parenting and time-sharing requests in the petition. The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support... By filing this answer and waiver, you are agreeing to any child support requests in the petition. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... By filing this answer and waiver, you are agreeing to any alimony requests in the petition. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a counterpetition and should not use this form. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities... Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, *198 including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. By filing this answer and waiver, you are agreeing to any requests in the petition regarding division of assets and liabilities.
Final Judgment... You should receive a copy of the Final Judgment in the mail. If, for some reason you do not, you should call the clerks office to request a copy. It is important for you to review a copy of the Final Judgment in your case to see what happened and to know what you must do and what you are entitled to receive.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (03/09)
 IN THE CIRCUIT COURT OF THE ____________________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
________________________________________,
 Petitioner,
 and
________________________________________,
 Respondent.

ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
I, {full legal name} ___________, Respondent, being sworn, certify that the following information is true:
1. Respondent answers the Petition for Dissolution of Marriage filed in this action and admits all the allegations. By admitting all of the allegations in the petition, respondent agrees to all relief requested in the petition including any requests regarding parenting and time-sharing, child support, alimony, distribution of marital assets and liabilities, and temporary relief.
2. Respondent waives notice of hearing as well as all future notices in connection with the Petition for Dissolution of Marriage, as filed. Respondent also waives appearance at the final hearing.
3. Respondent requests that a copy of the Final Judgment of Dissolution of Marriage entered in this case be forwarded to Respondent at the address below.

*199 4. If this case involves minor child(ren), a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.
A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is filed with this answer.
I certify that a copy of this document was [&check; one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date} _______________________________________________________________________.
Other party or his/her attorney:
Name: ____________________________
Address: _________________________
City, State, Zip: ________________
Fax Number: ______________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and waiver and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _____________________ ________________________________________
 Signature of Respondent
 Printed Name: __________________________
 Address: _______________________________
 City, State, Zip: ______________________
 Telephone Number: ______________________
 Fax Number: ____________________________
STATE OF FLORIDA
COUNTY OF _____________________
Sworn to or affirmed and signed before me _________ on by _________________.
 _____________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced _______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______________________________________, a nonlawyer, located at {street} ______________________, {city} ___________________, {state} ________, {phone} ________, helped {name} ________________________, who is the respondent, fill out this form.
*200 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(b), ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE (03/09)

When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage and you wish to admit or deny all of the allegations in the petition but you do not plan to file a counterpetition seeking relief. You can use this form to answer any petition for dissolution of marriage, whether or not there are minor child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. This must be done within 20 days of receiving the petition.

What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. You have 20 days to answer after being served with the other party's petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED... If you file an answer that agrees with everything in the other party's petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the final hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If you file an answer which disagrees with or denies anything in the petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party's income, you may file this *201 worksheet after his or her financial affidavit has been served on you).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-sharing... If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to the entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You *202 must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a counterpetition. Florida Supreme Court Approved Family Law Form 12.903(c)(1) (with dependent or minor child(ren)), or Florida Supreme Court Approved Family Law Form 12.903(c)(2) (no dependent or minor child(ren)). If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).
Marital/Nonmarital Assets and Liabilities... Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including child support, any parenting plan and time-sharing schedule, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), or, if there are no dependent or minor child(ren), Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.
Marital Settlement Agreement... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), and Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and *203 your spouse reach an agreement on all of the issues, the judge may use Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2), or Final Judgment of Dissolution of Marriage with No Property and No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (03/09)
 IN THE CIRCUIT COURT OF THE _______________________ JUDICIAL CIRCUIT,
 IN AND FOR _______________________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
_______________________________________
 Petitioner,
 and
_______________________________________,
 Respondent.

ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE
I, {{full legal name} _____________, Respondent, being sworn, certify that the following information is true:
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} ____________________________________________________________________________________________________________ ____________________________________________________________________________________________________________
2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those allegations: {indicate section and paragraph number} ___________________________________________________________________________________________________________ ___________________________________________________________________________________________________________
3. I currently am unable to admit or deny the allegations raised in the following paragraphs due to lack of information: {indicate section and paragraph number} __________________________________ ________________________________________________________________________________________________________

*204 4. If this case involves a dependent or minor child(ren), a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.
5. If this case involves a dependent or minor child(ren), a completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is [&check; one only] () filed with this answer or () will be filed after the other party serves his or her financial affidavit.
6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.
7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), [&check; one only] () is filed with this answer or () will be timely filed.
I certify that a copy of this document was [&check; one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date} __________________________________________________________________________.
Petitioner or his/her attorney:
Name: ______________________________
Address: ___________________________
City, State, Zip: __________________
Fax Number: ________________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: __________________ ______________________________________
 Signature of Respondent
 Printed Name: ________________________
 Address: _____________________________
 City, State, Zip: ____________________
 Telephone Number: ____________________
 Fax Number: __________________________
STATE OF FLORIDA
COUNTY OF ________________
Sworn to or affirmed and signed before me on _________ by _________________.
 _____________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ________________________________, a nonlawyer, located at {street} ______________, {city} _____________________, {state} __________, {phone} _________, helped {name} _______________, who is the respondent, fill out this form.
*205 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(1), ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (03/09)

When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage with dependent or minor child(ren) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to answer after being served with the other party's petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
UNCONTESTED... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d)

*206  Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida drivers license, Florida identification card, or voters registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you have reached an agreement on any or all of the issues.
 Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) or Supervised/Safety Focused Parenting Plan, Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Parenting Plan and Time-Sharing... If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing

*207  No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities... Florida law requires an equitable distribution of marital assets and marital liabilities. Equitable does not necessarily mean equal. Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-marital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Parenting Plan... In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), or a Supervised/Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. A Parenting Plan will be established by the court.
Temporary Relief... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
*208 Marital Settlement Agreement... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/09)
 IN THE CIRCUIT COURT OF THE __________________________ JUDICIAL CIRCUIT,
 IN AND FOR ________________________ COUNTY, FLORIDA
 Case No.: _____________________________
 Division: _____________________________
___________________________________________
 Petitioner/Counter respondent,
 and
__________________________________________,
 Respondent/Counter petitioner.

ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
I, {full legal name} ______________, Respondent, being sworn, certify that the following information is true:

ANSWER TO PETITION

*209 1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} ________________________________________________________________________________________________________________ ________________________________________________________________________________________________________________.
2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those allegations: {indicate section and paragraph number} ________________________________________________________________________________________________________________ ________________________________________________________________________________________________________________.
3. I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _______________________________________________________________ ________________________________________________________________________________________________________________.

COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN)
1. JURISDICTION/RESIDENCE () Husband () Wife () Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. Petitioner [&check; one only] () is () is not a member of the military service. Respondent [&check; one only] () is () is not a member of the military service.
3. MARRIAGE HISTORY
 Date of marriage: {month, day, year} _________________________________
 Place of marriage: {city, state, country} ____________________________
 Date of separation: {month, day, year} ________________ (indicate if approximate)
4. DEPENDENT OR MINOR CHILD(REN)
[&check; all that apply]
 a. ____ The wife is pregnant. Baby is due on: {date} ___________________
 b. ____ The minor (under 18) child(ren) common to both parties are:
 Name Place of Birth Birth date Sex
 _________________ ______________ _______________ _________
 _________________ ______________ _______________ _________
 _________________ ______________ _______________ _________
 _________________ ______________ _______________ _________
 _________________ ______________ _______________ _________
 _________________ ______________ _______________ _________
c. ____ The minor child(ren) born or conceived during the marriage who are not common to both parties are:
 Name Place of Birth Birth date Sex
 _________________ ______________ _______________ _________
 _________________ ______________ _______________ _________
The birth father(s) of the above minor child(ren) is (are) {name and address} ______________ __________________________________________________________________________________________________________
d. ____ The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:
 Name Place of Birth Birth date Sex
 _________________ ______________ _______________ _________
 _________________ ______________ _______________ _________
5. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this counterpetition. You must complete and attach this form in a dissolution of marriage with minor child(ren).
6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

*210 7. This counterpetition for dissolution of marriage should be granted because:
[one only]
 a. ____ The marriage is irretrievably broken.
 b. ____ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior
 to the filing of this counterpetition. A copy of the Judgment of Incapacity is attached.

SECTION I. MARITAL ASSETS AND LIABILITIES
[one only]
 1. ____ There are no marital assets or liabilities.
 2. ____ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are
 (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form
 12.902(b) or (c), to be filed in this case.
 [all that apply]
 a. ____ All marital assets and liabilities have been divided by a written agreement between the
 parties, which is attached to be incorporated into the final judgment of dissolution of
 marriage. (The parties may use Marital Settlement Agreement for Dissolution of
 Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family
 Law Form 12.902(f)(1).
 b. ____ The Court should determine how the assets and liabilities of this marriage are to be
 distributed, under section 61.075, Florida Statutes.
 c. ____ Respondent should be awarded an interest in Petitioner's property because: ______
 __________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________

SECTION II. SPOUSAL SUPPORT (ALIMONY)
[one only]
 1. ____ Respondent forever gives up his/her right to spousal support (alimony) from Petitioner.
 2. ____ Respondent requests that the Court order Petitioner to pay the following spousal support
 (alimony) and claims that he or she has a need for the support that he or she is requesting
 and Petitioner has the ability to pay that support. Spousal support (alimony) is requested
 in the amount of $_______ every () week () other week () month, beginning {date} __________
 and continuing until {date or event} ______________.
Explain why the Court should order Petitioner to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, and/or lump sum): _________________________________________________ __________________________________________________________________________________________________________ __________________________________________________________________________________________________________ __________________________________________________________________________________________________________ __________________________________________________________________________________________________________ __________________________________________________________________________________________________________ __________________________________________________________________________________________________________ __________________________________________________________________________________________________________ __________________________________________________________________________________________________________ [if applies] () Respondent requests life insurance on Petitioner's life, provided by Petitioner, to secure such support.

SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING
1. The minor child(ren) currently reside(s) with () Mother () Father () Other: {explain} __________________________________________________________________________________________________________
2. Parental Responsibility. It is in the child(ren)'s best interests that parental responsibility be:
[one only]
 a. ____ shared by both Father and Mother.
 b. ____ awarded solely to () Father () Mother. Shared parental responsibility would be
 detrimental to the child(ren) because: _________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
3. Parenting Plan and Time-Sharing. It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that () includes () does not include parental time-sharing with the child(ren). The Respondent states that it is in the best interests of the child(ren) that: (Choose only one)
*211
a. ___ The attached proposed Parenting Plan should be adopted by the court. The parties ()
 have () have not agreed to the Parenting Plan.
b. ___ The court should establish a Parenting Plan with the following provisions:
 [] No time-sharing for the ___ Husband ___ Wife.
 [] Limited time-sharing with the ___ Husband ___ Wife.
 [] Supervised time-sharing for the ___ Husband ___ Wife.
 [] Supervised or third-party exchange of the child(ren).
 [] Time-sharing as follows: ______________________________________________________
______________________________________________________________________________________
______________________________________________________________________________________
Explain why this request is in the best interests of the child(ren): _________________
______________________________________________________________________________________
______________________________________________________________________________________
______________________________________________________________________________________
______________________________________________________________________________________
______________________________________________________________________________________

SECTION IV. CHILD SUPPORT [&check; all that apply]
1. ___ Respondent requests that the Court award child support as determined by Florida's child
 support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines
 Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed.
 Such support should be ordered retroactive to:
 a. ___ the date of separation {date} __________.
 b. ___ the date of the filing of this petition.
 c. ___ other {date} _______ {explain} ___________________________________
 ________________________________________________________________________________________
2. ___ Respondent requests that the Court award child support to be paid beyond the age of 18
 years because:
 a. ___ the following child(ren) {name(s)} ____________________________________________
 ________________________________________________________________________________________
 is (are) dependent because of a mental or physical incapacity which began before the age
 of 18. {explain} ______________________________________________________________
 b. ___ the following child(ren) {name(s)} ________________ is (are) dependent in fact and is
 (are) in high school while he/she (they) are between the ages of 18 and 19; said child(ren)
 is (are) performing in good faith with reasonable expectation of graduation before the age
 of 19.
3. ___ Respondent requests that the Court award a child support amount that is more than or less
 than Florida's child support guidelines. Respondent understands that Motion to Deviate
 from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943,
 must be filed before the court will consider this request.
4. ___ Respondent requests that medical/dental insurance coverage for the minor child(ren) be
 provided by:
 [&check; one only]
 a. ___ Father.
 b. ___ Mother.
5. ___ Respondent requests that uninsured medical/dental expenses for the child(ren) be paid:
 [&check; one only]
 a. ___ by Father.
 b. ___ by Mother.
 c. ___ by Father and Mother each paying one-half.
 d. ___ according to the percentages in the Child Support Guidelines Worksheet, Florida Family
 Law Rules of Procedure Form 12.902(e).
 e. ___ Other {explain}: _________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
6. ___ Respondent requests that life insurance to secure child support be provided by:
 a. ___ Father.
 b. ___ Mother.
 c. ___ Both.

SECTION V. OTHER
*212
1. [If Respondent is also the Wife, &check; one only] () yes () no Respondent/Wife wants to be known by
 her former name, which was {full legal name} ____________________________________________________.
2. Other relief {specify}: _________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
_____________________________________________________________________________________________________________
SECTION VI. RESPONDENT'S/COUNTERPETITIONER'S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
Respondent requests that the Court enter an order dissolving the marriage and: [&check; all that apply]
1. ___ distributing marital assets and liabilities as requested in Section I of this petition;
2. ___ awarding spousal support (alimony) as requested in Section II of this petition;
3. ___ adopt or establish a Parenting Plan containing provisions for parental responsibility and
 time-sharing for the dependent or minor child(ren) common to both parties, as requested in
 Section III of this petition;
4. ___ establishing child support for the dependent or minor child(ren) common to both parties, as
 requested in Section IV of this petition;
5. ___ restoring Wife's former name as requested in Section V of this petition;
6. ___ awarding other relief as requested in Section V of this petition; and any other terms the
 Court deems necessary.
I certify that a copy of this document was [&check; one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date} __________________________________________________________________
Petitioner or his/her attorney:
Name: ____________________________________
Address: _________________________________
City, State, Zip: ________________________
Fax Number: ______________________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: __________________________ ____________________________________________________________
 Signature of Respondent/Counterpetitioner
 Printed Name: ______________________________________________
 Address: ___________________________________________________
 City, State, Zip: __________________________________________
 Telephone Number: __________________________________________
 Fax Number: ________________________________________________
STATE OF FLORIDA
COUNTY OF _____________
Sworn to or affirmed and signed before me on ________ by _______________________________________.
 ________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ________________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ______________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ___________________________________, a nonlawyer, located at {street} _____________, {city} ___________________________, {state} _____, {phone} ______, helped {name} _____________________________, *213 who is the respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(e), ANSWER TO SUPPLEMENTAL PETITION (03/09)

When should this form be used?
This form should be used when you are responding to a supplemental petition for modification of Parenting Plan, time-sharing schedule, child support, or alimony. This form is used to admit or deny all of the allegations in the supplemental petition if you do not plan to file a counterpetition. There is no form for a counterpetition to a supplemental petition in these Family Law Forms. If you want to file a counterpetition to a supplemental petition you will need to either seek legal assistance or create a form yourself. You may construct an answer and counterpetition using the pertinent sections contained in the Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(1), or Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(2).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the case was filed and keep a copy for your records. This must be done within 20 days of receiving the supplemental petition.

What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. Regardless of whether you file a counterpetition, you have 20 days to answer after being served with the other party's supplemental petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED ... If you file an answer that agrees with everything in the other party's supplemental petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If you file an answer which disagrees with or denies anything in the supplemental petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. If you request the hearing, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

*214 Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves child(ren).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if child support is an issue. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with [Property but] No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time you file your answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time of you file your answer, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-Sharing... If you and your spouse are unable to agree about a Parenting Plan a judge will decide for you as part of establishing a parenting plan. The judge will decide the parenting and time-sharing arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. A parenting course must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
*215 Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
Shared Parental Responsibility
Sole Parental Responsibility
Supervised Time-Sharing
No contact
Parenting Plan
Parenting Plan Recommendation
Time-Sharing Schedule
Child Support... If this case involves child support issues, the court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief... If you need temporary relief regarding parental responsibility and time-sharing with child(ren), child support or alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a) or, if you need temporary relief regarding alimony and there are no dependent or minor child(ren), you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.
Settlement Agreement... If you and the other party are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing, Florida Supreme Court Approved Family Law Form 12.993(a), a Supplemental Final Judgment Modifying *216 Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), and a Supplemental Final Judgment Modifying Alimony, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use, as appropriate. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (03/09)
 IN THE CIRCUIT COURT OF THE _______________________ JUDICIAL CIRCUIT,
 IN AND FOR _______________________ COUNTY, FLORIDA
 Case No.: _______________________________
 Division: _______________________________
________________________________,
 Petitioner,
 and
________________________________,
 Respondent.

ANSWER TO SUPPLEMENTAL PETITION
I, {full legal name} __________________, being sworn, certify that the following information is true:
1. ___ I agree with Petitioner as to the allegations raised in the following numbered paragraphs in
 the Supplemental Petition and, therefore, admit those allegations: {indicate section and
 paragraph number} ________________________________________________________________________________
2. ___ I disagree with Petitioner as to the allegations raised in the following numbered paragraphs
 in the Supplemental Petition and, therefore, deny those allegations: {indicate section and
 paragraph number} _________________________________________________________________________________
3. ___ I currently am unable to admit or deny the following paragraphs due to lack of information:
 {indicate section and paragraph number} _______________________________________________________
4. ___ A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c), is, or will be, filed.
5. ___ A completed Notice of Social Security Number, Florida Supreme Court Approved Family
 Law Form 12.902(j), is filed with this answer, if one has not been previously filed in this case.
[&check; if applies]
6. ___ This case involves minor child(ren), and a completed Uniform Child Custody Jurisdiction and
 Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form
 12.902(d), is filed with this answer.
*217
7. ___ This case involves child support, and a completed Child Support Guidelines Worksheet,
 Florida Family Law Rules of Procedure Form 12.902(e), is filed or will be filed with the
 court.
I certify that a copy of this document was [&check; one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date} __________________________________________________________________________.
Petitioner or his/her attorney:
Name: ________________________________
Address: _____________________________
City, State, Zip: ____________________
Fax Number: __________________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _________________________________ _______________________________________________
 Signature of Respondent
 Printed Name: _________________________________
 Address: ______________________________________
 City, State, Zip: _____________________________
 Telephone Number: _____________________________
 Fax Number: ___________________________________
STATE OF FLORIDA
COUNTY OF __________________
Sworn to or affirmed and signed before me on _______ by ___________________________________.
 ______________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ______________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
___ Personally known
___ Produced identification
 Type of identification produced _______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks]
I, {full legal name and trade name of nonlawyer} ____________________, a nonlawyer, located at {street} ___________, {city} ____________, {state} __________, {phone} _________, helped {name} ________, who is the respondent, fill out this form.

*218 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (03/09)
When should this form be used?
This form may be used to ask the court to enter a support order if you and your spouse are separated, and your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so. You can only use this form if a dissolution of marriage has not been filed and based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition cannot address the issues of property, debts, or parental responsibility and time-sharing with child(ren). It only deals with alimony and child support.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), after striking through "for Dissolution of Marriage" and inserting "for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)." If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT. If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved *219 Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.09, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form you must also file the following:
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final *220 judgment. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief. If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Final Judgment Form. These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/09)
 IN THE CIRCUIT COURT OF THE ________________ JUDICIAL CIRCUIT,
 IN AND FOR ______________ COUNTY, FLORIDA
 Case No.: ___________________________
*221
 Division:___________________________________________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
 PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE
 WITH DEPENDENT OR MINOR CHILD(REN)
 I, {full legal name} ___________________________, the [one only] () Husband () Wife,
 being sworn, certify that the following statements are true:
 1. JURISDICTION
 () Husband () Wife () Both live in Florida at the filing of this Petition for Support Unconnected
 with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.
 2. Petitioner [one only] () is () is not a member of the military service.
 Respondent [one only] () is () is not a member of the military service.
 3. MARRIAGE HISTORY
 a. Date of marriage: {month, day, year} _________________________________________________________________
 b. Place of marriage: {city, state, country} ____________________________________________________________
 c. Date of separation: {month, day, year}_____________ (___ &check; if approximate)
 4. MINOR CHILD(REN)
 [all that apply]
 a. ___ The wife is pregnant. The baby is due on: {date}__________________________________________________
 b. ___ The minor (under 18) child(ren) common to both parties are:
 Name Place of Birth Birth date Sex
 ____________________________________ ______________________________ _________________________ __________
 ____________________________________ ______________________________ _________________________ __________
 ____________________________________ ______________________________ _________________________ __________
 ____________________________________ ______________________________ _________________________ __________
 c. The minor child(ren) born or conceived during the marriage who are not common to both
 parties are:
 Name Place of Birth Birth date Sex
 _____________________________________ ______________________________ _________________________ __________
 _____________________________________ ______________________________ _________________________ __________
 The birth father(s) of the above minor child(ren) is (are) {name and address} ____________________________
 ___________________________________________________________________________________________________________________
 d. ____ The child(ren) common to both parties who are 18 or older but who are dependent upon
 the parties due to a mental or physical incapacity are:
 Name Place of Birth Birth date Sex
 _____________________________________ ______________________________ _________________________ __________
 _____________________________________ ______________________________ _________________________ __________
 5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law
 Form 12.902(j), is filed with this petition.
 6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c), is, or will be, filed.
 7. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form
 12.902(e), is, or will be, filed.
 8. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,
 Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
*222
 SECTION I. SPOUSAL SUPPORT (ALIMONY)
 [one only]
 1. ____ Petitioner does not request spousal support (alimony) from Respondent at this time.
 2. ____ Respondent has the ability to contribute to the maintenance of Petitioner and has failed to
 do so. Petitioner requests that the Court order Respondent to pay the following spousal
 support (alimony) and claims that he or she has a need for the support that he or she is
 requesting. Spousal support (alimony) is requested in the amount of $________________________________________
 every () week () other week () month, beginning {date} __________________, and continuing
 until {date or event}________________________________________________________________________________________
 Explain why the Court should order Respondent to pay and any specific request(s) for type
 of alimony (temporary, permanent, rehabilitative, and/or lump sum):__________________________________________
 _____________________________________________________________________________________________________________
 _____________________________________________________________________________________________________________
 _____________________________________________________________________________________________________________
 _____________________________________________________________________________________________________________
 _____________________________________________________________________________________________________________
 _____________________________________________________________________________________________________________
 _____________________________________________________________________________________________________________
 [&check; if applies] () Petitioner requests life insurance on Respondent's life, provided by
 Respondent, to secure such support.
 SECTION II. CHILD SUPPORT
 Respondent has the ability to contribute to the maintenance of his or her minor child(ren)
 and has failed to do so. Based upon the time-schedule, the Petition is entitled to child
 support.
 [all that apply]
 1. ____ Petitioner requests that the Court award child support as determined by Florida's child
 support guidelines, section 61.30, Florida Statutes.
 2. ____ Petitioner requests that the Court award child support to be paid beyond the age of 18
 years because:
 a. ____ the following child(ren), {name(s)}________________, is (are) dependent because of
 a mental or physical incapacity which began prior to the age of 18 {explain}: ___________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 b. ____ the following child(ren), {name(s)} ___________, is (are) dependent in fact and is
 (are) in high school while he/she (they) are between the ages of 18 and 19; said
 child(ren) is (are) performing in good faith with reasonable expectation of graduation
 before the age of 19.
 3. ____ Petitioner requests that medical/dental insurance coverage for the minor child(ren) be
 provided by: [&check; one only]
 a. ____ Father.
 b. ____ Mother.
 4. ____ Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid:
 [one only]
 a. ____ by father.
 b. ____ by mother.
 c. ____ by Father and Mother each paying one-half.
 d. ____ according to the percentages in the Child Support Guidelines Worksheet, Florida Family
 Law Rules of Procedure Form 12.902(e).
 e. ____ Other {explain}: __________________________________________________________________________________
 ____________________________________________________________________________________________________________
 ____________________________________________________________________________________________________________
 5. ____ Petitioner requests that life insurance to secure child support be provided by:
 a. ____ Father.
 b. ____ Mother.
 c. ____ Both.
 SECTION III. OTHER RELIEF
 ____________________________________________________________________________________________________________________
 ____________________________________________________________________________________________________________________
*223
 ____________________________________________________________________________________________________________________
 ____________________________________________________________________________________________________________________
 ____________________________________________________________________________________________________________________
 SECTION IV. PETITIONER'S REQUEST (This section summarizes what you are asking the
 Court to include in the order for support.)
 Petitioner requests that the Court enter an order establishing support and:
 [all that apply]
 a. ____ awarding spousal support (alimony) as requested in Section I of this petition;
 b. ____ establishing child support for the minor child(ren) common to both parties, as requested
 in Section II of this petition;
 c. ___ awarding other relief as requested in Section III of this petition; and any other terms
 the Court deems necessary.
 I understand that I am swearing or affirming under oath to the truthfulness of the claims made
in this petition and that the punishment for knowingly making a false statement includes fines
and/or imprisonment.
Dated:__________________________________ _________________________________________________________________________
 Signature of Petitioner
 Printed Name:____________________________________________________________
 Address:_________________________________________________________________
 City, State, Zip:________________________________________________________
 Telephone Number:________________________________________________________
 Fax Number:______________________________________________________________
STATE OF FLORIDA
COUNTY OF____________
Sworn to or affirmed and signed before me on_________ by_______________________________________________________________.
 _______________________________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _______________________________________________________________________________________
 [Print, type, or stamp commissioned name of notary or deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced___________________________________________________________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer}_____________________________________________________________,
a nonlawyer, located at {street} _________________ {city} __________________________________________,
{state} ________, {phone} ________, helped {name} _________________________________________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(a), SUPPLEMENTAL PETITION TO MODIFY PARENTING PLAN/TIME-SHARING SCHEDULE AND OTHER RELIEF (03/09)

When should this form be used?
This form should be used when you are asking the court to change the current Parenting Plan/time-sharing schedule. The court can change the Parenting Plan/time-sharing schedule if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)'s best interests.
This form should be typed or printed in black ink. After completing this form, you *224 should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a dissolution of marriage, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days *225 using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a). If the parties have reached an agreement, the Parenting Plan should be signed by both parties. If you have not reached an agreement, a proposed Parenting Plan may be filed. If this case involves a request for relocation of a minor child, pursuant to section 61.13001, Florida Statutes, a proposed Parenting Plan must be attached.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-Sharing. If you and the respondent are unable to agree a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting and time-sharing arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
*226 Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief. If you need temporary relief regarding parental responsibility and time-sharing with child(ren), or temporary child support, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement. If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form. These family law forms contain a Supplemental Final Judgment Modifying, Parenting Plan/Time-Sharing schedule, Florida Supreme Court Approved Family Law Form 12.993(a), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms *227 also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parenting Plan/Time-Sharing Schedule and Other Relief (03/09)
 IN THE CIRCUIT COURT OF THE______________ JUDICIAL CIRCUIT,
 IN AND FOR____________ COUNTY, FLORIDA
 Case No.:________________________________________________________
 Division:________________________________________________________
____________________________________________,
 Petitioner,
 and
___________________________________________,
 Respondent.
 SUPPLEMENTAL PETITION TO MODIFY
 PARENTING PLAN/TIME-SHARING SCHEDULE AND OTHER RELIEF
 I, {full legal name} ________________, being sworn, certify that the following information
is true:
 1. The parties to this action were granted a final judgment of () dissolution of marriage () paternity on
 {date} _____________ A copy of the final judgment and any modification(s) is attached.
 2. Paragraph(s)________________ of the () final judgment or () most recent modification thereof
 describes the present Parenting Plan/Time-Sharing schedule.
 3. Since the final judgment or last modification thereof, there has been a substantial change in
 circumstances, requiring a modification of the Parenting Plan/Time-Sharing schedule. Those
 substantial changes are as follows: {explain}
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 4. I ask the Court to modify the () Parenting Plan () Time-Sharing schedule as follows: {explain}
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 5. This modification is in the best interests of the child(ren) because: {explain}__________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
*228
 6. If the requested modification is granted, Petitioner requests that child support be modified,
 consistent with the modification of the Parenting Plan/Time-Sharing schedule. A Child Support
 Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed.
7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c), is, or will be, filed.
8. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida
 Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
9. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme
 Court Approved Family Law Form 12.902(j), is filed with this petition.
10. Other:_____________________________________________________________________________________________________________
 ___________________________________________________________________________________________________________________
 ___________________________________________________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
 made in this petition and that the punishment for knowingly making a false statement
 includes fines and/or imprisonment.
Dated: _____________________________________ ______________________________________________________________________
 Signature of Petitioner
 Printed Name:_________________________________________________________
 Address:______________________________________________________________
 City, State, Zip:_____________________________________________________
 Telephone Number:_____________________________________________________
 Fax Number:___________________________________________________________
STATE OF FLORIDA
COUNTY OF_______________________
Sworn to or affirmed and signed before me on ________ by_______________________________________________________________
 ___________________________________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ___________________________________________________________________________________________
 Print, type, or stamp commissioned name of notary or deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced_____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________________________________________,
a nonlawyer, located at {street} ____________, {city}________________________________________________,
{state} ________, {phone} ________, helped {name}___________________________________________,
who is the petitioner, fill out this form.

*229 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(b), SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT (03/09)

When should this form be used?
This form should be used when you are asking the court to change a current court-ordered child support obligation. The court can change a child support order if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)'s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family *230 Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both *231 parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding child support, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement ... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (03/09)
 IN THE CIRCUIT COURT OF THE______________ JUDICIAL CIRCUIT,
 IN AND FOR_______________COUNTY, FLORIDA
 Case No.:______________________________________________________________
 Division:______________________________________________________________
__________________________________________,
 Petitioner,
 and
_________________________________________,
 *232
 
 Respondent.
 SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT
 I, {full legal name}_________________, being sworn, certify that the following information is
true:
 1. The parties to this action were granted a final judgment () of dissolution of marriage () of
 paternity () for support unconnected with a dissolution of marriage on {date} ________________. A copy
 of the final judgment and any modification(s) is attached.
 2. Paragraph(s)__________ of the () final judgment or () most recent modification thereof establishes
 the present child support at $_______ every () week () other week () month, beginning
 on {date}___________.
 3. Since the final judgment or most recent modification thereof, there has been a substantial change
 in circumstances, requiring a modification in child support. This change in circumstance is as
 follows: {explain}____________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 4. I ask the Court to modify child support as follows: {explain}__________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 5. This change is in the best interests of the child(ren) because: {explain}________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 __________________________________________________________________________________________________________________
 6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c), is, or will be, filed.
 7. If not previously filed in this case, a completed Notice of Social Security Number, Florida
 Supreme Court Approved Family Law Form 12.902(j), is filed.
 8. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),
 is, or will be, filed.
 9. Other:___________________________________________________________________________________________________________
 _________________________________________________________________________________________________________________
 _________________________________________________________________________________________________________________
 _________________________________________________________________________________________________________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
*233
Dated:______________________ ______________________________________________________________________________________
 Signature of Petitioner
 Printed Name:_________________________________________________________________________
 Address:______________________________________________________________________________
 City, State, Zip:_____________________________________________________________________
 Telephone Number:_____________________________________________________________________
 Fax Number:___________________________________________________________________________
STATE OF FLORIDA
COUNTY OF ________________
Sworn to or affirmed and signed before me on_______ by ________________________________________________________________
 _______________________________________________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _______________________________________________________________________________________________________
 [Print, type, or stamp commissioned name of notary or deputy clerk.]
____ Personally known
____ Produced identification
____ Type of identification produced______________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer}______________________________________________________________,
a nonlawyer, located at {street}_____________________, {city}________________________________________,
{state}________, {phone}_______, helped {name} _____________________________________________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(d), SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE (03/09)

When should this form be used?
This form should be used when a parent seeks a temporary modification of an order establishing custody, visitation, a parenting plan or time-sharing schedule because the parent is activated, deployed, or temporarily assigned to military service and the parent's ability to comply with the prior order (s) and time-sharing schedule and is materially affected.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting dissolution of marriage, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum *234 for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.13002, Florida Statutes.

Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)

*235  Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a) or (b). If the parties have reached an agreement, a signed and notarized Parenting Plan should be attached. If you have not reached an agreement, a proposed Parenting Plan may be filed. If this involves relocation of minor child(ren) pursuant to section 61.13001, Florida Statutes, a Parenting Plan must be attached.
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Temporary Judgment Form ... These family law forms contain a Supplemental Temporary Judgment Modifying Parenting Issues for Children of a Parent Activated, Deployed or Temporarily Assigned to Military Service Florida Supreme Court Approved Family Law Form 12.993(d)), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (03/09)
 IN THE CIRCUIT COURT OF THE_______________JUDICIAL CIRCUIT,
 IN AND FOR_____________________COUNTY, FLORIDA
 Case No.:___________________________________________________________
 Division:___________________________________________________________
____________________________________,
 Petitioner,
 and
*236
____________________________________,
 Respondent.
 SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING
 ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY
 ASSIGNED TO MILITARY SERVICE
 I, {full legal name}____________________, being sworn, certify that the following information is
true:
 1. The parties to the action, {names}______________, were granted a final judgment of
 [one only] () dissolution of marriage () paternity on {date}___________. A copy/copies of the
 final judgment or any modification(s) is/are attached.
 2. Paragraph(s)____________ of the [&check; one only] () final judgment or () most recent modification of
 it grants custody or time-sharing of the minor child(ren), {name(s)}__________________________________
 with {name of parent} ________________________________________________________________________________
 3. The parent, {name}_____________, is [all that apply] () activated () deployed ()
 temporarily assigned to military service.
 4. The parent, {name}_____________, is temporarily unable to continue the current
 parenting plan and time-sharing schedule with the minor child(ren) during the period of time that
 the parent is [&check; all that apply] () activated () deployed () temporarily assigned to military
 service.
 5. I ask the court to temporarily modify/amend the parental responsibility and time-sharing
 schedule of the minor child(ren) during the period of time that the parent, {name}
 _____________, is [&check; all that apply] () activated () deployed () temporarily assigned to
 military service as follows: {explain}________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 6. This temporary modification/amendment is in the best interest of the child(ren) because
 {explain} ____________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 7. I ask that the court adopt () the attached temporary Parenting Plan () time-sharing schedule set
 forth below during the time that the parent is [all that apply] () activated () deployed ()
 temporarily assigned to military service:______________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 8. If the requested modification/amendment is granted, Petitioner requests that child support be
 temporarily modified/amended, consistent with the temporary modification/amendment of the
 Parenting Plan and time-sharing schedule. A Child Support Guidelines Worksheet, Florida
 Family Law Rules of Procedure Form 12.902(e) is, or will be, filed.
 9. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c) is filed with this Petition.
 10. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,
 Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
 11. Other:_________________________________________________________________________________________________________
 a. ____________________________________________________________________________________________________________
 b. ____________________________________________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims made
in this petition and that punishment for knowingly making a false statement includes fines and/or
imprisonment.
*237
Dated:_________________________________________________________ ___________________________________________________
 Signature of Petitioner
 Printed Name:______________________________________
 Address:___________________________________________
 City, State, Zip:__________________________________
 Telephone Number:__________________________________
 Fax Number:________________________________________
STATE OF FLORIDA
COUNTY OF__________________
Sworn to or affirmed and signed before me on __________ by ____________________________________________________________.
 _______________________________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _______________________________________________________________________________________
 [Print, type or stamp commissioned name of notary or clerk]
____ Personally known
____ Produced identification
 Type of identification produced___________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer}______________________________________________________________,
a nonlawyer, located at {street} _________________________________________, {city} __________________,
{state}___________, {phone}______________, helped {name} ___________________________________,
who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.940(d), MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION (03/09)

When should this form be used?
If a temporary injunction, either ex parte or after a hearing, has been entered against you, you may use this form to ask the court to modify or dissolve that injunction.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the injunction was entered and keep a copy for your records. You should ask the clerk to process your motion through their emergency procedures. A hearing will be held within 5 working days. You should ask for the date and time of your hearing and should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and send a copy to the other party.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party, along with a notice of hearing.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

Special notes ...
With this form you must also file the following, if you have not already done so:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, *238 Florida Supreme Court Approved Family Law Form 12.902(d), if the parental responsibility or time-sharing of a minor child(ren) is at issue.
Order ... These family law forms contain an Order Dissolving Temporary Injunction, Florida Supreme Court Approved Family Law Form 12.940(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.940(d), Motion to Modify or Dissolve Temporary Injunction (03/09)
 IN THE CIRCUIT COURT OF THE______________________________JUDICIAL CIRCUIT,
 IN AND FOR__________________________________ COUNTY, FLORIDA
 Case No.:__________________________________________________
 Division:__________________________________________________
________________________________________________,
 Petitioner,
 and
________________________________________________,
 Respondent.
 MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION
 () Petitioner () Respondent requests the Court to enter an order () dissolving the temporary
injunction issued in the above styled case () modifying the temporary injunction issued in the above
styled case in the following manner:___________________________________________________________________________________
_______________________________________________________________________________________________________________________
_______________________________________________________________________________________________________________________.
I am the party against whom this temporary injunction has been granted and under rule 1.610, Florida
Rules of Civil Procedure, I request that a hearing be held within 5 days after the filing of this motion.
 I certify that a copy of this document was [&check; one only] () mailed () faxed and mailed () hand delivered
to the person(s) listed below on {date}____________________.
Other party or his/her attorney:
Name:____________________________________
Address:_________________________________
City, State, Zip:________________________
Fax Number:______________________________
Dated:__________________________________________________________ __________________________________________________
 Signature of Party
 Printed Name:_____________________________________
 Address:__________________________________________
 City, State, Zip:_________________________________
 Telephone Number:_________________________________
 Fax Number:_______________________________________
*239
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________________________________________,
a nonlawyer, located at {street}__________, {city}___________________________________________________,
{state}__________, {phone} ______________, helped {name} ___________________________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this form.
 IN THE CIRCUIT COURT OF THE_____________________JUDICIAL CIRCUIT,
 IN AND FOR______________________COUNTY, FLORIDA
 Case No.:_______________________________________________
 Division:_______________________________________________
___________________________________________________,
 Petitioner,
 and
___________________________________________________,
 Respondent.
 ORDER DISSOLVING TEMPORARY INJUNCTION
 Upon () Petitioner's () Respondent's motion and after hearing, the Court, being fully advised in the
premises,
 ORDERS that the temporary injunction entered on {date}____________in the above-styled case is
hereby dissolved.
 ORDERED on {date}_________________, at {time}_________.
 ______________________________________________________________
 CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
U.S. Department of State
Office of Children's Issues
2201 "C" Street NW
CA/OCS/CI
Washington, D.C. 20520
Fax (202) 736-9133
preventabduction@state.gov

*240 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(a), VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (03/09)

When should this form be used?
You should use this form if you want the court to enter an order that your minor child(ren) is (are) not to be removed from the State of Florida while a case involving parenting or time-sharing is pending, that passport services for the minor child(ren) be prohibited, and/or that existing passports be turned over to you.
This form should be typed or printed in black ink. If you want the court to enter an ex parte order, without giving the other side advance notice of the hearing, you should explain your reasons in paragraph 5 of this form. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where your case is pending and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.

What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriff's office for further assistance. You must have this form and the court's order, served by personal service on the other party. You should read the court's order carefully. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and use personal service to notify the other party of your motion, the court's order, if any, and the hearing.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

Special notes ...
If you have an attorney, your attorney must certify in writing the efforts that have been made to give the other party notice, if no notice is given. The court may require you to post a bond as a condition of the injunction.
With this form you must also file the following, if you have not already done so, and provide a copy to the other party:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
Temporary Injunctions ... These family law forms contain a Temporary Injunction to Prevent Removal of Minor *241 Child(ren) and/or Denial of Passport Services (Ex Parte), Florida Supreme Court Approved Family Law Form 12.941(b), which the judge may use if he or she enters an order without a hearing, and a Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice), Florida Supreme Court Approved Family Law Form 12.941(c), which the judge may use if he or she enters an order after a hearing. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (03/09)
 IN THE CIRCUIT COURT OF THE________________JUDICIAL CIRCUIT,
 IN AND FOR____________________ COUNTY, FLORIDA
 Case No.:_____________________________________________________
 Division:_____________________________________________________
______________________________________________,
 Petitioner,
 and
_______________________________________________,
 Respondent.
 VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL
 OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES
 () Petitioner () Respondent requests the Court to enter a temporary injunction to prevent removal of
the following listed minor child(ren) from the jurisdiction of this Court and deny passport services for the
child(ren) and says:
 1. The minor child(ren) subject to this request is (are):
 Name Birth date
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 2. The child(ren) has (have) been a resident(s) of______ County, Florida since {date} ___________________.
 3. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,
 Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion.
 4. It is in the best interests of the minor child(ren) that the Court order the following:
 [&check; all that apply]
*242
 a. ____ The child(ren) not be removed from the jurisdiction of this Court while litigation is
 pending because:_______________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 b. ____ Passport services for the minor child(ren) be prohibited because:______________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 c. ____ Existing passports for the minor child(ren) be immediately turned over to () Petitioner
 () Respondent because:_________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 5. This motion should be granted () with () without notice to the other party. {If without notice,
 explain why there would be immediate and irreparable harm if the other party is given notice.}
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 WHEREFORE, () Petitioner () Respondent requests the following from the Court:
[&check; all that apply]
 a. ____ enter a temporary injunction to prevent removal of the child(ren) named above from the
 jurisdiction of this Court while this action is pending;
 b. ____ enter an order denying passport services for the minor child(ren);
 c. ____ enter an order requiring that any existing passports for the minor child(ren) be
 immediately delivered to () Petitioner () Respondent;
 d. ____ enter a temporary injunction without notice to the other party.
 I certify that a copy of this document was [one only] () mailed () faxed and mailed () hand delivered to
the person(s) listed below on {date} _________ or () was not delivered to the person(s) listed
below because _________________________________________________________________________________________________________
_______________________________________________________________________________________________________________________
_______________________________________________________________________________________________________________________
_______________________________________________________________________________________________________________________
Other party or his/her attorney:
Name:___________________________________
Address:________________________________
City, State, Zip:_______________________
Fax Number:_____________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims made
in this verified motion and that the punishment for knowingly making a false statement includes
fines and/or imprisonment.
Dated:______________________________________________ ______________________________________________________________
 Signature of Party
 Printed Name:_________________________________________________
 Address:______________________________________________________
 City, State, Zip:_____________________________________________
 Telephone Number:_____________________________________________
 Fax Number:___________________________________________________
STATE OF FLORIDA
COUNTY OF __________________________
Sworn to or affirmed and signed before me on _________________ by _____________________________________________________.
 ________________________________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
*243
 _________________________________________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced________________________________
If the party filing this motion is represented by an attorney, the attorney must complete the
following:
 I, the undersigned attorney for the movant, hereby certify in that the following efforts have been made
to give notice. {if no efforts have been made, why}___________________________________________________________
_______________________________________________________________________________________________________________________
_______________________________________________________________________________________________________________________
_______________________________________________________________________________________________________________________
_______________________________________________________________________________________________________________________
_______________________________________________________________________________________________________________________
_______________________________________________________________________________________________________________________
 _____________________________________________________________________
 Signature
 _____________________________________________________________________
 Florida Bar Number
 _____________________________________________________________________
 Printed Name
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer}______________________________________________________________,
a nonlawyer, located at {street} __________________, {city} _________________________________________,
{state} _____________, {phone} _________, helped {name} ____________________________________,
who is the [&check; one only] ____ petitioner or ____ respondent, fill out this form.
Florida Supreme Court Approved Family Law Form 12.941(b), Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte) (03/09)
 IN THE CIRCUIT COURT OF THE_________________ JUDICIAL CIRCUIT,
 IN AND FOR____________________COUNTY, FLORIDA
 Case No.:________________________________________________
 Division:________________________________________________
__________________________________________________,
 Petitioner,
 and
__________________________________________________,
 Respondent.
 TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN)
 AND/OR DENIAL OF PASSPORT SERVICES (EX PARTE)
 Upon verified motion of () Petitioner () Respondent, the Court has jurisdiction of the parties and the
subject matter and the Court being fully advised, it is ORDERED and ADJUDGED that:
*244
NOTICE OF HEARING
 This Temporary Injunction to Prevent Removal of Child(ren) has been issued without prior notice to
Respondent. Pursuant to Rule 1.610, Florida Rules of Civil Procedure, the other party may file a motion
to dissolve or modify this temporary injunction and a hearing will be scheduled within 5 days of that
motion.
[&check; if applies]
____ If no motion to dissolve is filed, Petitioner and Respondent are instructed that they are scheduled
to appear and testify at a hearing regarding this matter on {date}_________, at________ a.m./p.m., when
the Court will consider whether the Court should continue, modify, or dissolve this Temporary Injunction
to Prevent Removal of Child(ren) and/or Denial of Passport Services, which would remain in effect until
modified or dissolved by the Court, and whether other things should be ordered, including who should
pay the filing fees and costs. The hearing will be before The Honorable {name}____________, at
{room name/number, location, address, city} _______________________________, Florida. If Petitioner and/or
Respondent do (does) not appear, this temporary injunction may be continued in force, extended, or
dismissed, and/or additional orders may be issued, including the imposition of court costs.
 If you are a person with a disability who needs any accommodation in order to participate in this
proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact
{name}______________, {address}________________, {telephone} ___________________, within
2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call
TDD 1-800-955-8771.
FINDINGS
 1. It appears from specific facts shown by verified motion that immediate and irreparable
 injury, loss, or damage will result to the minor child(ren) if a temporary injunction is not
 issued without notice to the other party.
 2. () Petitioner's () Respondent's attorney has certified in writing any efforts made to give
 notice.
 3. The reasons why notice should not be given are:____________________________________________________________
 ___________________________________________________________________________________________________________
 ___________________________________________________________________________________________________________
 ___________________________________________________________________________________________________________
TEMPORARY INJUNCTION
[&check; all that apply]
 1. ____ The following child(ren) shall not be removed from the jurisdiction of this Court during the
 pendency of this proceeding, or until further order of this Court:
 Name Birth date
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 2. ____ () Petitioner () Respondent shall not apply for any passports or passport services on behalf
 of the child(ren).
 3. ____ () Petitioner () Respondent shall immediately deliver any existing passports for the
 child(ren) to {name}_________________________.
 4. The Court may enforce compliance with the terms of this injunction through civil and/or
 indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the
 imposition of a fine.
 5. Violation of this injunction may constitute criminal contempt of court.
 6. Bond.
 a. ____ Bond is waived because this injunction is issued solely to prevent physical injury or
 abuse of a natural person.
 b. ____ This order is conditioned upon () Petitioner () Respondent posting bond in the sum of
 $___________ with the clerk of this Court.
 7. Expiration. This injunction shall remain in effect until the minor child(ren) reach(es) the age
 of 18, until the hearing scheduled herein, if any, or {date} _____, whichever occurs first,
 unless modified by further order of this Court.
*245
ORDERED on {date} ________, at {time} _______.
 _____________________________________________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} __________ was [only one] () mailed () faxed
and mailed () hand delivered to the parties listed below on {date}______ by {clerk of court or
designee}________________________________________________________________________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
U.S. Department of State
Office of Children's Issues
2201 "C" Street NW
CA/OCS/CI
Washington, D.C. 20520
Fax (202) 736-9133
preventabduction@state.gov
Florida Supreme Court Approved Family Law Form 12.941(c), Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice) (03/09)
 IN THE CIRCUIT COURT OF THE________________JUDICIAL CIRCUIT,
 IN AND FOR____________________COUNTY, FLORIDA
 Case No.:__________________________________________________
 Division:__________________________________________________
________________________________________,
 Petitioner,
 and
________________________________________,
 Respondent.
 TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN)
 AND/OR DENIAL OF PASSPORT SERVICES (AFTER NOTICE)
 Upon verified motion of () Petitioner () Respondent, the Court has jurisdiction of the parties and the
subject matter and the Court being fully advised, it is ORDERED and ADJUDGED that:
[all that apply]
1. The following minor child(ren) shall not be removed from the jurisdiction of this Court during the
pendency of this proceeding, or until further order of this Court:
*246
 Name Birth date
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 _______________________________________________________________________________________________________________
 2. () Petitioner () Respondent shall not apply for any passports or passport services on behalf of
 the child(ren).
 3. () Petitioner () Respondent shall immediately deliver any existing passports for the child(ren) to
 {name} _______________________________________________________________________________________________.
 4. The Court may enforce compliance with the terms of this injunction through civil and/or indirect
 criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a
 fine.
 5. Violation of this injunction may constitute criminal contempt of court.
 6. Bond.
 a. Bond is waived because this injunction is issued solely to prevent physical injury or abuse of a
 natural person.
 b. This order is conditioned upon () Petitioner () Respondent posting bond in the sum of
 $______ With the clerk of this Court.
 7. Expiration. This temporary injunction shall remain in effect until the minor child(ren) reaches
 the age of 18, or until {date}___________, not to exceed one year from the date
 of this order, whichever occurs first, unless modified by further order of this Court.
ORDERED on {date}______________, at {time}________________.
 ___________________________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} _________________________ was [only one] () mailed () faxed
and mailed () hand delivered to the parties listed below on {date} ______________ by {clerk of court or
designee}_____________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
U.S. Department of State
Office of Children's Issues
2201 "C" Street NW
CA/OCS/CI
Washington, D.C. 20520
Fax (202) 736-9133
preventabduction@state.gov

*247 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(d), EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER (03/09)

When should this form be used?
You may use this form to request that the court enter an order directing the sheriff or other law enforcement officer to take a minor child(ren) from the person who currently has physical possession of the child(ren) and deliver the child(ren) to your physical custody or possession. This form should only be used in an emergency by a person who has a pre-existing legal right to physical possession of a minor child. This means that you already have a court order awarding you legal custody of or time-sharing with the child(ren) OR you are the birth mother of one or more children born out of wedlock and no court order has addressed any other persons parental rights. Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.
This form should be typed or printed in black ink. This form presumes that you want the court to enter an ex parte order without giving the other side advance notice of the hearing. You should explain your reasons for why such an ex parte order should be entered in paragraph 7 of this form. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original, along with all of the other forms required, with the clerk of the circuit court in the county where the child(ren) is (are) physically located and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.

What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriffs office for further assistance. You must have this form and the courts order served by personal service on the other party. You should read the courts order carefully. The order may require the sheriff to place the child(ren) somewhere other than in your physical possession. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, and use personal service to notify the other party of your motion, the courts order, if any, and the hearing.

Special notes...
With this form you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 A certified copy of the court order showing that you have legal custody of or time-sharing with the child(ren), if any.

*248 OR
A certified copy of the child(ren)'s birth certificate, if you are the birth mother of a child born out of wedlock and no court order addressing paternity exists.
OR
A certified copy of any judgment establishing paternity, time-sharing with or custody of the minor child(ren).
Order... These family law forms contain an Order to Pick-Up Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.941(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-up Order (03/09)
 IN THE CIRCUIT COURT OF THE __________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________ COUNTY, FLORIDA
 Case No.: _________________________
 Division: _________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.

EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER
I, {full legal name} _____________________, being sworn, certify that the following information is true:
1. This is a motion to enforce existing custody or time sharing rights (as an operation of law or court-ordered) regarding the following minor child(ren):
 Name Sex Birth Date Race Physical Description
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
2. Currently, the child(ren) subject to this motion is (are) in the physical possession of {full legal name} _______________________________________ whose address or present physical location is: ___________________________________________ This individuals relationship to the minor child(ren) is:________________________________________________________________________________
3. I () am () am not married to the person named in paragraph 2.

*249 4. Status of minor child(ren). I have a superior right to custody of or time-sharing with the minor child(ren) over the person named in paragraph 2 because:
[&check; all that apply]:
 a. ____ Custody or Time-Sharing has been established by a court. A final judgment or order
 awarding custody or time-sharing of the minor child(ren) was made on {date}
 ______ in {name of court} __________ {case number} ___________. This order
 awarded custody of or specific time-sharing with the minor child(ren) to me. This final
 judgment or order applies to the following minor child(ren): {list name(s) of the
 child(ren) or write "all"} _______________________________________________________
 _______________________________________________________________________________________
 A certified copy of said final judgment or order is attached, has not been modified, and
 is still in effect. [&check; if applies] () This order is an out-of-state court order which is
 entitled to full faith and credit enforcement under the Uniform Child Custody Jurisdiction
 and Enforcement Act and/or the federal Parental Kidnaping Prevention Act.
 b. ____ Custody or time-sharing is established as an operation of law. I am the birth
 mother of the minor child(ren) who was (were) born out of wedlock and there is no final
 judgment or order awarding custody of or time-sharing with the following minor
 child(ren): {list name(s) of the child(ren) or write "all"} ___________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ____ Paternity has not been established. A certified copy of the minor child(ren)'s birth
 certificate is attached and has not been amended.
 ____ Paternity has been established. A certified copy of the final judgment of paternity,
 which shows no award of custody or time-sharing was made, is attached. This order has
 not been changed and is still in effect.
 c. ____ Other: ________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
5. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion.
6. Facts relating to the minor child(ren)'s current situation.
[&check; all that apply]
 a. ____ The person named in paragraph 2 wrongfully removed or wrongfully detained the minor
 child(ren) on {date} ___________ as follows: ____________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 [] Check here if you are attaching additional pages to continue these facts.
 b. ____ I believe that the minor child(ren) is (are) in immediate danger of harm or removal from
 this courts jurisdiction while with the person named in paragraph 2 based on the
 following:
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 c. ____ The current location of the minor child(ren) is:
 () unknown
 () believed to be at the following address(es) with the following people {list both the
 address and the people you believe will be there}: ___________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ____________________________________________________________________________
7. Advance notice of this motion to the individual named in paragraph 2 should not be required because: ___________________________________________________________________________________ ____________________________________________________________________________________________ ____________________________________________________________________________________________ ____________________________________________________________________________________________ ____________________________________________________________________________________________

*250 8. If needed, I can be contacted for notice of an emergency or expedited hearing at the following addresses/locations:__________________________________________________________________________________ Name of Contact Person: ______________________________________________________________________________ Address: _____________________________________________________________________________________________ Telephone number(s) where I (or my designee) can be reached: {give name of individual to call} ______________________________________________________________________________________________________ Name of Contact Person: ______________________________________________________________________________ Address: _____________________________________________________________________________________________ Telephone number(s) where I (or my designee) can be reached: {give name of individual to call} ______________________________________________________________________________________________________
9. Attorneys Fees, Costs, and Suit Monies.
[&check; if applies]
 ____ I have filed this motion because of wrongful acts of the person listed in paragraph two above. I
 request that this Court award reasonable attorneys fees, costs, and suit monies as applicable or
 authorized under Florida law, the UCCJEA, and other legal authorities.
WHEREFORE, I request an Emergency Order to Pick-Up Minor Child(ren), without advance notice, directing all sheriffs of the State of Florida or other authorized law enforcement officers in this state or any other state to pick up the previously named minor child(ren) and deliver them to my physical custody.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made above and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _____________________________________ _______________________________________________
 Signature of Party
 Printed Name: _________________________________
 Address: ______________________________________
 City, State, Zip: _____________________________
 Telephone Number: _____________________________
 Fax Number: ___________________________________
STATE OF FLORIDA
COUNTY OF ______________
Sworn to or affirmed and signed before me on ______ by ________________________________________
 _________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _________________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
___ Personally known
___ Produced identification
 Type of identification produced _____________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _________________________________, a nonlawyer, located at {street} _________________, {city} ___________________, {state} _______, {phone} ______, helped {name} ______________________, who is the [&check; one only] ___ petitioner or ___ respondent, fill out this form.
*251 Florida Supreme Court Approved Family Law Form 12.941(e), Order to Pick-up Minor Child(ren) (03/09)
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR__________________ COUNTY, FLORIDA
 Case No.: ______________________________
 Division: ______________________________
______________________________,
 Petitioner,
 and
______________________________,
 Respondent.

ORDER TO PICK-UP MINOR CHILD(REN)
An Emergency Verified Motion for Child Pick-Up Order has been filed by () Petitioner () Respondent, alleging facts which under existing law are determined to be sufficient to authorize taking into custody the minor child(ren) named below. Based on this motion, this Court makes the following findings, notices, and conclusions:

JURISDICTION
This Court has jurisdiction over issues surrounding the minor child(ren) listed below based on the following:
[all that apply]
 a. ____ This Court exercised and continues to exercise original jurisdiction over the minor
 children listed below under the Uniform Child Custody Jurisdiction and Enforcement
 Act (UCCJEA), specifically, section 61.514, Florida Statutes.
 b. ____ A certified out-of-state custody decree has been presented to this Court with a request
 for full faith and credit recognition and enforcement under the Parental Kidnapping
 Prevention Act, 28 U.S.C. Section 1738A. This Court has jurisdiction to enforce this
 decree under the UCCJEA, specifically sections 61.501-61.542, Florida Statutes.
 c. ____ By operation of Florida law governing the custody of or time-sharing with child(ren)
 born out of wedlock, this Court has jurisdiction over the child(ren) listed below because
 this (these) child(ren) was (were) born in the State of Florida and no prior court action
 involving the minor child(ren) has addressed a putative father's rights to time-sharing or
 other parental rights. See sections 742.031 and 744.301, Florida Statutes.
 d. ____ Pursuant to the UCCJEA, specifically section 61.516, Florida Statutes, this Court has
 jurisdiction to modify a custody decree of another state and has consulted with the
 Court which took initial jurisdiction over the minor child(ren) to determine this
 authority.
 e. ____ Other: ___________________________________________________________
 __________________________________________________________________

NOTICE OF HEARING
Because this Order to Pick-Up Minor Child(ren) has been issued without prior notice to the non-movant {name} _______________________, all parties involved in this matter are informed that they are scheduled to appear and testify at a hearing regarding this matter on {date} ___________, at {time} ________, at which time the Court will consider whether the Court should issue a further order in this case, and whether other things should be ordered, including who should pay the filing fees and costs. The hearing will be before The Honorable {name} ______________ at {room name/number, location, address, city} _____________, Florida. If a party does not appear, this order may be continued in force, extended, or dismissed, and/or additional orders may be issued, including the imposition of court costs.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} ________________, {address} ____________________, {telephone} *252 ____________________, within 2 working days of your receipt of this order. If you are hearing or voice impaired, call TDD 1-800-955-8771.

ORDER
This Court ORDERS AND DIRECTS any and all sheriffs of the State of Florida (or any other authorized law enforcement officer in this state or in any other state) to immediately take into custody the minor child(ren) identified below from anyone who has possession and:
 1. ____ Place the minor child(ren) in the physical custody of {name} ______________ who ( )
 may () may not remove the minor child(ren) from the jurisdiction of this Court.
 OR
 ____ Accompany the minor child(ren) to the undersigned judge, if the minor child(ren) is
 (are) picked up during court hours, for immediate hearing on the issue of custody or
 time-sharing. It is the intention of this Court that the nonmoving party, minor child(ren),
 and movant appear immediately upon service of this order before the undersigned judge, if
 available, or duty judge to conduct a hearing as to which party is entitled to lawful custody
 of the minor child(ren) at issue. It is not the intention of the court to turn over the
 child(ren) to the movant on an ex parte basis. Neither party should be permitted to remove
 the child(ren) from the jurisdiction of this Court pending a hearing. If unable to accomplish
 the above, the sheriff/officer shall take the child(ren) into custody and place them with the
 Department of Children and Family Services of the State of Florida pending an expedited
 hearing herein.
 OR
 ____ Place the minor child(ren) in the physical custody of {agency} ____________ who
 shall contact the undersigned judge for an expedited hearing. The sheriff/officer shall
 not delay the execution of this court order for any reason or permit the situation to arise
 where the nonmoving party is allowed to remove the child(ren) from the jurisdiction of this
 court.
 2. NEITHER PARTY OR ANYONE AT THEIR DIRECTION, EXCEPT PURSUANT TO
 THIS ORDER, MAY REMOVE THE CHILD(REN) FROM THE JURISDICTION OF
 THIS COURT PENDING FURTHER HEARING. SHOULD THE NONMOVING
 PARTY IN ANY WAY VIOLATE THE MANDATES OF THIS ORDER IN THE
 PRESENCE OF THE LAW ENFORCEMENT OFFICER, THIS OFFICER IS TO
 IMMEDIATELY ARREST AND INCARCERATE THE OFFENDING PARTY UNTIL
 SUCH TIME AS THE OFFENDING PARTY MAY BE BROUGHT BEFORE THIS
 COURT FOR FURTHER PROCEEDINGS.
All sheriffs of the State for Florida are authorized and ORDERED to serve (and/or execute) and enforce this order in the daytime or in the nighttime and any day of the week, except as limited by this order above.
Except as limited by the above, if necessary, the sheriff/officer is authorized to take all reasonable, necessary, and appropriate measures to effectuate this order. The sheriff/officer shall not delay the execution of this order for any reason or permit the situation to arise where the child(ren) is (are) removed from the jurisdiction of this Court before execution of this order.
The minor child(ren) is (are) identified as follows:
Name Sex Birth date Race Physical Description
_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
Current location/address of minor child(ren) or of party believed to have possession of the minor child(ren): ______________________________________________________________________________ __________________________________________________________________________________________ __________________________________________________________________________________________
*253
ORDERED on {date} ____________, at {time} ___________.
 __________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} ______________________ was [&check; only one] ()
mailed () faxed and mailed () hand delivered to the parties listed below on {date}____________ by
{clerk of court or designee} _____________________________________________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.942(a), MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM (03/09)

When should this form be used?
This form may be used by either party in a family law case involving parenting, time-sharing, or paternity of a minor child(ren) to request that the judge appoint a guardian ad litem to represent the best interests of the minor child(ren). You should use this form if you feel that your child(ren) needs someone other than you to ensure that both the judicial system and the other party(ies) act(s) in the best interests of the child(ren). A guardian ad litem may be a volunteer who has been trained and certified by the State of Florida Guardian ad Litem Program or an attorney who is a member in good standing with The Florida Bar.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
It is possible that there will be a hearing on your motion. The judge may want to hear the reasons you feel an appointment of a guardian ad litem is necessary, or, the other party may object to your motion. If a hearing is required, check with the clerk of court, family law court staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to the other party.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. You may also want to contact the Guardian ad Litem Program office in your area or see sections 61.401-405, Florida Statutes.

Special notes...
Order... These family law forms contain an Order Appointing a Guardian ad Litem, Florida Supreme Court Approved Family Law Form 12.942(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave *254 the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.942(a), Motion for Appointment of Guardian ad Litem (03/09)
 IN THE CIRCUIT COURT OF THE _______________ JUDICIAL CIRCUIT,
 IN AND FOR ________________ COUNTY, FLORIDA
 Case No.: _____________________________
 Division: _____________________________
_____________________________,
 Petitioner,
 and
_____________________________,
 Respondent.

MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM
() Petitioner () Respondent requests that the Court enter an order appointing a guardian ad litem with all powers, privileges, and responsibilities authorized in section 61.403, Florida Statutes, and states:
1. The following minor child(ren) is (are) subject to this proceeding:
 Name Birth date Age Sex Location/Address
 _______________ ________________ _________ _________ ____________________
 _______________ ________________ _________ _________ ____________________
 _______________ ________________ _________ _________ ____________________
 _______________ ________________ _________ _________ ____________________
 _______________ ________________ _________ _________ ____________________
2. Verified allegations of child abuse or neglect as defined in sections 39.01(2) or (45), Florida Statutes, () HAVE () HAVE NOT been made in this case.
3. The matters before the Court regarding the minor child(ren) are:
a. sole/shared parental responsibility
b. Parenting Plan and time-sharing schedule
c. other: __________________________________________________________
4. It is in the best interests of the minor child(ren) that a guardian ad litem be appointed to advance the best interests of the minor child(ren) because:
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
I certify that a copy of this document was [&check one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date} __________.
Other party or his/her attorney:
Name: ______________________
Address: ___________________
City, State, Zip: __________
Fax Number: ________________
*255
Dated: ____________________________ ________________________________________
 Signature of Party
 Printed Name: __________________________
 Address: _______________________________
 City, State, Zip: ______________________
 Telephone Number: ______________________
 Fax Number: ____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _______________________________, a nonlawyer, located at {street} _____________, {city} _____________________, {state} __________, {phone} _________, helped {name} ______________, who is the [&check; one only] ___ petitioner or ___ respondent, fill out this form.
Florida Supreme Court Approved Family Law Form 12.942(b), Order Appointing Guardian ad Litem (03/09)
 IN THE CIRCUIT COURT OF THE ________________________ JUDICIAL CIRCUIT,
 IN AND FOR ________________________ COUNTY, FLORIDA
 Case No.: __________________________
 Division: __________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.

ORDER APPOINTING GUARDIAN AD LITEM
Upon () Petitioner's () Respondent's () Court's own motion to appoint guardian ad litem for the minor child(ren) herein and the Court finding that:
 a. ____ verified allegations of child abuse or neglect as defined in sections 39.01(2) or (45),
 Florida Statutes, have been made and are determined to be well-founded,
 OR
 b. ____ it is otherwise in the best interests of the child(ren) that a guardian ad litem be
 appointed to advance the best interests of the minor child(ren) because: ______________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 ___________________________________________________, it is thereupon
 ORDERED as follows:
1. A guardian ad litem shall be appointed for the minor child(ren), {name(s)} _________, now residing at {street address} ________________________________.
2. The State of Florida Guardian ad Litem Program for the ___ Judicial Circuit shall assign a certified guardian ad litem for the minor child(ren). Upon filing of the Notice of Acceptance, the guardian ad litem can be served c/o Guardian ad Litem Program, {address} _____________ Pursuant to the State of Florida Guardian ad Litem Standards of Operation adopted by the Supreme Court of Florida, if the Guardian ad Litem Program is appointed in the absence of a well founded allegation of abuse or neglect, an automatic discharge by the Court will occur upon *256 filing of a Motion to Discharge by the Program if the Program does not have sufficient volunteer and/or supervisory resources available to accommodate this appointment.
OR
 {name} ___________________, an attorney in good standing with The Florida Bar, is
 appointed to serve as a private guardian ad litem for the above minor child(ren). The fees of the
 private guardian shall be paid by:
 () Petitioner () Respondent () each party equally () other, {specify} _____________
 ____________________________________________________________________________________________.
3. The guardian ad litem is a party to any judicial proceeding from the date of this order until the date of discharge and shall have all of the powers, privileges, and responsibilities authorized in section 61.403, Florida Statutes, to the extent necessary to advance the best interests of the minor child(ren).
4. The guardian ad litem must be provided with copies of all pleadings, notices, stipulations, and other documents filed in this action and is entitled to reasonable notice before any action affecting the child(ren) is taken by either of the parties, their counsel, or the Court. The guardian ad litem is entitled, through counsel, to be present at any depositions, hearings, or other proceedings concerning the minor child(ren).
5. The guardian ad litem may investigate the allegations of the pleadings affecting the minor child(ren), and after proper notice may interview witnesses or any other person having information concerning the welfare of the minor child(ren).
6. The guardian ad litem shall maintain any information received from any source described in section 61.403(2), Florida Statutes, as confidential and shall not disclose such information except in reports to the Court served upon both parties to this cause and their counsel, or as directed by the Court.
7. The parties, or any other person entrusted by the parties with the care of the minor child(ren) shall allow the guardian ad litem access to the minor child(ren) at reasonable times and locations and no person shall obstruct the guardian ad litem from the minor child(ren).
8. The guardian ad litem shall submit his or her recommendations to the Court regarding any stipulation or agreement, whether incidental, temporary, or permanent, which affects the interest or welfare of the minor child(ren), within 10 days after the date the stipulation or agreement is served upon the guardian ad litem.
9. The guardian ad litem shall file a written report with the Court, which may include recommendations and a statement of the wishes of the minor child(ren). The report must be filed and served on all parties at least 20 days prior to the hearing at which it will be presented unless the Court waives such time period. The guardian ad litem's report shall address the following areas, subject to any conditions ordered by this Court:
 a. ___ parental responsibility of child(ren);
 b. ___ residence of child(ren);
 c. ___ time-sharing including times and locations;
 d. ___ appearance of child(ren) at depositions/hearings;
 e. ___ relocation;
 f. ___ best interests of child(ren) regarding scientific tests; and/or
 g. ___ other _________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 This appointment is subject to the following conditions: ______________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
10. The guardian ad litem is automatically discharged without further order 30 days after the entry of a final order or judgment in this proceeding, unless otherwise ordered by the Court.
*257
ORDERED on __________________.
 ___________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} ____________________________________
was [only one] () mailed () faxed and mailed () hand delivered to the parties listed below on {date}
____________ by {clerk of court or designee} ______________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
___ Guardian ad Litem Program
___ Other: _________________________

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES (03/09)

When should this form be used?
Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 5%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form only if you want the court to order more child support or less child support than the amount required by the child support guidelines.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see section 61.30, Florida Statutes.

Special notes...
More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
With this form you must also file the following, if not already filed:
 Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, *258 you should file this worksheet as soon as you receive a copy of his or her financial affidavit.)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (03/09)
 IN THE CIRCUIT COURT OF THE ________________ JUDICIAL CIRCUIT,
 IN AND FOR ________________ COUNTY, FLORIDA
 Case No.: __________________________
 Division: __________________________
_______________________________,
 Petitioner,
 and
_______________________________,
 Respondent.

MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES
() Petitioner () Respondent requests that the Court enter an order granting the following:

SECTION I
[one only]
 a. ____ MORE child support than the amount required by the child support guidelines. The
 Court should order MORE child support than the amount required by the child support
 guidelines because of:
 [&check; all that apply to your situation]
 1. ____ Extraordinary medical, psychological, educational, or dental expenses;
 2. ____ Seasonal variations in one or both parent's income or expenses;
 3. ____ Age(s) of the child(ren), taking into consideration the greater needs of older child(ren);
 4. ____ Special needs, such as costs that may be associated with the disability of a child or
 child(ren), that have traditionally been met within the family budget even though the
 fulfilling of those needs will cause support to exceed the presumptive amount established by
 the guidelines;
 5. ____ Total available assets of obligee, obligor, and the child(ren);
 6. ____ Impact of IRS dependency exemption and waiver of that exemption;
 7. ____ The Parenting Plan, such as where the child or children spend a significant amount of time,
 but less than 40 percent of the overnights, with one parent, thereby reducing the financial
 expenditures incurred by the other parent, or the refusal of a parent to become involved in
 the activities of the child(ren);
 8. ____ Any other adjustment that is needed to achieve an equitable result, which may include
 reasonable and necessary expenses or debts jointly incurred during the marriage.
 Explain any items marked above: _________________________________________
 _________________________________________________________________________
 _________________________________________________________________________.
 b. ____ LESS child support than the amount required by the child support guidelines. The
 Court should order LESS child support than the amount required by the child support
 guidelines because of:
 [&check; all that apply to your situation]
 1. ____ Extraordinary medical, psychological, educational, or dental expenses;
 2. ____ Independent income of child(ren), excluding the child(ren)'s SSI (supplemental security
 income)
 3. ____ Payment of both child support and spousal support to a parent that regularly has been paid
 and for which there is a demonstrated need;
 4. ____ Seasonal variations in one or both parent's income or expenses;
*259
 5. ____ Age of the child(ren), taking into consideration the greater needs of older child(ren);
 6. ____ Total available assets of obligee, obligor, and child(ren);
 7. ____ Impact of IRS dependency exemption and waiver of that exemption;
 8. ____ Application of the child support guidelines which requires the obligor to pay more than 55%
 of gross income for a single support order;
 9. ____ Residency of subsequently born or adopted child(ren) with the obligor, include consideration
 of the subsequent spouse's income;
 10. ____ The Parenting Plan, where the child(ren) spend a significant amount of time, but less than
 40 percent of the overnights, with one parent, thereby reducing the financial expenditures
 incurred by the other parent; or the refusal of a parent to become involved in the activities
 of the child(ren);
 11. ____ Any other adjustment that is needed to achieve an equitable result, which may include
 reasonable and necessary expenses or debts jointly incurred during the marriage.
 Explain any items marked above: ________________________________________
 ________________________________________________________________________
 ________________________________________________________________________.

SECTION II. INCOME AND ASSETS OF CHILD(REN) COMMON TO BOTH PARTIES
List the total of any independent income or assets of the child(ren) common to both parties (income from Social Security, gifts, stocks/bonds, employment, trust fund(s), investment(s), etc.). Attach an explanation.

TOTAL VALUE OF ASSETS OF CHILD(REN) $ ____
TOTAL MONTHLY INCOME OF CHILD(REN) $ ____

SECTION III. EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES
All amounts must be MONTHLY. See the instructions with this form to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under other should be listed separately with separate dollar amounts.

 1. Monthly nursery, babysitting, or other child care 1. $ ____
 2. Monthly after-school care 2. $ ____
 3. Monthly school tuition 3. $ ____
 4. Monthly school supplies, books, and fees 4. $ ____
 5. Monthly after-school activities 5. $ ____
 6. Monthly lunch money 6. $ ____
 7. Monthly private lessons/tutoring 7. $ ____
 8. Monthly allowance 8. $ ____
 9. Monthly clothing 9. $ ____
 10. Monthly uniforms 10. $ ____
 11. Monthly entertainment (movies, birthday parties, etc.) 11. $ ____
 12. Monthly health and dental insurance premiums 12. $ ____
 13. Monthly medical, dental, prescription charges (unreimbursed) 13. $ ____
 14. Monthly psychiatric/psychological/counselor (unreimbursed) 14. $ ____
 15. Monthly orthodontic (unreimbursed) 15. $ ____
 16. Monthly grooming 16. $ ____
 17. Monthly non-prescription medications/cosmetics/toiletries/sundries 17. $ ____
 18. Monthly gifts from children to others (other children, relatives, teachers, etc.) 18. $ ____
 19. Monthly camp or other summer activities 19. $ ____
 20. Monthly clubs (Boy/Girl Scouts, etc.) or recreational fees 20. $ ____
 21. Monthly visitation expenses (for nonresidential parent) Explain: ________________ 21. $ ____
 22. Monthly insurance (life, etc.) {explain}: _______________________________________ 22. $ ____
 Other {explain}:
 23. _________________________________________________________________________________ 23. $ ____
 24. _________________________________________________________________________________ 24. $ ____
 25. _________________________________________________________________________________ 25. $ ____
 26. TOTAL EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES
 (add lines 1 through 25) 26. $ ____

I have filed, will file, or am filing with this form the following additional documents:
1. Florida Family Law Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
*260 2. Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
I certify that a copy of this document was [one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date} ___________________.
Other party or his/her attorney:
Name: _________________________
Address: ______________________
City, State, Zip: _____________
Fax Number: ___________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _____________________________ _______________________________________
 Signature
 Printed Name: _________________________
 Address: ______________________________
 City, State, Zip: _____________________
 Telephone Number: _____________________
 Fax Number: ___________________________
STATE OF FLORIDA
COUNTY OF ________________
Sworn to or affirmed and signed before me on _____ by _________________________.
 _______________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _______________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ___________________

IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ________________________________________, a nonlawyer, located at {street} ____________, {city} _______________________________, {state} ____________, {phone} ___________, helped {name} ___________________, who is the [one only] ___ petitioner or ___ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(a), MOTION FOR TEMPORARY SUPPORT AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN) (03/09)

When should this form be used?
This form may be used by:
(1) The respondent or the petitioner in a pending dissolution of marriage action. For you to use this form, a petition for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (alimony); temporary time-sharing schedule with minor child(ren); temporary child support; and other relief.
OR
(2) The petitioner in a pending action for support unconnected with dissolution. For you to use this form, a *261 petition for support unconnected with dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony) and/or temporary child support.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition for dissolution of marriage was filed and keep a copy for your records.

What should I do next?
A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. Words in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.

Special notes...
If you use paragraph 1.c. of this form to ask the court to enter a temporary injunction, the court may require you to post a bond.
With this form you must also file the following, if not already filed:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if this case involves a minor or dependent child(ren).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that temporary child support be ordered. (If you do not know the other party's income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)
The parties seeking relief shall serve a financial affidavit (Florida Family Law Rules of Procedure Form 12.902(b) or (c)) and certificate of compliance (Florida Family Law Rules of Procedure Form 12.932) with the notice of hearing on the motion for temporary support and time-sharing.
Parenting Plan. If you have reached an agreement on either a temporary Parenting Plan or time-sharing schedule, the proposed temporary Parenting Plan or time-sharing schedule, signed by both parties, should be filed. (Either Florida Supreme Court Family Law Form 12.995(a) or 12.995(b)). If you have not reached an agreement, a proposed Parenting Plan or temporary time-sharing schedule may be filed for consideration by the Court.
Temporary Order... These family law forms contain a Temporary Order for Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme *262 Court Approved Family Law Form 12.947(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren) (03/09)
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.:_____________________
 Division:_____________________
_____________________________,
 Petitioner,
 and
_____________________________,
 Respondent.

MOTION FOR TEMPORARY SUPPORT AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)
The () Petitioner () Respondent requests that the Court enter an order granting the following temporary support:
[complete all that apply]
 1. Assets and Liabilities.
 a. ____ Award temporary exclusive use and possession of the marital home. {address}
 _________________________________________________________________________________
 _________________________________________________________________________________
 The Court should do this because: ________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 b. ___ Award temporary use and possession of marital assets. {Specify} _______________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 The Court should do this because: ________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 c. ___ Enter a temporary injunction prohibiting the parties from disposing of any marital
 assets, other than ordinary and usual expenses. {Explain} _________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 The Court should do this because: __________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 d. ___ Require temporary payment of specific marital debts. {Explain} ______________
 _________________________________________________________________________________
 _________________________________________________________________________________
*263
 _________________________________________________________________________________
 The Court should do this because: ________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 2. Child(ren).
 a. ___ Enter a temporary Parenting Plan with a time-sharing schedule for the parties' minor
 child(ren).
 b. ___ Enter a temporary injunction prohibiting the parties from permanently removing the
 child(ren) from the jurisdiction of the Court. The Court should do this because:___
 _________________________________________________________________________________
 _________________________________________________________________________________
 3. Support.
 a. ___ Award temporary child support of $________ per month.
 b. ___ Award temporary spousal support/alimony of $_________ per month.
 The Court should do this because: _________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 4. Attorney's fees and costs.
 a. ___ Award temporary attorney's fees of $ ________.
 b. ___ Award temporary costs of $ _______.
 The Court should do this because: ___________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 5. Other Relief. {specify}_____________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,
 Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion or has
 already been filed with the Court.
 7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law
 Form 12.902(j), is filed with this motion or has already been filed with the Court.
 I request that the Court hold a hearing on this matter and grant the relief specifically requested
 and any other relief this Court may deem just and proper.
 I certify that a copy of this document was [one only] () mailed () faxed and mailed
 () hand delivered to the person(s) listed below on {date} _________
Other party or his/her attorney:
Name:________________________
Address:_____________________
City, State, Zip:____________
Fax Number:__________________
Dated: __________________________
 __________________________________
 Signature of Party
 Printed Name:_____________________
 Address:__________________________
 City, State, Zip:_________________
 Telephone Number:_________________
 Fax Number:_______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________________
a nonlawyer, located at {street} ____________________, {city} _____________________,
*264
{state} _____________, {phone}______________, helped {name}_____________________________________,
who is the [one only] ______ petitioner or _______ respondent, fill out this form.
Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support and Time-Sharing with Dependent or Minor Child(ren) (03/09)
 IN THE CIRCUIT COURT OF_______________THE JUDICIAL CIRCUIT,
 IN AND FOR______________ COUNTY, FLORIDA
 Case No.:_____________________
 Division:_____________________
___________________________________,
 Petitioner,
 and
___________________________________,
 Respondent.

TEMPORARY ORDER OF SUPPORT AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a hearing on a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren). The Court, having reviewed the file and heard the testimony, makes these findings of fact and ORDERS as follows:
The Court has jurisdiction over the subject matter and the parties.

SECTION I. MARITAL ASSETS AND LIABILITIES

A. Injunction.
 1. () Petitioner () Respondent is (are) prohibited and enjoined from disposing of any marital assets
 without the written permission of the other party or a court order. If checked here (), the
 person(s) prohibited and enjoined from disposing of any marital assets may continue to pay all
 ordinary and usual expenses.
 2. The Court may enforce compliance with the terms of this injunction through civil and/or indirect
 criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a
 fine.
 3. Violation of this injunction may constitute criminal contempt of court.
 4. Bond. This order is conditioned upon () Petitioner () Respondent posting bond in the sum of
 $ _________ with the clerk of this Court.

B. Temporary Use of Assets.
 1. The assets listed below are temporarily determined to be marital assets. Each party shall
 temporarily have the use of, as his/her own, the assets awarded in this section, and the other
 party shall temporarily have no further use of said assets. Any personal property not listed
 below shall be for the use of party currently in possession of that item(s), and he or she may
 not dispose of that item(s) without the written permission of the other party or a court
 order.

_________________________________________________________________________________________________________
 Wife Shall Husband
 Have Shall Have
ASSETS: DESCRIPTION OF ITEM(S) Temporary Use Temporary Use
_________________________________________________________________________________________________________
Automobiles
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
Furniture & furnishings in home
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________

*265
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
Furniture & furnishings elsewhere
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
Jewelry
_________________________________________________________________________________________________________
Business interests
_________________________________________________________________________________________________________
_________________________________________________________________________________________________________
Other Assets
_________________________________________________________________________________________________________

C. Temporary Responsibility for Liabilities/Debts.
 1. The liabilities listed below are temporarily determined to be marital. Each party shall pay as his
 or her own the marital liabilities indicated below and shall keep said payments current. The
 other party shall temporarily have no further responsibility for the payment of these debts.

______________________________________________________________________________
 Current
 Amount Wife Husband
LIABILITIES: DESCRIPTION OF DEBT(S) Owed Shall Pay Shall Pay
______________________________________________________________________________
Mortgages on real estate: (home) $ $ $
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
Charge/credit card accounts
______________________________________________________________________________
______________________________________________________________________________
Auto loan
______________________________________________________________________________
Auto loan
______________________________________________________________________________
Bank/Credit Union loans
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
Money owed (not evidenced by a note)
______________________________________________________________________________
______________________________________________________________________________
Other
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

SECTION II. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[&check; all that apply]
 1. ___ () Petitioner () Respondent shall have temporary exclusive use and possession of the
 dwelling located at: {address} ________________________________________________
 ______________________________________________________________________________
 until {date or event} _________________________________________________________
 ______________________________________________________________________________
*266
 2. ___ () Petitioner () Respondent may make a visit to the premises described in the paragraph
 above for the purpose of obtaining his or her clothing and items of personal health and
 hygiene and to obtain any items awarded in this order. This visit shall occur after notice to
 the person granted temporary exclusive use and possession of the dwelling and at the
 earliest convenience of both parties.
 3. ___ Other: ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________

SECTION III. TEMPORARY PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)
 1. Jurisdiction. The Court has jurisdiction to determine temporary parental responsibility and time-sharing
 for the parties' minor child(ren) listed in paragraph 2 below.
 2. The parties dependent or minor child(ren) is (are):
 Name Birth date
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 3. Temporary Parental Responsibility for the Minor Child(ren).
[one only]
 a. ___ The parties shall have temporary shared parental responsibility for the parties' minor
 child(ren).
 b. ___ () Mother () Father shall have temporary sole parental responsibility for the parties'
 minor child(ren). Temporary shared parental responsibility would be detrimental to the
 child(ren) at this time because
 ______________________________________________________________________________
 ______________________________________________________________________________
 c. () Mother () Father shall have ultimate decision making authority regarding the
 following:
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________.
 d. Other provisions: ________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 4. Temporary Time-sharing Schedule with Minor Child(ren). The parent(s) shall have:
[one only]
 a. ___ reasonable time-sharing schedule with the parties' minor child(ren) as agreed to by the
 parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction
 to set a specific schedule.
 b. ___ the following specified time-sharing schedule with the parties' minor child(ren), subject
 to any limitations set out in paragraph 5 below: {specify days and times} __________________
 ______________________________________________________________________________
 Mother's Temporary Time-Sharing Schedule.
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 Father's Temporary Time-sharing Schedule.
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 c. ___ Time-sharing in accordance with the temporary Parenting Plan attached as Exhibit
 ____.
*267
 d. ___ no contact with the parties' minor child(ren) until further order of the Court, due to the
 existing conditions that are detrimental to the welfare of the minor child(ren). {explain}
 _____________________________________________________________________________
 _____________________________________________________________________________
 5. Limitations on Time-sharing. Neither parent shall take the child(ren) from the other parent or
 any child care provider or other person entrusted by the other parent with the care of the
 child(ren) without the agreement of the other party during the other party's time-sharing. The
 above time-sharing shall be:
[if applies]
 a. ___ supervised by a responsible adult who is mutually agreeable to the parties. If the
 parties cannot agree, the supervising adult shall be: {name} ______________.
 b. ___ at a supervised visitation center located at: {address} ________________
 ______________________________________________________________________________,
 subject to the available times and rules of the supervised visitation center. The cost of
 such visits shall be paid by () Mother () Father () Both.
 6. Communication Arrangements for Temporary Secondary Parenting, Visitation, and Parental
 Responsibility and Time-sharing with Minor Child(ren).
[if applies]
 ___ The parties' communications to arrange time-sharing and discuss issues relating to the child(ren)
 (if temporary shared parenting, or time-sharing is provided in paragraph 3 above) are restricted
 as follows: () telephone, () fax, e-mail, or letter, () a responsible person shall coordinate the
 time-sharing arrangements of the minor child(ren). If the parties cannot agree, the responsible
 person shall be: {name} ______________________________________________________________________
 () other conditions for arrangements or discussions: {explain} ________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 7. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall be on time as
 scheduled and as agreed to by the parties. The following conditions, if checked below, shall also
 apply.
[all that apply]
 a. ___ The parties shall temporarily exchange the child(ren) at the following location(s): _________
 ______________________________________________________________________________
 b. ___ () Mother () Father shall not get out of the vehicle, and the other parent shall not
 approach the vehicle, during the time the child(ren) are exchanged.
 c. ___ A responsible person shall conduct all exchanges of the child(ren). () Mother () Father
 shall not be present during the exchange. If the parties cannot agree, the responsible
 person shall be: {name} ________________________________________________________________
 d. ___ Other conditions for exchange of the child(ren) are as follows: ______________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 8. ___ Injunction Prohibiting Removing the Child(ren). The Court hereby temporarily prohibits
 and enjoins the () Mother () Father () Both from permanently removing the minor
 child(ren) from the State of Florida without a court order or the written consent of the
 other party.
 9. ___ Other Temporary Provisions Relating to the Minor Child(ren).
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________

SECTION IV. TEMPORARY ALIMONY
*268
 1. () The Court denies the request(s) for temporary alimony. OR
 () The Court finds that there is a need for, and that () Petitioner () Respondent, hereinafter
 Obligor, has/had the present ability to pay temporary alimony as follows:
[&check; all that apply]
 a. ___ Temporary Periodic. Obligor shall pay temporary periodic alimony to Obligee in the
 amount of $_________ per month, payable () in accordance with Obligor's
 employer's payroll cycle, and in any event, at least once a month () other {explain}
 ______________________________________________________________________________,
 beginning {date} _____. This temporary periodic alimony shall continue until modified
 by court order, the death of either party, or until, {date/event} ________, whichever
 occurs first.
 b. ___ Lump Sum. Obligor shall pay temporary lump sum alimony to Obligee in the amount of
 $________. This amount shall be paid as follows: __________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________.
 c. ___ Rehabilitative. Obligor shall pay temporary rehabilitative alimony to Obligee in the
 amount of $_________ per month, payable () in accordance with Obligor's employer's
 payroll cycle, and in any event, at least once a month () other {explain} ____________
 ______________________________________________________________________________
 beginning {date} _______. This temporary rehabilitative alimony shall continue until
 modified by court order, the death of either party or until {date/event}
 _____________, whichever occurs first. The temporary rehabilitative plan presented
 demonstrated the following:_________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________.
 d. ___ Retroactive. Obligor shall pay retroactive alimony in the amount of $_____ for the
 period of {date} ________ through {date} _______, which shall be paid pursuant to
 paragraph 3 below.
 2. Reasons for Awarding/Denying Temporary Alimony Award. The reasons for awarding/denying
 temporary alimony are as follows:
 a. ___ length of the marriage of the party receiving temporary alimony: ____ years;
 b. ___ age of party receiving temporary alimony: ___________;
 c. ___ health of party receiving temporary alimony: () excellent () good () poor () other
 ______________________________________________________________________________;
 d. ___ other factors ___________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 [] Check here if additional pages are attached.
 3. Retroactive Alimony. () Petitioner () Respondent shall pay to the other party the temporary
 retroactive alimony of $ ______, as of {date} _______. This amount shall be paid in the amount
 of $ per month, payable in accordance with Obligors employers payroll cycle, and in any event at
 least once a month () other {explain} _____________________________________________________________
 ______________________________________________________________________________
 beginning {date} ________, until paid in full including statutory interest.
 4. Insurance.
[&check; all that apply]
 a. ___ Health Insurance. () Petitioner () Respondent shall temporarily be required to pay
 health insurance premiums for the other party not to exceed $______ per month.
 Further, () Petitioner () Respondent shall pay any uninsured medical costs for the
 other party not exceed $______ per year. As to these uninsured medical expenses,
 the party who is entitled to reimbursement of the uninsured medical expense shall
 submit request for reimbursement to the other party within 30 days, and the other party
 shall, within 30 days after receipt, submit the applicable reimbursement for that
 expense.
 b. ___ Life Insurance (to secure payment of support). To secure the temporary alimony
 obligations set forth in this order, the Obligor shall temporarily maintain life insurance
 coverage on his/her life naming the Obligee as the sole irrevocable beneficiary, so long
 as reasonably available. This temporary insurance shall be in the amount of at least
 $_______ and shall remain in effect until this temporary obligation for alimony
 terminates.
*269
 5. Other provisions relating to temporary alimony: _______________________
 ______________________________________________________________________________
 ______________________________________________________________________________

SECTION V. TEMPORARY CHILD SUPPORT
 1. The Court finds that there is a need for temporary child support and that the () Mother ()
 Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),
 filed by the () Mother () Father are correct OR the Court makes the following findings: The
 Mother's net monthly income is $________. The Father's net monthly income is $________.
 Monthly child care costs are $_________. Monthly health/dental insurance costs are
 $________.
 2. Amount. Obligor shall be obligated to pay temporary child support in the amount of $ ________
 per month payable () in accordance with Obligor's payroll cycle, and in any event at least once a
 month () {explain} ________________________________________________________________________
 ______________________________________________________________________________
 beginning {date} __________, and continuing until further court order or until
 {date/event}______________________________________________________________________________,
 {explain} ______________________________________________________________________________.
 If the temporary child support ordered deviates from the guidelines by more than 5%, the factual
 findings which support that deviation are: _________________________________________________________
 ______________________________________________________________________________
 _____________________________________________________________________________.
 3. Retroactive Child Support.
[if applies]
 ___ () Mother () Father shall pay to the other party the temporary retroactive child support of
 $________, as of {date} _______. This amount shall be paid in the amount of $__________
 per month, payable in accordance with Obligor's employer's payroll cycle, and in any event at
 least once a month () other {explain} ___________________________________________
 ______________________________________________________________________________
 beginning {date} ________________, until paid in full including statutory interest.
 4. Insurance.
[&check; all that apply]
 a. ___ Health/Dental Insurance. () Mother () Father shall be required to temporarily
 maintain () health () dental insurance coverage for the parties' minor child(ren), so long
 as reasonably available. The party providing coverage shall be required to convey cards
 showing coverage to the other party. OR () Health () dental insurance is not
 reasonably available at this time.
 b. ___ Reasonable and necessary uninsured medical/dental/prescription drug costs for the
 minor child(ren) shall temporarily be assessed as follows:
 () Shared equally by both parents.
 () Prorated according to the child support guideline percentages.
 () Other {explain}: _______________________________________________
 ______________________________________________________________________________
 As to these uninsured medical/dental/prescription drug expenses, the party who incurs the
 expense shall submit request for reimbursement to the other party within 30 days, and the other
 party, within 30 days of receipt, shall submit the applicable reimbursement for that expense,
 according to the schedule of reimbursement set out in this paragraph.
 5. Life Insurance (to secure payment of support). To secure the temporary child support
 obligations in this order, () Petitioner () Respondent () Each party shall temporarily maintain
 life insurance coverage, in an amount of at least $______, on () his life () her life () his/her life
 naming the () minor child(ren) as the sole irrevocable beneficiary(ies) () primary residential
 parent as the sole irrevocable beneficiary as Trustee for the minor child(ren), so long as
 reasonably available. The obligation to maintain the life insurance coverage shall continue until
 the Court orders otherwise or until {date/event} ___________________________________
 ______________________________________________________________________________.
 6. IRS Income Tax Deduction(s). The assignment of any tax deduction for the child(ren) shall be
 as follows: ___________________________________________________________________________________________
*270
 ______________________________________________________________________________
 7. Other provisions relating to temporary child support: _______________________________________________
 ______________________________________________________________________________

SECTION VI. METHOD OF PAYMENT
Obligor shall pay any temporary court-ordered child support/alimony and arrears, if any, as follows:
 1. Central Governmental Depository.
[if applies]
 a. ___ Obligor shall pay temporary court-ordered support directly to the Central Governmental
 Depository in {name} ____________ County, along with any depository service
 charge.
 b. ___ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that temporary support payments need not be directed through the Central
 Governmental Depository. However, either party may subsequently apply to the
 depository pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments
 through the Central Governmental Depository.
 2. Income Deduction.
[&check; if applies]
 a. ___ Immediate. Obligor shall pay through income deduction, pursuant to a separate
 Income Deduction Order which shall be effective immediately. Obligor is individually
 responsible for paying this temporary support obligation until all of said support is
 deducted from Obligors income. Until temporary support payments are deducted from
 Obligors paycheck, Obligor is responsible for making timely payments directly to the
 Central Governmental Depository or the Obligee, as previously set forth in this order.
 b. ___ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $________, or, if not specified, an amount equal to one months
 obligation occurs. Income deduction is not being implemented immediately based on the
 following findings: Income deduction is not in the best interests of the child(ren)
 because: {explain} __________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 AND
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order in cases of modification,
 AND
 () there is an agreement by the Obligor to advise the central governmental depository of any
 change in payor and health insurance OR () there is a signed written agreement providing an
 alternative arrangement between the Obligor and the Obligee.
 3. Bonus/one-time payments. () All () _________% () No income paid in the form of a bonus or
 other similar one-time payment, up to the amount of any arrearage or the remaining balance
 thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment
 method prescribed above.
 4. Other provisions relating to method of payment. ___________________________________

SECTION VII. TEMPORARY ATTORNEY FEES, COSTS, AND SUIT MONEY
 1. ___ () Petitioner's () Respondent's request(s) for temporary attorney fees, costs, and suit
 money is (are) denied because __________________________________________________.
 ______________________________________________________________________________
 2. ___ The Court finds there is a need for and an ability to pay temporary attorney fees, costs, and
 suit money. () Petitioner () Respondent is hereby ordered to pay to the other party
 $______ in temporary attorney fees, and $ ______ in costs. The Court further
 finds that the temporary attorney fees awarded are based on the reasonable rate of
 $ __________ per hour and _____ reasonable hours. Other provisions relating to
 temporary attorney fees, costs, and suit money are as follows: __________________
 ______________________________________________________________________________
 ______________________________________________________________________________

SECTION VIII. OTHER PROVISIONS
*271
Other Provisions: _______________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
ORDERED on {date} _____________, at {time} ________________________.
 _____________________________________
 CIRCUIT JUDGE
A copy of the {name of document(s)} ___________________ was [only one] () mailed () faxed and mailed () hand delivered to the parties listed below on {date}____________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other:________________________________

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.960, MOTION FOR CIVIL CONTEMPT/ENFORCEMENT (03/09)

When should this form be used?
You may use this form to ask the court to enforce a prior court order or final judgment.

What should I do next?
To initiate a civil contempt/enforcement proceeding against a party who is not complying with a prior court order, you must file a motion with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
A copy of this form must be personally served by a sheriff or private process server or mailed* or hand delivered to any other party(ies) in your case. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
The court will then set a hearing. You should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete Notice of Hearing on Motion for Contempt/Enforcement, Florida Supreme Court Approved Family Law Form 12.961, or, if applicable, Notice of Hearing (Child Support Enforcement Hearing Officer), Florida Supreme Court Approved Family Law Form 12.921, or [Notice of Hearing Before] General Magistrate, Florida Family Law Rules of Procedure Form 12.920[(c)], which will specify a time and place for a hearing on the issue. A copy of this form must be mailed or hand delivered to the other party. Again, if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the notice personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see *272 the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
At the hearing, as in any other civil proceeding, you, as the moving party, will have the burden of proving the other party has not obeyed a prior court order. Once noncompliance is established, the other party will have an opportunity to show an inability to comply with the prior court order. If he or she is unable to do so, the judge may find the other party to be in contempt. If so, the judge may order appropriate sanctions to compel compliance by the other party, including jail, payment of attorneys' fees, suit money, or costs, and coercive or compensatory fines, and may order any other relief permitted by law.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.960, Motion for Civil Contempt/Enforcement (03/09)
 IN THE CIRCUIT COURT OF THE _____________ JUDICIAL CIRCUIT,
 IN AND FOR ________________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
_____________________________,
 Petitioner,
 and
____________________________,
 Respondent.

MOTION FOR CIVIL CONTEMPT/ENFORCEMENT
() Petitioner () Respondent requests that the Court enter an order of civil contempt/enforcement against () Petitioner () Respondent in this case because:
 1. A final judgment or order {title of final judgment or order} __________________
 in this case was entered on {date} ________, by {court, city, and state} _______
 ___________________________________________________________________________________________.
 [] Check here if the judgment or order is not from this Court and attach a copy.
 2. This order of the Court required the other party in this case to do or not do the following:
 {Explain what the other party was ordered to do or not do.} ______________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 [] Check here if additional pages are attached.
*273
 3. The other party in this case has willfully failed to comply with this order of the Court: {Explain
 what the other party has or has not done.} _____________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 [] Check here if additional pages are attached.
 4. I respectfully request that the Court issue an order holding the above-named person in civil
 contempt, if appropriate, and/or providing the following relief:
 a. ___ enforcing or compelling compliance with the prior order or judgment;
 b. ___ awarding a monetary judgment;
 c. ___ if a monetary judgment was included in the prior order, issuing a writ of execution or
 garnishment or other appropriate process;
 d. ___ awarding prejudgment interest;
 e. ___ requiring the other party to pay costs and fees in connection with this motion;
 f. ___ if the other party is found to be in civil contempt, ordering a compensatory fine;
 g. ___ if the other party is found to be in civil contempt, ordering a coercive fine;
 h. ___ if the other party is found to be in civil contempt, ordering incarceration of the other
 party;
 i. ___ issuing a writ of possession for real property, writ for possession of personal property,
 or other appropriate writ;
 j. ___ issuing a writ of bodily attachment if the other party fails to appear at the hearing set
 on this motion;
 k. ___ requiring the other party to make payments through the central governmental
 depository;
 l. ___ requiring the support payments to be automatically deducted from the other party's
 income or funds;
 m. ___ requiring the other party to seek employment;
 n. ___ awarding make-up time-sharing with minor child(ren) as follows {explain}: __________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 _______________________________________________________________________________________; and
 o. ___ awarding other relief {explain}: ______________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 _________________________________________________________________________________________________.
I certify that a copy of this document was [&check; one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date} ________________________________________________________________________________.
Other party or his/her attorney:
Name: ______________________________
Address: ___________________________
City, State, Zip: __________________
Fax Number: ________________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made above and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: ___________________________
 _________________________________
 Signature of Party
 Printed Name: _______________________
 Address: ____________________________
 City, State, Zip: ___________________
*274
 Telephone Number: ___________________
 Fax Number: _________________________
STATE OF FLORIDA
COUNTY OF ________________
Sworn to or affirmed and signed before me on _________ by ____________________
 _________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _________________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ____________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _________________________________________,
a nonlawyer, located at {street} ______________, {city} _________________________________________________,
{state} ____________, {phone} _______________, helped {name} _______________________________,
who is the [&check; one only] ____ petitioner or ___________ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE (03/09)

When should this form be used?
If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner's family or household members. In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:
1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner's child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from *275 leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.
The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren) whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or Petition for Injunction for Protection Against Dating Violence, Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or Petition for Injunction for Protection Against Sexual Violence, Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for an injunction for protection against sexual violence.
If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents or your legal guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a notary public or the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.

What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an imminent danger of domestic violence exists, the judge will sign an immediate Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.980(c)(1). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court *276 may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued ex parte. This means that the judge has considered only the information presented by one sideYOU. The temporary injunction gives a date that you should appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice), Florida Supreme Court Approved Family Law Form 12.980(d)(1), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!

What can I do if the judge denies my petition?
If your petition is denied solely on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition, unless you request that no hearing be set. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence, Florida Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see chapter 741, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.

Special notes...
With this form you may also need to file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues with regard to your parenting plan or timesharing for a minor child(ren). "Parenting plan" means a document created to govern the relationship between the parties relating to the decisions that must be made regarding the minor child(ren) and shall contain a time-sharing schedule for the parents and child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the *277 child(ren)'s education, health care, and physical, social, and emotional well-being. In creating the plan, all circumstances between the parties, including the parties' historic relationship, domestic violence, and other factors must be taken into consideration. The parenting plan shall be developed and agreed to by the parents and approved by a court, or, if the parents cannot agree, established by the court. "Time-sharing schedule" means a timetable that must be included in the parenting plan that specifies the time, including overnights and holidays, that a minor child will spend with each parent. If developed and agreed to by the parents of a minor child, it must be approved by the court. If the parents cannot agree, the schedule shall be established by the court.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), must be completed and filed if you are asking the court to determine issues of temporary child support.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.
Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete Petitioner's Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided on the petition.
Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/09)
 IN THE CIRCUIT COURT OF THE ______________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: _______________________
 Division: _______________________
_________________________________,
 Petitioner,
 and
_________________________________,
 Respondent.

PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
I, {full legal name} __________________, being sworn, certify that the following statements are true:
SECTION I. PETITIONER (This section is about you. It must be completed. However, if you fear that disclosing your address to the respondent would put you in danger, you should complete and file Petitioner's Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address and telephone number.)
 1. Petitioner's current address is: {street address} ___________________________________
 {city, state and zip code} ___________________________________________________________________
 Telephone Number: {area code and number} ______________________________________________________
*278
 Physical description of Petitioner:
 Race: ________ Sex: Male ________ Female ________ Date of Birth: ____________________
 2. Petitioner's attorney's name, address, and telephone number is: _____________________________
 _______________________________________________________________________________________.
 (If you do not have an attorney, write none.)
SECTION II. RESPONDENT (This section is about the person you want to be protected from. It must be completed.)
 1. Respondent's current address is: {street address, city, state, and zip code} ___________________
 ______________________________________________________________________________.
 Respondent's Driver's License number is: {if known} ___________________.
 2. Respondent is:
[all that apply]
 a. ___ the spouse of Petitioner. Date of Marriage: ______________________________________
 b. ___ the former spouse of Petitioner.
 Date of Marriage: ___________________
 Date of Dissolution of Marriage: ___________________
 c. ___ related by blood or marriage to Petitioner.
 Specify relationship: ______________________________________
 d. ___ a person who is or was living in one home with Petitioner, as if a family.
 e. ___ a person with whom Petitioner has a child in common, even if Petitioner and Respondent
 never were married or living together.
 3. Petitioner has known Respondent since {date} ______________________________________.
 4. Respondent's last known place of employment: ______________________________________
 Employment address: _______________________________________________________________
 Working hours: ____________________________________________________________________
 5. Physical description of Respondent:
 Race: _____ Sex: Male ______ Female _____ Date of Birth: ______________________________________
 Height: ______ Weight: ______ Eye Color: _______ Hair Color: __________________________________
 Distinguishing marks or scars: ________________________________________________________________
 Vehicle: (make/model) _______________ Color: ________ Tag Number: _____________________________
 6. Other names Respondent goes by (aliases or nicknames): ________________________________________
 7. Respondent's attorney's name, address, and telephone number is: _______________________________
 _______________________________________________________________________________________________
 (If you do not know whether Respondent has an attorney, write unknown. If Respondent does
 not have an attorney, write none.)
SECTION III. CASE HISTORY AND REASON FOR SEEKING PETITION (This section must be completed.)
 1. Has Petitioner ever received or tried to get an injunction for protection against domestic violence
 against Respondent in this or any other court?
 ______ Yes _____ No If yes, what happened in that case? (include case number, if known)
 ____________________________________________________________________________
 ____________________________________________________________________________
 Has Respondent ever received or tried to get an injunction for protection against domestic
 violence against Petitioner in this or any other court?
 ______ Yes _____ No If yes, what happened in that case? (include case number, if known) ____
 ____________________________________________________________________________
 ____________________________________________________________________________
 2. Describe any other court case that is either going on now or that happened in the past, including
 a dissolution of marriage, paternity action, or child support enforcement action, between
 Petitioner and Respondent {include city, state, and case number, if known}: ___________________
 _____________________________________________________________________________
 3. Petitioner is either a victim of domestic violence or has reasonable cause to believe he or she is in
 imminent danger of becoming a victim of domestic violence because respondent has (mark all
 sections that apply and describe in the spaces below the incidents of violence or threats of
*279
 violence, specifying when and where they occurred, including, but not limited to, locations such as
 a home, school, place of employment, or time-sharing exchange):
 a. ____ committed or threatened to commit domestic violence defined in s. 741.28, Florida
 Statutes, as any assault, aggravated assault, battery, aggravated battery, sexual assault,
 sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any
 criminal offense resulting in physical injury or death of one family or household member
 by another. With the exception of persons who are parents of a child in common, the
 family or household members must be currently residing or have in the past resided
 together in the same single dwelling unit.
 b. ____ previously threatened, harassed, stalked, or physically abused the petitioner.
 c. ____ attempted to harm the petitioner or family members or individuals closely associated
 with the petitioner.
 d. ____ threatened to conceal, kidnap, or harm the petitioner's child or children.
 e. ____ intentionally injured or killed a family pet.
 f. ____ used, or has threatened to use, against the petitioner any weapons such as guns or
 knives.
 g. ____ physically restrained the petitioner from leaving the home or calling law enforcement.
 h. ____ a criminal history involving violence or the threat of violence (if known).
 i. ____ another order of protection issued against him or her previously or from another
 jurisdiction (if known).
 j. ____ destroyed personal property, including, but not limited to, telephones or other communication
 equipment, clothing, or other items belonging to the petitioner.
 k. ____ engaged in any other behavior or conduct that leads the petitioner to have reasonable
 cause to believe he or she is in imminent danger of becoming a victim of domestic
 violence.
 Below is a brief description of the latest act of violence or threat of violence that causes
 Petitioner to honestly fear imminent domestic violence by Respondent. (Use additional
 sheets if necessary.)
 On {date} ____________________, at {location} ____________________________,
 the Respondent _____________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 [ ] Check here if you are attaching additional pages to continue these facts.
 4. Additional Information
[all that apply]
 a. ____ Other acts or threats of domestic violence as described on attached sheet.
 b. ____ This or other acts of domestic violence have been previously reported to {person or
 agency} ________________________________________________________________________________
 c. ____ Respondent owns, has, and/or is known to have guns or other weapons.
 Describe weapon(s): _________________________________________________________________________
 d. ____ Respondent has a drug problem.
 e. ____ Respondent has an alcohol problem.
 f. ____ Respondent has a history of mental health problems. If checked, answer the following,
 if known.
 Has Respondent ever been the subject of a Baker Act proceeding? () Yes () No
 Is Respondent supposed to take medication for mental health problems? () Yes () No
 If yes, is Respondent currently taking his/her medication? () Yes () No
*280 SECTION IV. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME (Complete this section only if you want the Court to grant you temporary exclusive use and possession of the home that you share with the Respondent.)
 1. Petitioner claims the following about the home that Petitioner and Respondent share or that
 Petitioner left because of domestic violence:
[all that apply]
 a. ____ Petitioner needs the exclusive use and possession of the home that the parties share at
 {street address} ___________________________________________________________________,
 {city, state, zip code} ____________________________________________________________.
 b. ____ Petitioner cannot get another safe place to live because: __________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 c. ____ If kept out of the home, Respondent has the money to get other housing or may live
 without money at {street address} ___________________________________________________________,
 {city, state, zip code} _____________________________________________________________________.
 2. The home is:
[one only]
 a. ____ owned or rented by Petitioner and Respondent jointly.
 b. ____ solely owned or rented by Petitioner.
 c. ____ solely owned or rented by Respondent.
SECTION V. TEMPORARY PARENTING PLAN WITH TEMPORARY TIME-SHARING SCHEDULE FOR MINOR CHILD(REN) (Complete this section only if you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party. You must be the natural parent, adoptive parent, or guardian by court order of the minor child(ren). If you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party, you must also complete and file a Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).)
Note: If the paternity of the minor child(ren) listed below has not been established through either marriage or court order, the Court may deny a request to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children, and/or a request for child support.
 1. Petitioner is the natural parent, adoptive parent, or guardian by court order of the minor
 child(ren) whose name(s) and age(s) is (are) listed below.

 Name Place of Birth Birth date Sex
 ____________________________________________________________________
 ____________________________________________________________________
 ____________________________________________________________________
 ____________________________________________________________________
 ____________________________________________________________________

 2. The minor child(ren) for whom Petitioner is asking the court to provide a temporary parenting
 plan, including a temporary time-sharing schedule with regard to:
[&check; one only]
 a. ____ saw the domestic violence described in this petition happen.
 b. ____ were at the place where the domestic violence happened but did not see it.
 c. ____ were not there when the domestic violence happened this time but have seen previous
 acts of domestic violence by Respondent.
 d. ____ have not witnessed domestic violence by Respondent.
 3. Name any other minor child(ren) who were there when the domestic violence happened. Include
 child(ren)'s name, age, sex, and parents' names. ____________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
*281
 4. Temporary Parenting Plan and Temporary Time-Sharing Schedule
[all that apply]
 a. ____ Petitioner requests that the Court provide a temporary parenting plan, including a
 temporary time-sharing schedule with regard to, the minor child or children of the
 parties, as follows: _____________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 b. ____ Petitioner requests that the Court order supervised exchange of the minor child(ren) or
 exchange through a responsible person designated by the Court. The following person
 is suggested as a responsible person for purposes of such exchange. Explain: _____
 __________________________________________________________________________________
 __________________________________________________________________________________
 c. ____ Petitioner requests that the Court limit time-sharing by Respondent with the minor
 child(ren). Explain: _____________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 d. ____ Petitioner requests that the Court prohibit time-sharing by Respondent with the minor
 child(ren) because Petitioner genuinely fears that Respondent imminently will abuse,
 remove, or hide the minor child(ren) from Petitioner. Explain: ___________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 e. ____ Petitioner requests that the Court allow only supervised time-sharing by Respondent
 with the minor child(ren). Explain: ______________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 Supervision should be provided by a Family Visitation Center, or other (specify): ________
 __________________________________________________________________________________
SECTION VI. TEMPORARY SUPPORT (Complete this section only if you are seeking financial support from the Respondent. You must also complete and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and Notice of Social Security Numbers-Florida Supreme Court Approved Family Law Form 12.902(j), if you are seeking child support. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), must be filed with the court at or prior to a hearing to establish or modify child support.)
[all that apply]
 1. ____ Petitioner claims a need for the money he or she is asking the Court to make Respondent
 pay, and that Respondent has the ability to pay that money.
 2. ____ Petitioner requests that the Court order Respondent to pay the following temporary
 alimony to Petitioner. (Petitioner must be married to Respondent to ask for temporary
 alimony.) Temporary Alimony Requested $ _______ every () week () other week ()
 month.
 3. ____ Petitioner requests that the Court order Respondent to pay the following temporary child
 support to Petitioner. (The respondent must be the natural parent, adoptive parent, or
 guardian by court order of the minor child(ren) for the court to order the respondent to pay
 child support.) Temporary child support is requested in the amount of $ _______ every
 () week () other week () month.
SECTION VII. INJUNCTION (This section summarizes what you are asking the Court to include in the injunction. This section must be completed.)
 1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against
 domestic violence that will be in place from now until the scheduled hearing in this matter.
 2. Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment
 on injunction prohibiting Respondent from committing any acts of domestic violence against
 Petitioner and:
 a. prohibiting Respondent from going to or within 500 feet of any place the Petitioner
 lives;
 b. prohibiting Respondent from going to or within 500 feet of the Petitioner's place(s) of
 employment or school; the address of Petitioner's place(s) of employment or school is:
 __________________________________________________________________________________
 c. prohibiting Respondent from contacting Petitioner by mail, by telephone, through
 another person, or in any other manner;
*282
 d. prohibiting Respondent from knowingly and intentionally going to or within 100 feet of
 Petitioner's motor vehicle.
 e. prohibiting Respondent from defacing or destroying Petitioner's personal property.
[&check; all that apply]
 f. ____ prohibiting Respondent from going to or within 500 feet of the following place(s)
 Petitioner or Petitioner's minor child(ren) must go often {include address}: __________
 __________________________________________________________________________________
 __________________________________________________________________________________
 g. ____ granting Petitioner temporary exclusive use and possession of the home Petitioner and
 Respondent share;
 h. ____ granting Petitioner on a temporary basis 100% of the time sharing with the parties'
 minor child(ren);
 i. ____ establishing a temporary parenting plan including a temporary time-sharing schedule
 for the parties' minor child(ren);
 j. ____ granting temporary alimony for Petitioner;
 k. ____ granting temporary child support for the minor child(ren);
 l. ____ ordering Respondent to participate in treatment, intervention, and/or counseling
 services;
 m. ____ referring Petitioner to a certified domestic violence center; and any other terms the
 Court deems necessary for the protection of Petitioner and/or Petitioner's child(ren),
 including injunctions or directives to law enforcement agencies, as provided in section
 741.30, Florida Statutes.
I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING.
I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.
 _____________
 (initials)
Dated: ______________________________
 ____________________________________
 Signature of Petitioner
STATE OF FLORIDA
COUNTY OF ________________________
Sworn to or affirmed and signed before me on _________ by __________________________.
 _________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _________________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
______ Personally known
______ Produced identification
 Type of identification produced ________________________
Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren) (03/09)
 IN THE CIRCUIT COURT OF THE ______________________ JUDICIAL CIRCUIT,
 IN AND FOR ____________________ COUNTY, FLORIDA
*283
 Case No.: __________________
 Division: __________________
____________________________________,
 Petitioner,
 and
____________________________________.
 Respondent.

TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent upon service of the temporary injunction.
It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.

NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date} ____________, at _______ a.m/p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as time-sharing and support. The hearing will be before The Honorable {name} ______________________, at {room name/number, location, address, city} _____________________________________, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including the imposition of court costs.
All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
 a. ____ a court reporter is provided by the court.
 b. ____ electronic audio tape recording only is provided by the court. A party may arrange in
 advance for the services of and provide for a court reporter to prepare a written
 transcript of the proceedings at that party's expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} ______________________________, {address} _____________________________________________, {telephone} _________________________, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.

FINDINGS
The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of *284 domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.

TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. Section 2262.
ORDERED and ADJUDGED:
 1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any
 acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated
 assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking,
 kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death
 to Petitioner or any of Petitioner's family or household members. Respondent shall not commit
 any other violation of the injunction through an intentional unlawful threat, word or act to do
 violence to the Petitioner.
 2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in
 this Section, or unless paragraph 14 below provides for contact connected with the
 temporary parenting plan and temporary time-sharing with respect to the minor child(ren).
 a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent
 shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax,
 telephone, through another person, or in any other manner. Further, Respondent shall not
 contact or have any third party contact anyone connected with Petitioner's employment or
 school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise
 provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner's current
 residence {list address} _____________________________________________________________
 or any residence to which Petitioner may move; Petitioner's current or any subsequent place
 of employment {list address of current employment} ___________________________________ or place
 where Petitioner attends school {list address of school} _________________________; or
 the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor
 child(ren) go often: __________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.
 b. ___ Other provisions regarding contact: ________________________________________________
 ____________________________________________________________________________________
 ____________________________________________________________________________________
 3. Firearms.
[Initial all that apply; write N/A if does not apply]
 a. ___ Respondent shall not use or possess a firearm or ammunition.
 b. ___ Respondent shall surrender any firearms and ammunition in the Respondent's possession
 to the ________ County Sheriffs Department until further order of the court.
*285
 c. ___ Other directives relating to firearms and ammunition: _________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF SECTION 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. SECTION 922(g)(8).
 4. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her
 mailing address within 10 days of the change. All further papers (excluding the final injunction,
 if entered without Respondent being present at the hearing, and pleadings requiring personal
 service) shall be served by mail to Respondent's last known address. Such service by mail shall
 be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
 5. Additional order(s) necessary to protect Petitioner from domestic violence:
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________

TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial all that apply; write N/A if does not apply]
 6. ___ Possession of the Home. () Petitioner () Respondent shall have temporary exclusive use
 and possession of the dwelling located at: _________________________________________
 ____________________________________________________________________________________
 7. ___ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the
 home shall accompany () Petitioner () Respondent to the home, and shall place ()
 Petitioner () Respondent in possession of the home.
 8. ___ Personal Items. () Petitioner () Respondent, in the presence of a law enforcement
 officer, may return to the premises described above () on {date} ____________, at _________
 a.m/p.m., or () at a time arranged with the law enforcement department with jurisdiction
 over the home, for the purpose of obtaining his or her clothing and items of personal health
 and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the
 home from which these items are to be retrieved shall accompany () Petitioner ()
 Respondent to the home and stand by to insure that he/she vacates the premises with only
 his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10
 below. The law enforcement agency shall not be responsible for storing or transporting
 any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE
 HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER,
 IT IS A VIOLATION OF THIS INJUNCTION.
 9. ___ () Petitioner () Respondent shall not damage or remove any furnishings or fixtures from
 the parties' former shared premises.
 10. ___ Other: ___________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________

TEMPORARY SUPPORT
*286 Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.

TEMPORARY PARENTING PLAN WITH TIMESHARING WITH MINOR CHILD(REN)
 11. Jurisdiction. [Initial one only]
 ____ Jurisdiction to determine issues relating to parenting plan and time-sharing with respect to
 any minor child(ren) listed in paragraph 12 below is proper under the Uniform Child
 Custody Jurisdiction and Enforcement Act (UCCJEA).
 ____ Jurisdiction is exclusive to the dependency court, and accordingly no order is made herein.
 (Case Number ____________________)
 12. Temporary Order for 100% Time-Sharing With Respect to Minor Child(ren). [ ] Petitioner
 [ ] Respondent shall, on a temporary basis, have 100% time sharing with respect to the parties'
 minor child(ren) listed below:

 Name Birth date
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________

 When requested by the parent to whom 100% time-sharing is awarded on a temporary basis
 herein, law enforcement officers shall use any and all reasonable and necessary force to physically
 deliver the minor child(ren) listed above to the parent to whom 100% time-sharing is awarded on
 a temporary basis herein. The other parent shall not take the child(ren) from the parent to
 whom 100% time-sharing is awarded on a temporary basis herein or any child care provider or
 other person entrusted by the parent to whom 100% time-sharing is awarded on a temporary
 basis herein with the care of the child(ren).
[Initial if applies; write N/A if does not apply]
 ____ Neither party shall remove the minor child(ren) from the State of Florida, which is the
 jurisdiction of this Court, prior to the hearing on this temporary injunction. Violation of
 this custody order may constitute a felony of the third degree under sections 787.03 and
 787.04, Florida Statutes.
 13. Contact with Minor Child(ren). Unless otherwise provided in paragraph 14 below, the []
 Petitioner [ ] Respondent (i.e., the parent to whom 100% time-sharing is not awarded on a
 temporary basis herein) shall have no contact with the parties' minor child(ren) until farther
 order of the Court.
 14. Other Additional Provisions Relating to the Minor Child(ren).
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________

OTHER SPECIAL PROVISIONS

(This section to be wed for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

*287 DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION (Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

 1. The Sheriff of ______ County, or any other authorized law enforcement officer, is
 ordered to serve this temporary injunction upon Respondent as soon as possible after its
 issuance.
 2. This injunction is valid in all counties of the State of Florida. Violation of this injunction
 should be reported to the appropriate law enforcement agency. Law enforcement officers of the
 jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this
 injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida
 Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31,
 Florida Statutes.
 3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW
 ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION
 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney's Office
 immediately after arrest.
 4. THIS IS A "CUSTODY ORDER" FOR PURPOSES OF THE UCCJEA AND ALL STATUTES
 MAKING IT A CRIME TO INTERFERE WITH CUSTODY UNDER CHAPTER 787
 OF FLORIDA STATUTES AND OTHER SIMILAR STATUTES.
 5. Reporting alleged violations. If Respondent violates the terms of this injunction and there has
 not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which
 the violation occurred and complete an affidavit in support of the violation, or Petitioner may
 contact the State Attorney's office for assistance in filing an action for indirect civil contempt or
 indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby
 appointed to prosecute such violations by indirect criminal contempt proceedings, or the State
 Attorney may decide to file a criminal charge, if warranted by the evidence.
ORDERED on ________________________
 _____________________________________
 CIRCUIT JUDGE
COPIES TO:
Sheriff of __________ County
Petitioner (or his or her attorney): ________ by U.S. Mail ______ by hand delivery in open court
Respondent: ________ forwarded to sheriff for service
______ State Attorney's Office
______ Other: _____________________
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of __________ County, Florida, and that I have furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: _______________________________
 Deputy Clerk
Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice) (03/09),
 IN THE CIRCUIT COURT OF THE ______________________ _JUDICIAL CIRCUIT,
 IN AND FOR _____________________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
*288
____________________________________,
 Petitioner,
 and
____________________________________,
 Respondent.

FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN) (AFTER NOTICE)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.
It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.

HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be:
[ ] issued [ ] modified [ ] extended.
The hearing was attended by [ ] Petitioner [ ] Respondent
[ ] Petitioner's Counsel [ ] Respondent's Counsel

FINDINGS
On {date} ___________________, a notice of this hearing was served on Respondent together with a copy of Petitioner's petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.

INJUNCTION AND TERMS
This injunction shall be in full force and effect until [ ] further order of the Court or [ ] __________. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. SECTION 2262.
ORDERED and ADJUDGED:
 1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any
 acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated
 assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking,
 kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or
 death to Petitioner or any of Petitioner's family or household members. Respondent shall not
 commit any other violation of the injunction through an intentional unlawful threat, word or act to
 do violence to the Petitioner.
*289
 2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise
 provided in this section, or unless paragraphs 13 through 19 below provide for contact
 connected with the temporary parenting plan and temporary time-sharing with respect to
 the minor child(ren).
 a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent
 shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax,
 telephone, through another person, or in any other manner. Further, Respondent shall not
 contact or have any third party contact anyone connected with Petitioner's employment or
 school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise
 provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner's current
 residence {list address} _______________________________________________________________
 _________________________________________________________________________________________________
 or any residence to which Petitioner may move; Petitioner's current or any subsequent place
 of employment {list address of current employment} __________________ or place
 where Petitioner attends school {list address of school} ___________________; or the
 following other places (if requested by Petitioner) where Petitioner or Petitioner's minor
 child(ren) go often: ____________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.
 b. ___ Other provisions regarding contact: _____________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 3. Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her
 care, custody, possession or control any firearm or ammunition. It is a violation of section
 790.233, Florida Statutes, and a first degree misdemeanor, for the respondent to have in his
 or her care, custody, possession or control any firearm or ammunition.
[Initial if applies; write N/A if not applicable]
 a. ___ Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes,
 who holds an active certification, who receives or possesses a firearm or ammunition for
 use in performing official duties on behalf of the officer's employing agency and is not
 prohibited by the court from having in his or her care, custody, possession or control a
 firearm or ammunition. The officer's employing agency may prohibit the officer from
 having in his or her care, custody, possession or control a firearm or ammunition.
 b. ___ Respondent shall surrender any firearms and ammunition in the Respondent's possession
 to the ____________ County Sheriff's Department.
 c. ___ Other directives relating to firearms and ammunition: _______________________
 _____________________________________________________________________________
 _____________________________________________________________________________
NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. SECTION 922(g)(8).
 4. Evaluation/Counseling.
[Initial all that apply; write N/A if does not apply]
 a. Court finds that Respondent has:
 i. ___ willfully violated the ex parte injunction;
 ii. ___ been convicted of, had adjudication withheld on, or pled nolo contendere to a crime
 involving violence or a threat of violence; and/or
 iii. ___ in this state or any other state, had at any time a prior injunction for protection
 entered against the respondent after a hearing with notice. Note: If respondent
 meets any of the above enumerated criteria, the Court must order the Respondent to
 attend a batterers' intervention program unless it makes written factual findings
 stating why such a program would not be appropriate. See Section 741.30(6)(e),
 Florida Statutes.
 b. Within []10 days [] days, (but no more than 10 days) of the date of this injunction,
 Respondent shall enroll in and thereafter without delay complete the following, and Respondent
 shall provide proof of such enrollment to the Clerk of Circuit Court within
*290
 [] 30 days or [] days, (but no more than 30 days) of the date of this injunction:
 i. ____ A certified batterers' intervention program from a list of programs to be provided
 by the Court or any entity designated by the Court. Respondent shall also
 successfully complete any substance abuse or mental health evaluation that the
 assessing program counselor deems necessary as a predicate to completion of the
 batterers' intervention program.
 ii. ____ A substance abuse evaluation at: _____________________ or a similarly qualified
 facility and any substance abuse treatment recommended by that evaluation.
 iii. ____ A mental health evaluation by a licensed mental health professional at:
 ____________________________ or any other similarly qualified facility and any mental
 health treatment recommended by that evaluation.
 iv. ____ Other: ___________________________________________________________________________
 __________________________________________________________________________________
 c. ____ Although Respondent meets the statutory mandate of attendance at a batterers'
 intervention program, the Court makes the following written findings as to why the
 condition of batterers' intervention program would be inappropriate: _________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 d. ____ Petitioner is referred to a certified domestic violence center and is provided with a list of
 certified domestic violence centers in this circuit, which Petitioner may contact.
 5. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her
 mailing address within 10 days of the change. All further papers (excluding pleadings requiring
 personal service) shall be served by mail to Respondent's last known address. Such service by
 mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida
 Statutes.
 6. Other provisions necessary to protect Petitioner from domestic violence: ___________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________

TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial if applies; write N/A if not applicable]
 7. ___ Possession of the Home. [] Petitioner [] Respondent shall have temporary exclusive use
 and possession of the dwelling located at: _________________________________________________________
 ____________________________________________________________________________________________________
 8. ___ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the
 home shall accompany [] Petitioner [] Respondent to the home, and shall place []
 Petitioner [] Respondent in possession of the home.
 9. ___ Personal Items. [] Petitioner [] Respondent, in the presence of a law enforcement
 officer, may return to the premises described above () on __________________, at
 __________ a.m./p.m., or [ ] at a time arranged with the law enforcement department with
 jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose
 of obtaining his or her clothing and items of personal health and hygiene and tools of the
 trade. A law enforcement officer with jurisdiction over the premises shall go with []
 Petitioner [] Respondent to the home and stand by to insure that he/she vacates the
 premises with only his/her personal clothing, toiletries, tools of the trade, and any items
 listed in paragraph 10 below. The law enforcement agency shall not be responsible for
 storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED
 POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW
 ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
*291
 10. ____ The following other personal possessions may also be removed from the premises at this
 time: _________________________________________________________________________________
 _______________________________________________________________________________________
 11. ____ Other: ________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
TEMPORARY PARENTING PLAN AND TIMESHARING WITH MINOR CHILD(REN)
 12. Jurisdiction. [Initial one only.]
 ____ Jurisdiction to determine issues relating to parenting plan and time-sharing with respect to
 any minor child(ren) listed in paragraph 13 below is proper under the Uniform Child
 Custody Jurisdiction and Enforcement Act (UCCJEA).
 ____ Jurisdiction is exclusive to the dependency court, and accordingly no order is made herein.
 (Case Number ___________________.)
 13. Temporary Parenting Plan for Minor Child(ren). Except for that time-sharing (if any)
 specified for the other parent in paragraph 14, below, [] Petitioner [] Respondent shall on a
 temporary basis have 100% of the time-sharing with the parties' minor child(ren) listed below and
 shall have sole decision-making responsibility until further court order:

 Name Birth date
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________

 When requested by the parent to whom the majority of overnight time-sharing with the child(ren)
 is awarded on a temporary basis herein, in this case the [] Petitioner [] Respondent, law
 enforcement officers shall use any and all reasonable and necessary force to physically deliver the
 minor child(ren) listed above to the parent to whom the majority of overnight time-sharing with
 the child(ren) is awarded on a temporary basis herein. The other parent shall not take the
 child(ren) from the parent to whom the majority of overnight time-sharing with the child(ren) is
 awarded on a temporary basis herein or any child care provider or other person entrusted by the
 parent to whom the majority of overnight time-sharing with the child(ren) is awarded on a
 temporary basis herein with the care of the child(ren).
 14. Temporary Parenting Plan with Time-Sharing for Minor Child(ren). The Petitioner and
 Respondent shall have time-sharing with the minor child(ren) on the following schedule:
[Initial one only]
 a. ____ [] Petitioner [] Respondent shall have 100% of time-sharing and [ ] Petitioner
 [] Respondent shall have 0% of time sharing with the child(ren) until further order of
 the Court. Until further order of the Court, all parenting decisions shall be made by
 the parent with 100% of the time-sharing.
 b. ____ [] Petitioner [] Respondent shall have time-sharing from __________ a.m./p.m. to
 _______ a.m./p.m on the following day(s) ____________ The other
 parent will have the remaining time-sharing. _______________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 c. ___ Other: __________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 15. Limitations on Time-Sharing The time-sharing specified in paragraph 14, above, for
 [ ] Petitioner [ ] Respondent with the child(ren) shall be:
[Initial all that apply; write N/A if does not apply]
 a. ___ unsupervised.
 b. ___ supervised by the following specified responsible adult: __________________
 c. ___ at a supervised visitation center located at: ____________________________
 ___________________________________________________________________________.
 and shall be subject to the available times and rules of the supervised visitation center.
 The cost associated with the services of the supervised visitation center shall be paid by
*292
 [] parent to whom the majority of overnight time-sharing with the child(ren) is awarded
 on a temporary basis herein [ ] other parent [ ] both: ___________________________
 __________________________________________________________________________________.
 If specified, the level of supervision shall be: _________________________________.
 16. Arrangements for Time-Sharing with Minor Child(ren).
[Initial all that apply; write N/A if does not apply]
 a. ___ A responsible person shall coordinate the time-sharing arrangements with respect to the
 minor child(ren).
 If specified, the responsible person shall be: {name} ____________________________________
 b. ___ Other conditions for time-sharing arrangements as follows: ________________________________________
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
 17. Exchange of Minor Child(ren).
[Initial all that apply; write N/A if does not apply]
 a. ___ The parties shall exchange the child(ren) at [] school or daycare, or [] at the following
 location(s): ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 b. ___ A responsible person shall conduct all exchanges of the child(ren). The [] Petitioner []
 Respondent shall not be present during the exchange. If specified, the responsible
 person shall be: {name} _____________________________________________
 ______________________________________________________________________________
 c. Other conditions for exchange as follows: _____________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 18. Other Additional Provisions Relating to the Minor Child(ren).
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________

TEMPORARY SUPPORT
 19. Temporary Alimony.
 [Initial all that apply; write N/A if does not apply]
 a. ___ The court finds that there is a need for temporary alimony and that [ ] Petitioner [ ]
 Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay
 temporary alimony to [ ] Petitioner [ ] Respondent (hereinafter Obligee) in the amount of
 $ ______________________ per month, payable [ ] in accordance with Obligor's
 employer's payroll cycle, and in any event, at least once a month [ ] other {explain}
 _________________ beginning {date} _________. This alimony shall continue
 until modified by court order, until a final judgment of dissolution of marriage is
 entered, until Obligee dies, until this injunction expires, or until {date}
 ___________, whichever occurs first.
 b. ___ [ ] Petitioner [ ] Respondent shall be required to maintain health insurance coverage for
 the other party. Any uncovered medical costs for the party awarded alimony shall be
 assessed as follows: _______________________________________________________________________
 ____________________________________________________________________________________________.
 c. ___ Other provisions relating to alimony: ______________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 20. Temporary Child Support.
[Initial all that apply; write N/A if does not apply]
 a. ___ The Court finds that there is a need for temporary child support and that [] Petitioner
 [ ] Respondent (hereinafter Obligor) has the present ability to pay child support. The
*293
 amounts in the Child Support Guidelines Worksheet, Florida Family Law
 Form 12.902(e), filed by [ ] Petitioner [ ] Respondent are correct OR the Court makes the
 following findings: The Petitioner's net monthly income is $ _________, (Child Support
 Guidelines_____ %). The Respondent's net monthly income is $ _________, (Child
 Support Guidelines ______ %). Monthly child care costs are $ __________. Monthly
 health/dental insurance costs are $ _________.
 b. ___ Amount. Obligor shall pay temporary child support in the amount of $ _______, per month
 payable [ ] in accordance with Obligor's employer's payroll cycle, and in any event at
 least once a month () other {explain}: _______________________________________
 _______________________________________________________________________________________,
 beginning {date} ______, and continuing until further order of the court, or until
 {date/event} ___________________, {explain} ____________________. If the
 child support ordered deviates from the guidelines by more than 5%, the factual findings
 which support that deviation are: ______________________________________________________
 ________________________________________________________________________________________
 c. ___ () Petitioner () Respondent shall be required to maintain () health () dental insurance
 coverage for the parties' minor child(ren) so long as reasonably available. OR () Health
 () dental insurance is not reasonably available at this time.
 d. ___ Any reasonable and necessary uninsured medical/dental/prescription drug costs for
 the minor child(ren) shall be assessed as follows: ______________________________________
 _________________________________________________________________________________________
 e. ___ Florida Supreme Court Approved Family Law Form 12.902(j), Notice of Social
 Security Number, is incorporated herein by reference.
 f. ___ Other provisions relating to child support: ______________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 _________________________________________________________________________ Method of Payment.
[Initial one only]
 a. ___ Obligor shall pay any temporary child support/alimony ordered through income deduction,
 and such support shall be paid to the state disbursement unit. Obligor is
 individually responsible for paying this support obligation in the event that all or any
 portion of said support is not deducted from Obligor's income. Obligor shall also pay
 the applicable state disbursement unit service charge. Until child support/alimony
 payments are deducted from Obligor's paycheck pursuant to the Income Deduction
 Order, Obligor is responsible for making timely payments directly to the state disbursement
 unit.
 b. ___ Temporary child support/alimony shall be paid through the state disbursement unit in
 the office of the {name of county} ___________ County Clerk of Circuit Court.
 Obligor shall also pay the applicable state disbursement unit service charge. Income
 deduction is not in the best interests of the child(ren) because: _____________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 c. ___ Other provisions relating to method of payment: __________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________

OTHER SPECIAL PROVISIONS
(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)
DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION (Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)
 1. This injunction is valid in all counties of the State of Florida. Violation of this injunction
 should be reported to the appropriate law enforcement agency. Law enforcement officers of the
 jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this
 injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida
 Statutes, for any violation of its provisions, except those regarding child support and/or alimony,
 which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with
 this order, any subsequent court order issued under Chapter 61 or Chapter 39, Florida
 Statutes, shall take precedence over this order on all matters relating to property division,
*294
 alimony, parental responsibility, parenting plan, time-sharing, child custody, or child
 support.
 2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW
 ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION
 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney's Office
 immediately after arrest.
 3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has
 not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which
 the violation occurred and complete an affidavit in support of the violation, or Petitioner may
 contact the State Attorney's office for assistance in filing an action for indirect civil contempt or
 indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby
 appointed to prosecute such violations by indirect criminal contempt proceedings, or the State
 Attorney may decide to file a criminal charge, if warranted by the evidence.
 4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be
 bound by all matters occurring at the hearing and on the face of this injunction.
 5. The temporary injunction, if any, entered in this case is extended until such time as service
 of this injunction is effected upon Respondent.
 6. THIS IS A "CUSTODY ORDER" FOR PURPOSES OF THE UCCJEA AND ALL STATUTES
 MAKING IT A CRIME TO INTERFERE WITH CUSTODY UNDER CHAPTER 787
 OF FLORIDA STATUTES AND OTHER SIMILAR STATUTES.
ORDERED on _______________.
 __________________________________
 CIRCUIT JUDGE
COPIES TO:
Sheriff of _____________ County
Petitioner (or his or her attorney):
___ by U.S. Mail
___ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the
 original ordersee below.)
Respondent (or his or her attorney):
___ forwarded to sheriff for service
___ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the
 original ordersee below.)
___ by certified mail (may only be used when Respondent is present at the hearing and Respondent
 fails or refuses to acknowledge the receipt of a certified copy of this injunction.)
___ State Attorney's Office
___ Batterer's intervention program (if ordered)
___ Central Governmental Depository (if ordered)
___ Department of Revenue
___ Other ______________________
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of _______ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT
(SEAL)
 By: _______________________________________
 Deputy Clerk

ACKNOWLEDGMENT
I, {Name of Petitioner}, ______________ acknowledge receipt of a certified copy of this Injunction for Protection.
 Petitioner ____________________________

ACKNOWLEDGMENT
*295 I, {Name of Respondent} ______________, acknowledge receipt of a certified copy of this Injunction for Protection.
 Respondent ______________________________________

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(1), STEPPARENT ADOPTION: CONSENT AND WAIVER BY PARENT (03/09)

When should this form be used?
This form is to be completed and signed by the parent who is giving up all rights to, custody of, and time sharing with the minor child to be adopted. This consent shall not be executed before the birth of the minor child. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062-63.082, Florida Statutes, in particular.
This form should be typed or printed in black ink. It must be signed in the presence of a notary public or deputy clerk and two witnesses other than the notary or clerk. You should file this form with the Joint Petition for Adoption by Stepparent, Florida Supreme Court Approved Family Law Form 12.981(b)(1).
After completing this form, you should hand deliver a copy or duplicate original to the parent giving consent and have them sign the original saying they received a copy. Then you should file the original with the clerk of the circuit court in the county where the Joint Petition for Adoption by Stepparent, Florida Supreme Court Approved Family Law Form 12.981(b)(1) is filed and keep a copy for your records.

Special notes...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.981(a)(1), Stepparent Adoption: Consent and Waiver by Parent (03/09)
 IN THE CIRCUIT COURT OF THE ______________ JUDICIAL CIRCUIT,
 IN AND FOR ______________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
IN THE MATTER OF THE ADOPTION OF
____________________________________,
 Adoptee(s).

CONSENT AND WAIVER BY PARENT
 1. I, {full legal name} __________________, am the [&check; one only] () father or () mother of
 the minor child(ren) subject to this consent who is/are:

 Child's Current Name Gender Birth date Birthplace
 {city, county, state}
 a.
 b.

*296
 c.
 d.
 e.
 f.

 2. I relinquish all rights to, custody of, and time sharing with this (these) minor child(ren),
 {name(s)} ______________________________________________________________________,
 with full knowledge of the legal effect of the stepparent adoption and consent to the adoption by
 the child(ren)'s stepparent whose name is: [&check; one only]
 () {name} _______________________________________________________________________________
 () not required for my granting of this consent.
 3. I understand my legal rights as a parent and I understand that I do not have to sign this consent
 and release of my parental rights. I acknowledge that this consent is being given knowingly,
 freely, and voluntarily. I further acknowledge that my consent is not given under fraud or
 duress. I understand that there is a "grace period" in Florida during which I may revoke my
 consent. If the child to be adopted is older than 6 months at the time of consent, this grace
 period is for 3 days or until the child has been placed with the prospective adoptive parents,
 whichever is later. I understand that, in signing this consent, I am permanently and forever
 giving up all my parental rights to and interest in this (these) minor child(ren) and that this
 consent may only be withdrawn if the Court finds it was obtained by fraud or duress. I
 voluntarily, permanently relinquish all my parental rights to this (these) minor child(ren).
 4. I consent, release, and give up permanently, of my own free will, my parental rights to this
 (these) minor child(ren), for the purpose of stepparent adoption.
 5. I waive any further notice of the stepparent adoption proceeding.
 6. I understand that pursuant to Chapter 63, Florida Statutes, "an action or proceeding of any kind
 to vacate, set aside, or otherwise nullify a judgment of adoption or an underlying judgment
 terminating parental rights on any ground may not be filed more than 1 year after entry of the
 judgment terminating parental rights."
 7. I understand I have the right to choose a person who does not have an employment, professional,
 or personal relationship with the adoption entity or the prospective adoptive parents to be
 present when this affidavit is executed and to sign it as a witness. The witness I selected is: {full
 legal name} _________________________________.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and waiver and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: ________________________________ _________________________________
 Signature of Parent
 Printed Name: _____________________
 Address: __________________________
 City, State, Zip: _________________
 Telephone Number: _________________
 Fax Number: _______________________
___________________________________ _____________________________________
Signature of Witness Signature of Witness
Printed Name: _____________________ Printed Name: _______________________
Business Address: _________________ Business Address: ___________________
Home Address: _____________________ Home Address: _______________________
Driver's License or Driver's License or
State ID Card No.: ________________ State ID Card No.: __________________
STATE OF FLORIDA
COUNTY OF ______________
Sworn to or affirmed and signed before me on {date} _______ at {time} _______.
 ________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
*297
 _____________________________________________________________________
 [Print, type, or stamp commissioned name of notary or deputy clerk .]
___ Personally known
___ Produced identification
 Type of identification produced ______________________
I hereby acknowledge receipt of a copy or duplicate original of this executed Consent and Waiver.
 _______________________________
 Signature of Parent
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks]
I, {full legal name and trade name of nonlawyer} ____________________________________________,
a nonlawyer, located at {street} _______________________, {city} _______________________,
{state} __________________, {phone} _____________, helped {name} ______________,
fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(b)(1), JOINT PETITION FOR ADOPTION BY STEPPARENT (03/09)

When should this form be used?
This form should be used when a stepparent is adopting his or her spouse's child. Both the stepparent and his or her spouse must sign this petition. You must attach all necessary consents or acknowledgments that apply to your case, as listed under the Special Notes section below. Florida Statutes require that consent to adoption be obtained from:
 the mother of the minor.
 the father of the minor if:
1. the minor was conceived or born while the father was married to the mother;
2. the minor is his child by adoption;
3. the minor has been established by a court proceeding to be his child;
4. he has filed an affidavit of paternity pursuant to section 382.013(2)(c) Florida Statutes; or
5. in the case of an unmarried biological father, he has acknowledged in writing, signed in the presence of a competent witness, that he is the father of the minor, has filed such acknowledgment with the Office of Vital Statistics of the Department of Health within the required timeframes, and has complied with the requirements of section 63.062(2).
Determining whether someone's consent is required, or when consent may not be requiredis a complicated issue and you may wish to consult an attorney. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062-63.082 in particular.
This form should be typed or printed in black ink. The name to be given to the child(ren) after the adoption should be used in the heading of the petition. The stepparent is the petitioner, because he or she is the one who is asking the court for legal action. After completing this form, you and your spouse must sign it before a notary public or deputy clerk. You should then file the original and 1 copy with the clerk of the circuit court in the county where the minor resides unless the court changes the venue.

What should I do next?
For your case to proceed, you must have the written consent of the other birth parent and the child, if applicable. The court *298 may choose not to require consent to an adoption in some circumstances. For more information about situations where consent may not be required, see section 63.064, Florida Statutes. If you are attempting to proceed without the consent of the other birth parent, you may wish to consult with an attorney. Section 63.054, Florida Statutes, requires that in each adoption proceeding, the Florida Putative Father Registry be searched. You will need an order from the judge to do this, which you can request by filing a Motion for Search of the Putative Father Registry, Florida Supreme Court Approved Family Law Form 12.981(a)(6).
When you have filed all of the required forms and met the requirements as outlined above, you are ready to set a hearing on your petition. You should check with the clerk of court, family law intake staff or the judicial assistant to set a final hearing. If all persons required to consent have consented and the consents/affidavits of nonpaternity have been filed with the court, the hearing may be held immediately. If not, notice of the hearing must be given as provided by the Rules of Civil Procedure. See Form 1.902, Florida Rules of Civil Procedure. If you know where the other birth parent lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. In order to use constructive service you will need to complete and submit to the court Stepparent Adoption: Affidavit of Diligent Search, Florida Supreme Court Approved Family Law Form 12.981(a)(4). For more information about personal and constructive service, you should refer to the "General Instructions for Self-Represented Litigants" found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. See Chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.

Special notes...
With this petition you must file the following:
 Consent form executed by the birth parent, Stepparent Adoption: Consent and Waiver by Parent, Florida Supreme Court Approved Family Law Form 12.981(a)(1) or Stepparent Adoption: Affidavit of Nonpaternity, Florida Supreme Court Approved Family Law Form 12.981(a)(3).
 If any person whose consent is required is deceased, a certified copy of the death certificate must be attached to this Petition.
 Consent form executed by the minor child(ren), if the child(ren) is/are over 12 years of age, Stepparent Adoption: Consent of Adoptee, Florida Supreme Court Approved Family Law Form 12.981(a)(2). The court can excuse filing of this form under certain circumstances.
 Certified copy of the child(ren)'s birth certificate.
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 If applicable, Stepparent Adoption: Motion for Search of the Putative *299 Father Registry, Florida Supreme Court Approved Family Law Form 12.981(a)(6).
These family law forms contain a Final Judgment of Stepparent Adoption, Florida Supreme Court Approved Family Law Form 12.981(b)(2), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment form with you to the hearing. If so, you should type or print the heading, including the circuit, county case number, division, and the child(ren)'s names, and leave the rest blank for the judge to complete at your hearing. You should decide how many certified copies of the final judgment you will need and be prepared to obtain them after the hearing. There is a charge for certified copies, and the clerk can tell you how much. The file will be sealed after the final hearing, and then it will take an order from a judge to open the file and obtain a copy of the final judgment.
AN ADOPTIVE STEPPARENT WILL CONTINUE TO HAVE PARENTAL RIGHTS, INCLUDING CUSTODY AND TIMESHARING, WHERE APPROPRIATE, IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE, AND MAY BE LIABLE FOR CHILD SUPPORT IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE. YOU COULD BE LIABLE IN LITIGATION FOR THE ACTIONS OF THE ADOPTEE(S). THIS ADOPTION MAY ALSO AFFECT THE ADOPTEE'S INHERITANCE.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (03/09)
 IN THE CIRCUIT COURT OF THE _______________ JUDICIAL CIRCUIT,
 IN AND FOR _______________ COUNTY, FLORIDA
 Case No.: _____________________________
 Division: _____________________________
IN THE MATTER OF THE ADOPTION OF
________________________________________,
{use name to be given to child(ren)} Adoptee(s).

JOINT PETITION FOR ADOPTION BY STEPPARENT
Petitioner, {full legal name} _____________ being sworn, joined by the above-named child(ren)'s () mother () father, {full legal name} _____________________, being sworn, files this joint petition for adoption of the above-named minor child(ren), under chapter 63, Florida Statutes.
 1. This is an action for adoption of a minor child(ren) by his or her (their) stepparent.
 2. I desire to adopt the following child(ren):

 Name to be given to child(ren) Birth date Birthplace
 a.
 b.
 c.
 d.
 e.
 f.

*300
 A certified copy of the birth certificate(s) is/are attached.
 3. The child(ren) has (have) resided with me since {date} _______________. I wish to
 adopt the child(ren) because I would like to legally establish the parent-child relationship already
 existing between the child(ren) and me. Since the above date, I have been able to provide
 adequately for the material needs of the child(ren) and am able to continue doing so in the future,
 as well as to provide for the child(ren)'s mental and emotional well-being. Other reasons I wish
 to adopt the children are: ___________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 4. I am ______ years old, and have resided at {street address} ______________,
 {city} _________________ {county} _______ {state} _____________ for __________ years.
 5. I married the () father or () mother of the child(ren) on {date} _____________, in {city}
 ______________ {county} _________________, {state} ____________ The following are the
 dates and places of my dissolutions of marriage, if any:

 Date Place
 a. ________________________________________________________
 b. ________________________________________________________

 6. A completed Uniform Child Custody Jurisdiction and Enforcement Act Affidavit (UCCJEA),
 Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
 7. A description and estimate of the value of any property of the adoptee(s) is as follows:
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 8. Consent by the adoptee(s):
 () is attached for: Name(s) _______________________________________
 () is not required because the adoptee(s) is/are not 12 years of age: Name(s) _________
 () was excused by the court for: Name(s) ____________________________________________
 9. The following person(s) is/are required to consent and the consent form or affidavit of nonpaternity
 is/are attached _____________________________________________________________________
 10. The following person(s) whose consent is required has not consented. The facts/circumstances
 that excuse the lack of consent and would justify termination of this person's parental rights are:

 Name Address Facts/circumstances
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________

 11. A copy of this Petition was served on all known persons whose consent is required but did not
 waive notice, as well as on all persons whose consent is required but did not provide consent.
 Proof of service is attached.
[&check; if applies:]
____ A search of the Putative Father Registry maintained by the Office of Vital Statistics of the
 Department of Health has been requested, and if granted, the certificate from the State Registrar
 will be filed in this action.
WHEREFORE, I request that this Court terminate the parental rights of ________________, {name of parent whose rights are sought to be terminated}, enter a Final Judgment of Adoption of the Minor Child(ren) by Petitioner Stepparent and, as requested, change the name of the adoptee(s).
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
 Dated: ______________________________ ________________________________
 Signature of Stepparent
 Printed Name: __________________
 Address: _______________________
*301
 City, State, Zip: ____________________
 Telephone Number: ____________________
 Fax Number: __________________________
STATE OF FLORIDA
COUNTY OF __________________
Sworn to or affirmed and signed before me on ______ by ________________________.
 _________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ____________________________________________________________________
 [Print, type, or stamp commissioned name of notary or deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ________________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: ______________________________________ ____________________________________________
 Signature of () mother () father
 Printed Name: ______________________________
 Address: ___________________________________
 City, State, Zip: __________________________
 Telephone Number: __________________________
 Fax Number: ________________________________
STATE OF FLORIDA
COUNTY OF ___________
Sworn to or affirmed and signed before me on ______ by ___________________________.
 _________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ____________________________________________________________________
 [Print, type, or stamp commissioned name of notary or deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ________________________________________, a nonlawyer, located at {street} ______________________, {city} _________________, {state} ______, {phone} _________, helped {name} ________________________, who is the petitioner, fill out this form.
Florida Supreme Court Approved Family Law Form 12.981(b)(2), Final Judgment of Stepparent Adoption (03/09)
IN THE CIRCUIT COURT OF THE ________________________ JUDICIAL CIRCUIT,
 IN AND FOR ________________________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
*302
IN THE MATTER OF THE ADOPTION OF
________________________________________________________,
{use name to be given to child(ren)} Adoptee(s).

FINAL JUDGMENT OF STEPPARENT ADOPTION
Upon consideration of the Joint Petition for Adoption by Stepparent and the evidence presented, the Court finds that:
1. The Court has subject matter jurisdiction over the Joint Petition for Adoption by Stepparent.
2. The Court has jurisdiction over the minor child(ren) subject to the Joint Petition for Adoption by Stepparent.
3. Petitioner desires the permanent responsibility of a parent in this adoption.
4. There is no pending litigation regarding the child(ren) in Florida or in any other state, nor is there any other person not a party to these proceedings who has or claims to have physical custody or rights to the minor child(ren).
5. The consent of the birth () mother () father who is not married to Petitioner is:
[only one]
 ____ attached to the petition
 ____ not required because he or she is deceased. A certified copy of the death certificate is
 attached.
 ____ waived because:
[all that apply]
 ____ the parent has deserted the child without means of identification or has abandoned the
 child.
 ____ the parent's rights have been terminated by a court of competent jurisdiction.
 ____ the parent has been declared incompetent and restoration of competency is medically
 improbable.
 ____ the legal guardian or lawful custodian of the adoptee(s), other than the birth parent, who
 has failed to respond in writing to a request for consent for a period of 60 days or the Court
 has examined the written reasons for withholding consent and has found the withholding of
 consent to be unreasonable.
 ____ other: _________________________________________________________________________.
6. The best interests of the child(ren) will be promoted by this adoption.
7. The minor child(ren) is (are) suitable for adoption by Petitioner.
NOW, THEREFORE, IT IS ORDERED that:
1. The minor child(ren) subject to the Petition is (are) declared to be the legal child(ren) of Petitioner, {name} _______________________________________________________________________________
2. The minor children) shall be the child(ren) and legal heir(s) at law of Petitioner, {name} ________________________, and shall be entitled to all rights and privileges, and subject to all obligations, of children born of Petitioner.
3. All legal relations between the adoptee(s) and the parent whose rights are being terminated and between the adoptee(s) and the relatives of that parent are terminated by this adoption, as are all parental rights and responsibilities of that birth parent.
4. This Final Judgment of Adoption creates a relationship between the adoptee(s) and Petitioner and all relatives of Petitioner that would have existed if the adoptee(s) was (were) a blood descendant of the Petitioner, born within wedlock, entitled to all rights and privileges thereof, and subject to all obligations of a child being born to Petitioner.
5. The minor child(ren) shall hereafter be known as {full legal name(s)}:

_____________________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________
*303
______________________________________________________________________________________________________
ORDERED on ______________________.
 ____________________________________________
 CIRCUIT JUDGE
COPIES TO:
Petitioners (or their attorney)

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (03/09)

When should this form be used?
This form should be used by a birth mother or father to ask the court to establish paternity, a time-sharing schedule, and/or child support of a minor child or children. This means that you are trying to legally establish who is the father of the child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the respondent of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief. You should seek legal advice on constructive service in a paternity case. For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of Revenue if you need assistance with your case.
If personal service is used, the respondent has 20 days to answer after being served with your petition. . Your case will then generally proceed in one of the following three ways:
DEFAULT. . . If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. . . If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. . . If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, *304 after you have complied with mandatory disclosure, completed the scientific paternity testing, if necessary, and filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.983(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes. . .
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.
If the respondent files an answer denying that the person named in the petition is the child(ren)'s father, one of you should file a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e). This is used to ask the court to order a scientific test to determine who is the child(ren)'s father. If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a on this form.
If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a guardian ad litem to assist the court in this matter and to protect the rights of child.
With this petition, you must file the following and provide a copy to the other party:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)
 Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a), or Supervised/Safety Focused Parenting Plan, Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not *305 reached an agreement, a proposed Parenting Plan may be filed.
Parenting Plan and Time-Sharing. If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Many circuits require that parents of a minor or dependent child(ren) who are involved in dissolution or paternity actions attend mediation before being allowed to schedule a final hearing. A parenting course must be completed prior to entry of the final judgment. You should check with your local clerk of court's office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments. These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person *306 must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Relief (03/09)
 IN THE CIRCUIT COURT OF THE ______________________ JUDICIAL CIRCUIT,
 IN AND FOR _______________________ COUNTY, FLORIDA
 Case No.: ______________________
 Division: ______________________
___________________________________,
 Petitioner,
 and
___________________________________,
 Respondent.

PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
Petitioner, {full legal name} ___________________, being sworn, certifies that the following information is true:
This is an action for paternity and to determine parental responsibility, time-sharing, and child support under chapter 742, Florida Statutes.

SECTION I.
1. Petitioner is the [] mother [] father of the following minor child(ren):
 Name Place of Birth Birth date Sex
 (1). ___________________________________________________________________________________
 (2). ___________________________________________________________________________________
 (3). ___________________________________________________________________________________
 (4). ___________________________________________________________________________________
 (5). ___________________________________________________________________________________
 (6). ___________________________________________________________________________________
2. Petitioner's current address is: {street address, city, state} ______________________ _____________________________________________________________________________________________.
3. Respondent's current address is: {street address, city, state} ______________________ _____________________________________________________________________________________________.
4. Both parties are over the age of 18, and neither is, nor has been within a 30-day period immediately prior to this date, a person in the military service of the United States as defined by the Amended Sailors' and Soldiers' Civil Relief Act of 1940.
5. Neither Petitioner nor Respondent is mentally incapacitated.
6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
8. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
9. Paternity Facts.
[one only]
 a. ____ Paternity has previously been established as a matter of law.
*307
 b. ____ The parties engaged in sexual intercourse with each other in the month(s) of {list
 month(s) and year(s)} ______, at {city and state} ______________ As a result of the
 sexual intercourse, [] Petitioner [] Respondent conceived and gave birth to the minor
 child(ren) named in paragraph 1. [] Petitioner [] Respondent is the natural father of the
 minor child(ren). The mother [] was [] was not married at the time of the conception
 and/or birth of the minor child(ren) named in paragraph 1. If the mother was married,
 the name and address of her husband at the time of conception and/or birth is: ____
 ___________________________________________________________________________________

SECTION II. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY, AND TIME-SHARING
1. The minor child(ren) currently reside(s) with [] Mother []Father [] Other: {explain} ___________________________________________________________________________________.
2. Parental Responsibility. It is in the child(ren)'s best interests that parental responsibility be:
[one only]
 a. ____ shared by both Father and Mother.
 b. ____ Awarded solely to [] Father [] Mother. Shared parental responsibility would be
 detrimental to the child(ren) because: ____________________________________________________________
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
3. Parenting Plan and Time-Sharing. It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that [] includes [] does not include parental time-sharing with the child(ren). The Petitioner states that it is in the best interests of the child(ren) that:
(Choose only one)
 a. ____ The attached proposed Parenting Plan should be adopted by the court.
 The parties [] have [] have not agreed to the Parenting Plan.
 b. ____ The court should establish a Parenting Plan with the following provisions:
 [] No time-sharing for the [] Father [] Mother
 [] Limited time-sharing with the [] Father [] Mother
 [] Supervised time-sharing for the [] Father [] Mother.
 [] Supervised or third-party exchange of the child(ren).
 [] Time-sharing schedule as follows:
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 ______________________________________________________________________________________________.
 Explain why this schedule is in the best interests of the child(ren): _________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
4. The minor child(ren) should
(only one]
 a. ____ retain his/her (their) present name(s).
 b. ____ receive a change of name as follows:
 present name(s) be changed to
 (1). _____________________________________ (1). ____________________________________
 (2). _____________________________________ (2). ____________________________________
 (3). _____________________________________ (3). ____________________________________
 (4). _____________________________________ (4). ____________________________________
 (5). _____________________________________ (5). ____________________________________
 (6). _____________________________________ (6). ____________________________________

SECTION III. CHILD SUPPORT
[all that apply]
 1. ____ Petitioner requests that the Court award child support as determined by Florida's child
 support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines
 Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed.
 Such support should be ordered retroactive to
 [one only]
*308
 a. ____ The date when the parents did not reside together in the same household with the child,
 not to exceed a period of 24 months before the date of filing of this petition.
 b. ____ The date of the filing of this petition.
 c. ____ other: {date} ______. {Explain} ______________________________________
 ________________________________________________________________________________________
 2. ____ Petitioner requests that the Court award a child support amount that is more than or less
 than Florida's child support guidelines. Petitioner understands that a Motion to Deviate
 from Child Support Guidelines, Florida Supreme Court Approved Family Law Form
 12.943, must be completed before the Court will consider this request.
 3. ____ Petitioner requests that medical/dental insurance coverage for the minor child(ren) be
 provided by:
 one only]
 a. ____ Father.
 b. ____ Mother.
 4. ____ Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid by:
 [one only]
 a. ____ Father.
 b. ____ Mother.
 c. ____ Father and Mother each pay one-half.
 d. ____ Father and Mother each pay according to the percentages in the Child Support
 Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
 e. ____ Other {explain}: ___________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 5. ____ Petitioner requests that life insurance to secure child support be provided by:
 [one only]
 a. ____ Father.
 b. ____ Mother.
 c. ____ Both
 6. ____ [] Petitioner [] Respondent [] Both has (have) incurred medical expenses in the amount of
 $ _________ on behalf of the minor child(ren), including hospital and other expenses
 incidental to the birth of the minor child(ren). There should be an appropriate allocation or
 apportionment of these expenses.
 7. ____ [] Petitioner [] Respondent [] Both has (have) received past public assistance for this
 (these) minor child(ren).

PETITIONER'S REQUEST
1. Petitioner requests a hearing on this petition and understands that he or she must attend the hearing.
2. Petitioner requests that the Court enter an order that:
[all that apply]
a. establishes paternity of the minor child(ren), ordering proper scientific testing, if necessary;
b. adopts or establishes a Parenting Plan containing provisions for parental responsibility and time-sharing for the minor or dependent child(ren);
c. awards child support, including medical/dental insurance coverage for the minor child(ren);
d. determines the appropriate allocation or apportionment of all expenses incidental to the birth of the child(ren), including hospital and medical expenses;
e. determines the appropriate allocation or apportionment of all other past, present, and future medical and dental expenses incurred or to be incurred on behalf of the minor child(ren);
f. changes the child(ren)'s name(s);
g. other relief as follows: _____________________________________ ______________________________________________________________________ ______________________________________________________________________ _____________________________________________________________________; and grants such other relief as may be appropriate and in the best interests of the minor child(ren).
*309 I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: __________________________________
 __________________________________
 Signature of Petitioner
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF ___________
Sworn to or affirmed and signed before me on ______ by __________________.
 ______________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ______________________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _________________________________________, a nonlawyer, located at {street} ___________________________, {city} __________________, {state} ______, {phone} ______, helped {name} _________________________________, who is the respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(b), ANSWER TO PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (03/09)

When should this form be used?
This form should be used when you are responding to a petition to determine paternity. You may use this form to admit or deny the allegations contained in the petition. However, if you wish to ask the court for things not included in the petition, such as, parental responsibility and time-sharing or child support, you should file an Answer to Petition and Counter-petition to Determine Paternity and for Related Relief, Florida Supreme Court Approved Family Law Form 12.983(c).
This form should be typed or printed in black ink. After completing this form, you should sign this form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
If you deny that the person named in the petition is the child(ren)'s father, a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.
You have 20 days to file an answer to the other party's petition. A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. After you file your answer, the *310 case will generally proceed in one of the following two ways:
UNCONTESTED. This case is uncontested if you and the petitioner agree on all issues raised in the petition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either partly may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. This case is contested if you and the other party disagree on any issues raised in the petition. If you are unable to settle the disputed issues, either party may file a Notice for Trial Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes. . .
With this answer, you must file the following and provide a copy to the other party:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this form after the other party files his or her financial affidavit.)
Many circuits require completion of mediation before being allowed to schedule a final hearing. A parenting course must be completed prior to entry of the final judgment. You should check with your local clerk, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Parenting Plan and Time-Sharing. If the parents are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, *311 the court reserves jurisdiction to modify issues relating to minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401 and 61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments. These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must" give you a copy of a Disclosure from a Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (03/09)
 IN THE CIRCUIT COURT OF THE ______________________________ JUDICIAL CIRCUIT,
 IN AND FOR ______________________________ COUNTY, FLORIDA
 Case No.: ______________________________
 Division: ______________________________
______________________________,
 Petitioner,
*312
 and
______________________________,
 Respondent.

ANSWER TO PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
I, {full legal name} _____________________, Respondent, being sworn, certify that the following information is true:
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} ____ _________________________________________________________________________________________________________________.
2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those issues: {indicate section and paragraph number} ______ ________________________________________________________________________________________________________________.
3. I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _______________________________________________________________ ________________________________________________________________________________________________________________.
4. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
I certify that a copy of this document was [one only] [] mailed [] faxed and mailed [] hand delivered to the person(s) listed below on {date} _____________________________________.
Petitioner or his/her attorney:
Name: _____________________________________
Address: __________________________________
City, State, Zip: _________________________
Fax Number: _______________________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _________________________________________
 _________________________________________
 Signature of Respondent
 Printed Name: ___________________________
 Address: ________________________________
 City, State, Zip: _______________________
 Telephone Number: _______________________
 Fax Number: _____________________________
STATE OF FLORIDA
COUNTY OF _____________________________
Sworn to or affirmed and signed before me on ______ by ________________________________________.
 __________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 __________________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
*313
 Type of identification produced _________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________________, a nonlawyer, located at {street} __________________________, {city} ____________________, {state} ______, {phone} ______, helped {name} __________________________________, who is the respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(c), ANSWER TO PETITION AND COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (03/09)

When should this form be used?
This form should be used when you are responding to a petition to determine paternity and asking the court for something different than what was in the petition, such as parental responsibility, time-sharing, and child support. The answer is used to admit or deny the allegations contained in the petition, and the counterpetition is used to ask for whatever you want the court to do for you. The other party has 20 days to answer your counterpetition after being served with your counterpetition.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to file an answer or answer and counterpetition to the other party's petition. A copy of this form, along with all of the other forms required with this answer and counterpetition, must be mailed or hand delivered to the other party in your case.
If you deny that the person named in the petition is the child(ren)'s father, a Motion for Scientific Paternity Testing Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.
After you file an answer and counterpetition, the case will then generally proceed as follows:
UNCONTESTED. This case is uncontested if you and the other party agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. This case is contested if you and the other party disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

*314 Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants for some basic information. The words that are in bold underline in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes. . .
If the child(ren)'s father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a of the counterpetition part of this form. With this answer, you must file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Notice of Social Security Number Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you if not filed with this answer.)
 Certificate of Compliance with Mandatory Disclosure Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed with this answer, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)
 Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) or Supervised/Safety-Focused Parenting Plan, Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Many jurisdictions may require the completion of mediation before a final hearing may be set. A parenting course must be completed prior to entry of the final judgment. You should contact the office of your local clerk of court, family law intake staff, or the judicial assistant about requirements for parenting courses or mediation where you live.
Parenting Plan and Time-Sharing. If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is being served. For more information, you may consult section 61.401 and 61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or *315 their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendations
 Time-Sharing Schedule
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Parenting Plan. In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If the parties have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a)or a Supervised/Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. A Parenting Plan will be established by the court.
Final Judgments. These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Relief (03/09)
 IN THE CIRCUIT COURT OF THE ______________________________ JUDICIAL CIRCUIT,
 IN AND FOR ______________________________ COUNTY, FLORIDA
 Case No.: ______________________________
 Division: ______________________________
________________________________________________,
 Petitioner/Counterrespondent,
*316
 and
________________________________________________,
 Respondent/Counterpetitioner.

ANSWER TO PETITION AND COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
I, {full legal name} ________________________, Respondent, being sworn, certify that the following information is true:

ANSWER TO PETITION
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number} ____ __________________________________________________________________________________________________________________ _________________________________________________________________________________________________________________.
2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those issues: {indicate section and paragraph number} ____ __________________________________________________________________________________________________________________ __________________________________________________________________________________________________________________.
3. I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _________________________________________________________________ _________________________________________________________________________________________________________________.

COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF

SECTION I. PATERNITY
1. Respondent is the [] mother [] father of the following minor child(ren):
 Name Place of Birth Birth Date Sex
 (1). _________________________________________________________________________
 (2). _________________________________________________________________________
 (3). _________________________________________________________________________
 (4). _________________________________________________________________________
 (5). _________________________________________________________________________
 (6). _________________________________________________________________________
2. Petitioner's current address is: {street address, city, state} ________________ _______________________________________________________________________________________________.
3. Respondent's current address is: {street address, city, state} ________________ _______________________________________________________________________________________________.
4. Both parties are over the age of 18, and neither is, nor has been within a 30 day period immediately prior to this date, a person in the military service of the United States as defined by the Amended Sailors' and Soldiers' Civil Relief Act of 1940.
5. Neither Petitioner nor Respondent is mentally incapacitated.
6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this counterpetition.
7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.
8. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
9. Paternity Facts
[one only]
 a. ____ Paternity has previously been established as a matter of law.
 b. ____ The parties engaged in sexual intercourse with each other in the month(s) of {list
 month(s) and year(s)} ______, at {city and state} _______________________________________.
*317
 As a result of the sexual intercourse, [] Petitioner [] Respondent conceived and gave
 birth to the minor child(ren)-named in paragraph 1. [] Petitioner [] Respondent is the
 natural father of the minor child(ren). The mother [] was [] was not married at the
 time of the conception and/or birth of the minor child(ren) named in paragraph 1. If the
 mother was married, the name and address of her husband at the time of conception
 and/or birth is: _________________________________________________________________
 __________________________________________________________________________________.

SECTION II. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING
1. The minor child(ren) currently reside(s) with [] Mother [] Father [] Other: {explain} ____ __________________________________________________________________________________________________________.
2. Parental Responsibility. It is in the child(ren)'s best interests that parental responsibility be:
[one only]
 a. ____ shared by both Father and Mother.
 b. ____ awarded solely to [] Father [] Mother. Shared parental responsibility would be
 detrimental to the child(ren) because: _____________________________________________________________
 ____________________________________________________________________________________________________
 ____________________________________________________________________________________________________
 ___________________________________________________________________________________________________.
3. Parenting Plan and Time-Sharing. It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that [] includes [] does not include parental time-sharing with the child(ren). The Respondent states that it is in the best interests of the child(ren) that:
(Choose only one)
 a. ____ The attached proposed Parenting Plan should be adopted by the court.
 The parties [] have [] have not agreed to the Parenting Plan.
 b. ____ The court should establish a Parenting Plan with the following provisions:
 [] No time-sharing for the [____] Father [____] Mother.
 [] Limited time-sharing with the [____] Father [____] Mother.
 [] Supervised time-sharing for the [____] Father [____] Mother
 [] Supervised or third-party exchange for the child(ren).
 [] Time-sharing schedule as follows:
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 ____________________________________________________________________________________.
4. Explain why this request is in the best interests of the child(ren):
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
5. The minor child(ren) should:
[only one]
a. retain his/her (their) present name(s).
b. receive a change of name as follows:
 present name(s) be changed to
 (1). ____________________________________ (1). ____________________________________
 (2). ____________________________________ (2). ____________________________________
 (3). ____________________________________ (3). ____________________________________
 (4). ____________________________________ (4). ____________________________________
 (5). ____________________________________ (5). ____________________________________
 (6). ____________________________________ (6). ____________________________________

SECTION III. CHILD SUPPORT
[all that apply]
 1. ___ Respondent requests that the court award child support as determined by Florida's child
 support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines
 Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed.
 Such support should be ordered retroactive to:
 [one only]
*318
 a. ____ The date when the parents did not reside together in the same household with the child,
 not to exceed a period of 24 months before the date of filing of this counterpetition.
 b. ____ The date of the filing of this petition.
 c. ____ Other: {date} ______ {Explain} __________________________________
 ___________________________________________________________________________________
 2. ____ Respondent requests that the Court award a child support amount that is more than or
 less than Florida's child support guidelines. Respondent understands that a Motion to
 Deviate from Child Support Guidelines, Florida Supreme Court Approved Family
 Law Form 12.943, must be completed before the Court will consider this request.
 3. ____ Respondent requests that medical/dental insurance coverage for the minor child(ren) be
 provided by:
 [one only]
 a. ____ Father.
 b. ____ Mother.
 4. ____ Respondent requests that uninsured medical/dental expenses for the child(ren) be paid by:
 [one only]
 a. ____ Father.
 b. ____ Mother.
 c. ____ Father and Mother each pay one-half.
 d. ____ Father and Mother each pay according to the percentages in the Child Support
 Guidelines Worksheet, Florida Family Law`Rules of Procedure Form 12.902(e).
 e. ____ Other {explain}: __________________________________________________________
 ____________________________________________________________________________________
 ___________________________________________________________________________________.
 5. ____ Respondent requests that life insurance to secure child support be provided by:
 [one only]
 a. ____ Father.
 b. ____ Mother.
 c. ____ Both.
 6. ____ [] Petitioner [] Respondent [] Both has (have) incurred medical expenses in the amount of
 $ _________ on behalf of the minor child(ren), including hospital and other expenses
 incidental to the birth of the minor child(ren). There should be an appropriate allocation or
 apportionment of these expenses.
 7. ____ [] Petitioner [] Respondent [] Both has (have) received past public assistance for this
 (these) minor child(ren).
RESPONDENT'S REQUEST
1. Respondent requests a hearing on this petition and understands that he or she must attend the hearing.
2. Respondent requests that the Court enter an order that:
[all that apply]
 a. ____ establishes paternity of the minor child(ren), ordering proper scientific testing, if
 necessary;
 b. ____ establishes a Parenting Plan containing provisions for parental responsibility and time-sharing
 for the minor or dependent child(ren);
 c. ____ Awards child support, including medical/dental insurance coverage, for the minor
 child(ren);
 d. ____ determines the appropriate allocation or apportionment of all expenses incidental to the
 birth of the children), including hospital and medical expenses;
 e. ____ determines the appropriate allocation or apportionment of all other past, present, and
 future medical and dental expenses incurred or to be incurred on behalf of the minor
 child(ren);
 f. ____ changes the child(ren)'s name(s); and
 g. ____ Other relief as follows: ______________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 ______________________________________________________________________________________;
*319
 and grants such other relief as may be appropriate and in the best interests of the minor
 child(ren).
 I certify that a copy of this document was [one only] [] mailed [] faxed and mailed [] hand
 delivered to the person(s) listed below on {date} _____________________________________.
Petitioner or his/her attorney:
Name: ________________________________
Address: _____________________________
City, State, Zip: ____________________
Fax Number: __________________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: __________________________________
 ______________________________________________
 Signature of Respondent/Counterpetitioner
 Printed Name: ________________________________
 Address: _____________________________________
 City, State, Zip: ____________________________
 Telephone Number: ____________________________
 Fax Number: __________________________________
STATE OF FLORIDA
COUNTY OF _____________
Sworn to or affirmed and signed before me on ______ by __________________________________.
 _________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _________________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced _____________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________________, a nonlawyer, located at {street} _________________________, {city} ________________, {state} _________, {phone} _________, helped {name} _______________________, who is the respondent, fill out this form.
Florida Supreme Court Approved Family Law Form 12.983(g), Final Judgement of Paternity (03/09)
 IN THE CIRCUIT COURT OF THE ______________________ JUDICIAL CIRCUIT,
 IN AND FOR _______________________ COUNTY, FLORIDA
 Case No.: ______________________
 Division: ______________________
___________________________________,
 Petitioner,
*320
 and
___________________________________,
 Respondent.

FINAL JUDGMENT OP PATERNITY
This cause came before the Court upon a Petition to Determine Paternity and for Related Relief, under chapter 742, Florida Statutes. The Court having reviewed the file and having heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction of the subject matter and the parties.
2. Paternity. [one only] [] By operation of law, [] The Court finds that {full legal name} ____ ______________________, is the natural and biological father of the minor child(ren), listed below:
 The parties' dependent or minor child(ren) is (are):
 Name Birth date
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________

SECTION I. PARENTAL RESPONSIBILITY AND PARENTING PLAN ESTABLISHING TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine parental responsibility and to adopt or establish a Parenting Plan with time-sharing with regards to the child(ren) listed in paragraph 2 above.
2. Parental Responsibility and Parenting Plan for the Minor Child(ren).
 [one only]
 a. ____ Not adjudicated. Since no request for relief was made in this action, parental
 responsibility of the minor child(ren) is governed by sections 742.031 and 744.301,
 Florida Statutes.
 b. ____ Parenting Plan. The parties shall comply with the Parenting Plan which is attached
 hereto and incorporated herein as Exhibit ______.

SECTION II. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the [] Mother [] Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the [] Mother [] Father are correct OR the Court makes the following findings: The Mother's net monthly income is $ _________, (Child Support Guidelines ____%). The Father's net monthly income is $ _________, (Child Support Guidelines ____%). Monthly child care costs are $ _________. Monthly health/dental insurance costs are $ _________.
2. Amount. Obligor shall be obligated to pay child support in the amount of $ _________ per month payable () in accordance with Obligor's employer's payroll cycle, and in any event at least once a month () other {explain}: ______________________________________________________________________________ ______________________________________________________________________________ beginning {date} _________, and continuing until
() the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files a supplemental petition to modify child support and the court enters such an order.
OR
() {date/event} _____________________________________________________________________________, {explain} ________________________________________________________________________________________. *321 If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _________________________________________________________________________ ___________________________________________________________________________________________________________ ___________________________________________________________________________________________________________
3. Arrearage/Retroactive Child Support.
 [if applies]
 a. ____ There is no retroactive child support or arrearage at the time of this Final Judgment.
 b. ____ () Mother []) Father [] both has (have) incurred medical expenses in the amount of
 $ _________ on behalf of the minor child(ren), including hospital and other expenses
 incidental to the birth of the minor child(ren). Petitioner shall pay ____%, Respondent
 shall pay ______%, which shall be paid as follows: [] added to arrearage in paragraph c
 below () other {explain} _____________________________________________________________
 _______________________________________________________________________________________________
 c. ____ The [] Mother [] Father shall pay to the other party the child support arrearage of:
 $_________ for retroactive child support, as of {date} _________
 $_________ for previously ordered unpaid child support, as of {date} _________.
 $_________ for previously incurred medical expenses.
 The total of $_________ in child support arrearage shall be repaid at the rate of
 $_________ per month, payable [] in accordance with Obligor's employer's payroll
 cycle, and in any event at least once a month [] other {explain} ______________
 _______________________________________________________________________________________,
 beginning {date} _________, until paid in full including statutory interest.
4. Insurance.
 [all that apply]
 a. ____ Health/Dental Insurance. [] Mother [] Father shall be required to maintain [] health
 [] dental insurance coverage for the parties' minor child(ren), so long as reasonably
 available. The party providing coverage shall be required to convey insurance cards
 demonstrating said coverage to the other party. OR [] Health [] dental insurance is
 not reasonably available at this time.
 b. ____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the
 minor child(ren) shall be assessed as follows:
 [] Shared equally by both parents.
 [] Prorated according to the child support guideline percentages.
 [] Other {explain}: _____________________________________________________________________
 __________________________________________________________________________________________________.
 As to these uninsured medical/dental/prescription drug expenses, the party who incurs
 the expense shall submit request for reimbursement to the other party within 30 days,
 and the other party, within 30 days of receipt, shall submit the applicable reimbursement
 for that expense, according to the schedule of reimbursement set out in this
 paragraph.
5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, [] Mother [] Father [] each party shall maintain life insurance coverage, in an amount of at least $ ________, on [] his life [] her life [] his/her life naming the [] minor child(ren) as the beneficiary(ies) [] primary residential parent as the beneficiary as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall be as follows:_________________________________________________________________________________________________ ______________________________________________________________________________________________________________. Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7. Other provisions relating to child support: ________________________________________________ _______________________________________________________________________________________________________________ _______________________________________________________________________________________________________________

SECTION III. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:

*322 1. Central Governmental Depository.
 [if applies]
 a. ____ Obligor shall pay court-ordered support directly to the Central Governmental Depository
 in {name} _________ County, along with any depository service charge.
 b. ____ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository
 pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through the
 Central Governmental Depository.
2. Income Deduction.
 [if applies]
 a. ____ Immediate. Obligor shall pay through income deduction, pursuant to a separate
 Income Deduction Order which shall be effective immediately. Obligor is individually
 responsible for paying this support obligation until all of said support is deducted from
 Obligor's income. Until support payments are deducted from Obligor's paycheck,
 Obligor is responsible for making timely payments directly to the Central Governmental
 Depository or the Obligee, as previously set forth in this order.
 b. ____ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $ _________, or, if not specified, an amount equal to one month's
 obligation occurs. Income deduction is not being implemented immediately based on the
 following findings: Income deduction is not in the best interests of the child(ren)
 because: {explain} _________________________________________________________________________________
 _____________________________________________________________________________________________________________
 ____________________________________________________________________________________________________________,
 AND
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order in cases of modification,
 AND
 [] there is an agreement by the Obligor to advise the central governmental depository of
 any change in payor and health insurance OR [] there is a signed written agreement
 providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. [] All [] ______% [] No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. _________________________________________________________________________________________________ _________________________________________________________________________________________________

SECTION IV. CHILD(REN)'S NAME(S)
 a. ____ There shall be no change to the child(ren)'s name(s).
 b. ____ It is in the child(ren)'s best interests that the child(ren)'s
 present name(s) shall be changed to
 (1) _____________________________________ (1) ____________________________________
 (2) _____________________________________ (2) ____________________________________
 (3) _____________________________________ (3) ____________________________________
 (4) _____________________________________ (4) ____________________________________
 (5) _____________________________________ (5) ____________________________________
 (6) _____________________________________ (6) ____________________________________
 by which the minor child(ren) shall hereafter be known.

SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY
1. [] Petitioner's [] Respondent's request(s) for attorney fees, costs, and suit money is (are) denied because ____________________________________________________________________________________________________ ____________________________________________________________________________________________________________
2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. [] Petitioner [] Respondent is hereby ordered to pay to the other party $_________ in attorney fees, and $______ in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_________ per hour and _________ reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: ___________________________________________ ____________________________________________________________________________________________________________ ____________________________________________________________________________________________________________

*323 3. The costs of the scientific paternity testing shall be assessed: [] against Petitioner [] against Respondent [] Other {explain} ____________________________________

SECTION VI. OTHER PROVISIONS
 1. Other Provisions. _________________________________________________________________________
 ______________________________________________________________________________________________________
 ______________________________________________________________________________________________________
 ______________________________________________________________________________________________________
 ______________________________________________________________________________________________________
 ______________________________________________________________________________________________________
 2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
ORDERED on _________________________.
 _______________________________
 CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
____ Other: ______________________________
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of _________ County, Florida, and that I have furnished copies of this order as indicated above.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: _________________________________________
 Deputy Clerk
Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Minor Child(ren) (Uncontested) (03/09)
 IN THE CIRCUIT COURT OF THE ______________________ JUDICIAL CIRCUIT,
 IN AND FOR _______________________ COUNTY, FLORIDA
 Case No.: ______________________
 Division: ______________________
___________________________________,
 Petitioner,
 and
___________________________________,
 Respondent.

FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN) (UNCONTESTED)
*324 This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.
4. Marital Settlement Agreement. The parties have voluntarily entered into a Marital Settlement Agreement and Parenting Plan, and each has filed the required Family Law Financial Affidavit Therefore, the Marital Settlement Agreement and Parenting Plan is filed as "Exhibit A" in this case and is ratified and made a part of this final judgment. The parties are ordered to obey all of the provisions.
5. The Court finds that the parties have the present ability to pay support as agreed to in the marital settlement agreement as ratified and made part of this final judgment.
6. () yes (") no. The wife's former name of {full legal name} ____________________________ is restored.
7. The Court reserves jurisdiction to modify and enforce this final judgment.
ORDERED on ______________.
 _______________________________________________
 CIRCUIT JUDGE
A copy of the {name of document(s)} ___________________was [only one] () mailed () faxed and mailed () hand delivered to the parties listed below on {date} ____________ by {clerk of court or designee} __________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other: ____________________________________
Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/09)
 IN THE CIRCUIT COURT OF THE ______________________ JUDICIAL CIRCUIT,
 IN AND FOR _______________________ COUNTY, FLORIDA
 Case No.: ______________________
 Division: ______________________
___________________________________,
 Petitioner,
 and
___________________________________,
 Respondent.

FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE *325 WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.

SECTION I. MARITAL ASSETS AND LIABILITIES
A. Date of Valuation of Property. The assets and liabilities listed below are divided as indicated. The date of valuation of these assets and liabilities is, unless otherwise indicated:
 a. ____ date of filing petition for dissolution of marriage.
 b. ____ date of separation.
 c. ____ date of divorce trial.
B. Division of Assets.
1. The assets listed below are nonmarital assets. Each party shall keep, as his or her own, the assets found to be nonmarital, and the other party shall have no further rights or responsibilities regarding these assets.

-----------------------------------------------------------------------------------------------
ASSETS: DESCRIPTION OF ITEM(S) Current Fair Wife's Husband's
(Describe each item as clearly as possible. You do not Market Nonmarital Nonmarital
need to list account numbers.) Value Property Property
-----------------------------------------------------------------------------------------------
 $ $ $
-----------------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------------
------------------------------------------------------
Total Nonmarital Assets
-----------------------------------------------------------------------------------------------

2. The assets listed below are marital assets. Each party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets. Any personal item(s) not listed below are awarded to the party currently in possession or control of the item(s).

-----------------------------------------------------------------------------------------
ASSETS: DESCRIPTION OF ITEM(S) Current Fair Wife Husband
(Describe each item as clearly as possible. You do not Market Shall Shall
need to list account numbers.) Value Receive Receive
-----------------------------------------------------------------------------------------
Cash (on hand or in banks/credit unions) $ $ $
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
Stocks/bonds
------------------------------------------------------
-----------------------------------------------------------------------------------------
Notes
-----------------------------------------------------------------------------------------
Business interests
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
Real estate: (Home)
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
Automobiles

*326
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
Boats
-----------------------------------------------------------------------------------------
Furniture & furnishings
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
Jewelry
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
Life insurance (cash surrender value)
-----------------------------------------------------------------------------------------
Retirement Plans (Profit sharing, Pension, IRA, 401(k)s,
etc.)
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
Other assets
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------
Total Marital Assets $ $ $
-----------------------------------------------------------------------------------------

C. Division of Liabilities/Debts.
1. The liabilities listed below are nonmarital liabilities and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts.

------------------------------------------------------------------------------------------
LIABILITIES: DESCRIPTION OF DEBT(S) Current Wife's Husband's
(Describe each item as clearly as possible. You do not Amount Nonmarital Nonmarital
need to list account numbers.) Owed Liability Liability
------------------------------------------------------------------------------------------
 $ $ $
------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------
------------------------------------------------------
------------------------------------------------------------------------------------------
Total Nonmarital Liabilities $ $ $
------------------------------------------------------------------------------------------

*327 2. The liabilities listed below are marital liabilities and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.

----------------------------------------------------------------------------------
LIABILITIES: DESCRIPTION OF DEBT(S) Current Wife Husband
(Describe each item as clearly as possible. You do not Amount Shall Shall
need to list account numbers.) Owed Pay Pay
----------------------------------------------------------------------------------
Mortgages on real estate: (Home) $ $ $
----------------------------------------------------------------------------------
(Other)
----------------------------------------------------------------------------------
------------------------------------------------------
Charge/credit card accounts
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
Auto loan
----------------------------------------------------------------------------------
Auto loan
----------------------------------------------------------------------------------
Bank/Credit Union loans
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
Other
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
----------------------------------------------------------------------------------
Total Marital Liabilities $ $ $
----------------------------------------------------------------------------------

D. Contingent assets and liabilities will be divided as follows: ____________ __________________________________________________________________________________ __________________________________________________________________________________
E. The distribution of assets and liabilities in this final judgment is equitable; if each party does not receive approximately one-half, the distribution is based on the following facts and reasoning: __________________________________________________________________________________ __________________________________________________________________________________ __________________________________________________________________________________ __________________________________________________________________________________

SECTION II. EXCLUSIVE USE AND POSSESSION OF HOME [&check; all that apply]
 1. ____ () Petitioner () Respondent, as a condition of support, shall have exclusive use and
 possession of the dwelling located at: __________________________ until {date or event}
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
*328
 2. ____ () Petitioner () Respondent may make visits to the premises described in the paragraph
 above for the purpose of obtaining any items awarded in this Final Judgment. These
 visits shall occur after notice to the person granted exclusive use and possession of the
 dwelling and at the earliest convenience of both parties or as ordered in paragraph 4
 below.
 3. ____ Upon the termination of the right of exclusive use and possession, the dwelling shall be
 sold and the net proceeds divided ____% to Petitioner and ____% to Respondent,
 with the following credits and/or setoffs being allowed: ______________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 4. ____ Other: ________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________

SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine parental responsibility, to establish or adopt a Parenting Plan, and time-sharing schedule with regards to the minor child(ren) listed in paragraph 2 below.
2. The parties' dependent or minor child(ren) is (are):
 Name Birth date
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
 ______________________________________________________________________________
3. Parenting Plan. The parties shall comply with the Parenting Plan which is attached and incorporated herein as Exhibit ____.

SECTION IV. ALIMONY
1. () The Court denies the request(s) for alimony OR () The Court finds that there is a need for, and that () Petitioner () Respondent (hereinafter Obligor) has/had the present ability to pay, alimony as follows:
[&check; all that apply]
 a. ____ Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the
 amount of $_________ per month, payable () in accordance with Obligors employer's
 payroll cycle, and in any event, at least once a month () other {explain} _________
 ____________________________________________________________________________________________
 beginning {date} _________. This alimony shall continue until modified by court order,
 the death of either party, or remarriage of Obligee, whichever occurs first.
 b. ____ Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of
 $____________.
 This amount shall be paid as follows: _________________________________________________
 c. ____ Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of
 $_________ per month, payable () in accordance with Obligor's employer's payroll
 cycle, and in any event, at least once a month () other {explain} _________________
 ____________________________________________________________________________________________
 beginning {date} _________________. This rehabilitative alimony shall continue
 until modified by court order, the death of either party or until {date/event}
 _____________________________, whichever occurs first. The rehabilitative plan presented
 demonstrated the following: ________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
*329
 d. ____ Retroactive. Obligor shall pay retroactive alimony in the amount of $ _________ for
 the period of {date} ____________, through {date} ____________, which shall be
 paid pursuant to paragraph 3 below.
2. Reasons for () Awarding () Denying Alimony. The Court has considered all of the following in awarding/denying alimony:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; and
f. All sources of income available to either party.
Additionally, the Court has considered the following factors in reaching its decision:
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
()Check here if additional pages are attached.
3. Arrearage/Retroactive Alimony.
[&check; one only]
 a. ____ There is no alimony arrearage at the time of this Final Judgment.
 b. ____ The () Petitioner () Respondent shall pay to the other party the alimony arrearage of:
 $________ for retroactive alimony, as of {date} _________. $ _________, for
 previously ordered unpaid alimony, as of {date} ____________. The total of
 $________ in alimony arrearage shall be repaid in the amount of $_________ per
 month, payable () in accordance with Obligor's employer's payroll cycle, and in any
 event at least once a month () other {explain} _____________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 beginning {date} ___________, until paid in full including statutory interest.
4. Insurance.
[&check; all that apply]
 a. ____ Health Insurance. () Petitioner () Respondent shall be required to pay health
 insurance premiums for the other party not to exceed $_________ per month. Further,
 () Petitioner () Respondent shall pay any reasonable and necessary uninsured medical
 costs for the other party not to exceed $_________ per year. As to these uninsured
 medical expenses, the party who is entitled to reimbursement of the uninsured medical
 expense shall submit request for reimbursement to the other party within 30 days, and
 the other party shall, within 30 days after receipt, submit the applicable reimbursement
 for that expense.
 b. ____ Life Insurance (to secure payment of support). To secure the alimony obligations set
 forth in this judgment, Obligor shall maintain life insurance coverage on his/her life
 naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This
 insurance shall be in the amount of at least $_________ and shall remain in effect until
 the obligation for alimony terminates.
5. Other provisions relating to alimony:
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 _________________________________________________________________________________________.

SECTION V. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the () Mother () Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the () Mother () Father are correct OR the Court makes the following findings: The Mother's net monthly income is $_________, (Child Support Guidelines ____%). The Fathers net monthly income is $_________, (Child Support Guidelines ____%). Monthly child care costs are $________. Monthly health/dental insurance costs are $_________.

*330 2. Amount. Obligor shall be obligated to pay child support in the amount of $_________, per month payable () in accordance with Obligor's employer's payroll cycle, and in any event at least once a month () other {explain}: ___________________________________________________________________ ______________________________________________________________________________________________________________________ beginning {date} _________, and continuing until () the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files a supplemental petition to modify child support and the court enters such an order.
OR
() {date/event} _______________________________________________________________________________________, {explain}_____________________________________________________________________________________________________________________.
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____________________________________________________________________________________________________ _______________________________________________________________________________________________________________________________________ _______________________________________________________________________________________________________________________________________
3. Arrearage/Retroactive Child Support.
>[&check; one only]
 a. ____ There is no child support arrearage at the time of this Final Judgment.
 b. ____ The () Mother () Father shall pay to the other party the child support arrearage of:
 $_________ for retroactive child support, as of {date} _________. $_________ for
 previously ordered unpaid child support, as of {date} _________. The total of
 $_________ in child support arrearage shall be repaid in the amount of $_________
 per month, payable () in accordance with Obligors employers payroll cycle, and in any
 event at least once a month () other {explain} ____________________________________
 _____________________________________________________________________________________________
 beginning {date} _________, until paid in full including statutory interest.
4. Insurance.
[&check; all that apply]
 a. ____ Health/Dental Insurance. () Mother () Father shall be required to maintain () health
 () dental insurance coverage for the parties minor child(ren), so long as reasonably
 available. The party providing coverage shall be required to convey insurance cards
 demonstrating said coverage to the other party. OR () Health () dental insurance is
 not reasonably available at this time.
 b. ____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the
 minor child(ren) shall be assessed as follows:
 () Shared equally by both parents.
 () Prorated according to the child support guideline percentages.
 () Other {explain}: _____________________________________________________________
 __________________________________________________________________________________________
 As to these uninsured medical/dental/prescription drug expenses, the party who incurs
 the expense shall submit request for reimbursement to the other party within 30 days,
 and the other party, within 30 days of receipt, shall submit the applicable reimbursement
 for that expense, according to the schedule of reimbursement set out in this
 paragraph.
 5. ____ Life Insurance (to secure payment of support). To secure the child support obligations
 in this judgment, () Petitioner () Respondent () Each party shall maintain life
 insurance coverage, in an amount of at least $________, on () his life () her life () his/her
 life naming the () minor child(ren) as the beneficiary(ies) () primary residential parent
 as the beneficiary as Trustee for the minor child(ren), so long as reasonably available.
 The obligation to maintain the life insurance coverage shall continue until the youngest
 child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall be as follows: ______________________________________________________________________________________ _____________________________________________________________________________________________________ _____________________________________________________________________________________________________
*331
 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of
 this paragraph.
 7. Other provisions relating to child support: _____________________
 _______________________________________________________________
 _______________________________________________________________

SECTION VI. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
 1. Central Governmental Depository.
[&check; if applies]
 a. ____ Obligor shall pay court-ordered support directly to the Central Governmental Depository
 in {name} ________________ County, along with any depository service
 charge.
 b. ____ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository
 pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through the
 Central Governmental Depository.
 2. Income Deduction.
[&check; if applies]
 a. ____ Immediate. Obligor shall pay through income deduction, pursuant to a separate
 Income Deduction Order which shall be effective immediately. Obligor is individually
 responsible for paying this support obligation until all of said support is deducted from
 Obligor's income. Until support payments are deducted from Obligor's paycheck,
 Obligor is responsible for making timely payments directly to the Central Governmental
 Depository or the Obligee, as previously set forth in this order.
 b. ____ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $__________, or, if not specified, an amount equal to one month's
 obligation occurs. Income deduction is not being implemented immediately based on the
 following findings: Income deduction is not in the best interests of the child(ren)
 because: {explain} ____________________________________
 ________________________________________________________________
 ________________________________________________________________,
 AND
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order in cases of modification,
 AND
 () there is an agreement by the Obligor to advise the central governmental depository of
 any change in payor and health insurance OR () there is a signed written agreement
 providing an alternative arrangement between the Obligor and the Obligee.
 3. Bonus/one-time payments. () All () ___________% () No income paid in the form of a
 bonus or other similar one-time payment, up to the amount of any arrearage or the remaining
 balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the
 payment method prescribed above.
 4. Other provisions relating to method of payment. _________________
 _________________________________________________________________
 _________________________________________________________________

SECTION VII. ATTORNEY FEES, COSTS, AND SUIT MONEY
 1. ____ () Petitioner's () Respondent's request(s) for attorney fees, costs, and suit money is
 (are) denied because ___________________________________________
 ________________________________________________________________.
 2. ____ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit
 money. () Petitioner () Respondent is hereby ordered to pay to the other party
 $ ______ in attorney fees, and $_______ in costs. The Court further finds that the
 attorney fees awarded are based on the reasonable rate of $ _____ per hour and
 __________ reasonable hours. Other provisions relating to attorney fees, costs, and suit
 money are as follows: _____________________________________
*332
 ________________________________________________________________
 ________________________________________________________________

SECTION VIII. OTHER PROVISIONS
 1. Former Name. The wife's former name of {full name} __________________ is restored.
 2. Other Provisions. _______________________________________
 _________________________________________________________________
 _________________________________________________________________
 3. The Court reserves jurisdiction to modify and enforce this Final Judgment.
ORDERED on _____________________.
 ________________________________
 CIRCUIT JUDGE
A copy of the {name of document(s)} ________________ was [&check; only one] () mailed () faxed and mailed () hand delivered to the parties listed below on {date} _______________ by {clerk of court or designee} ____________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other ___________________
Florida Supreme Court Approved Family
Law Form 12.993(a), Supplemental Final
Judgment Modifying Parental Responsibility
Visitation, or Parenting Plan/Time
Sharing Schedule and Other Relief (03/09)
 IN THE CIRCUIT COURT OF THE ____________ JUDICIAL CIRCUIT,
 IN AND FOR ______________ COUNTY, FLORIDA
 Case No.: ______________________
 Division: ______________________
___________________________________,
 Petitioner,
 and
____________________________________,
 Respondent.

SUPPLEMENTAL FINAL JUDGMENT MODIFYING PARENTAL RESPONSIBILITY, VISITATION, OR PARENTING PLAN/TIME-SHARING SCHEDULE AND OTHER RELIEF
This cause came before this Court on a Supplemental Petition to Modify Custody, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief. The Court, having reviewed the file, heard the testimony, and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

SECTION I. FINDINGS
 1. The Court has jurisdiction over the subject matter and the parties.
 2. The last order establishing or modifying parental responsibility, visitation, or time-sharing was
 entered on {date} _____________.
*333
 3. There has been a substantial change in circumstances of the parties since the entry of the last
 order, specifically: _____________________________________________________
 __________________________________________________________________________
 __________________________________________________________________________
 __________________________________________________________________________
 __________________________________________________________________________
 4. It is in the best interests of the minor child(ren) that the current parental responsibility,
 visitation, time-sharing order or Parenting Plan be changed because: _____
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________

SECTION II. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)
 1. Jurisdiction. The Court has jurisdiction to determine parental responsibility, to establish or
 approve a Parenting Plan, and time-sharing with regard to the parties' minor child(ren) listed in
 paragraph 2 below.
 2. The parties' dependent or minor child(ren) is (are):
 Name Birth date
 ________________________________________________________________
 ________________________________________________________________
 ________________________________________________________________
 ________________________________________________________________
 ________________________________________________________________
 ________________________________________________________________
 3. Parenting Plan. The parties shall comply with the Parenting Plan which is attached and
 incorporated herein as Exhibit _____.

SECTION III. CHILD SUPPORT
 1. Modification of Child Support.
 [&check; one only]
 a. ____ The modification of parental responsibility or time-sharing entered above does not
 necessitate a modification of child support. The previous order or final judgment
 establishing or modifying child support shall remain in effect.
 b. ____ The Court finds that there is a need for modification of child support and that the ()
 Mother () Father (hereinafter Obligor) has the present ability to pay child support.
 The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of
 Procedure Form 12.902(e), filed by the () Mother () Father are correct OR the Court
 makes the following findings: The Mother's net monthly income is $_______, (Child
 Support Guidelines ______%). The Father's net monthly income is $______, (Child
 Support Guidelines ______%). Monthly child care costs are $________. Monthly health/dental
 insurance costs are $______.
 2. Amount. Obligor shall be obligated to pay child support in the amount of $______, per month
 payable () in accordance with Obligors employers payroll cycle, and in any event at least once a
 month () other {explain}:
 ______________________________________________________________,
 beginning {date} ________, and continuing until:
 () the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated, marries,
 dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18,
 become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files
 a supplemental petition to modify child support and the court enters such an order.
 OR
*334
 () {date/event} _____________________________________________,
 {explain} ________________________________________________________.
 If the child support ordered deviates from the guidelines by more than 5%, the factual findings
 which support that deviation are: _________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 3. Arrearage/Retroactive Child Support.
 [one only]
 a. ____ There is no child support arrearage at the time of this Supplemental Final Judgment.
 b. ____ The () Mother () Father shall pay to the other party the child support arrearage of:
 $__________ for retroactive child support, as of {date} _________ $__________ for
 previously ordered unpaid child support, as of {date} _________. The total of
 $________ in child support arrearage shall be repaid in the amount of $_______,
 per month payable () in accordance with Obligors employers payroll cycle, and in any
 event at least once a month () other {explain} _________________________
 ___________________________________________________________________________
 beginning {date} _______________, until paid in full including statutory interest.
 4. Insurance.
 [all that apply]
 a. ____ Health/Dental Insurance. () Mother () Father shall be required to maintain () health
 () dental insurance coverage for the parties minor child(ren), so long as reasonably
 available. The party providing coverage shall be required to convey insurance cards
 demonstrating said coverage to the other party. OR () Health () dental insurance is
 not reasonably available at this time.
 b. ____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the
 minor child(ren) shall be assessed as follows:
 () Shared equally by both parents.
 () Prorated according to the child support guideline percentages.
 () Other {explain}: ________________________________________
 __________________________________________________________________________
 As to these uninsured medical/dental/prescription drug expenses, the party who incurs
 the expense shall submit a request for reimbursement to the other party within 30 days,
 and the other party, within 30 days of receipt, shall submit the applicable reimbursement
 for that expense, according to the schedule of reimbursement set out in this
 paragraph.
 5. Life Insurance (to secure payment of support). To secure the child support obligations in this
 judgment, () Petitioner () Respondent () Each party shall maintain life insurance coverage, in an
 amount of at least $________, on () his life () her life () his/her life naming the () minor
 child(ren) as the beneficiary(ies) () primary residential parent as the beneficiary as Trustee for
 the minor child(ren), so long as reasonably available. The obligation to maintain the life
 insurance coverage shall continue until the first of the parties minor children reaches the age of
 18 or until one of the parties' children becomes emancipated, marries, dies, otherwise becomes
 self-supporting, at which time the amount of life insurance shall be recomputed.
 6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall
 be as follows: ____________________________________________________________
 __________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of
 this paragraph.
 7. Other provisions relating to child support: ____________
 ___________________________________________________________________________
 ___________________________________________________________________________

SECTION IV. METHOD OF PAYMENT
Obligor shall pay court-ordered child support and arrears, if any, as follows:
 1. Central Governmental Depository.
 [if applies]
*335
 a. ____ Obligor shall pay court-ordered support directly to the Central Governmental Depository
 in {name of county} __________________ County, along with any depository
 service charge.
 b. ____ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository
 pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through the
 Central Governmental Depository.
 2. Income Deduction.
 [if applies]
 a. ____ Immediate. Obligor shall pay through income deduction, pursuant to a separate
 Income Deduction Order which shall be effective immediately. Obligor is individually
 responsible for paying this support obligation until all of said support is deducted from
 Obligor's income. Until support payments are deducted from Obligor's paycheck,
 Obligor is responsible for making timely payments directly to the Central Governmental
 Depository or the Obligee, as previously set forth in this order.
 b. ____ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $_________, or, if not specified, an amount equal to one months
 obligation occurs. Income deduction is not being implemented immediately based on the
 following findings: Income deduction is not in the best interests of the child(ren)
 because: {explain} _______________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________,
 AND
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order,
 AND
 () there is an agreement by the Obligor to advise the central governmental depository of
 any change in payor and health insurance OR () there is a signed written agreement
 providing an alternative arrangement between the Obligor and the Obligee.
 3. Bonus/one-time payments. () All () ________% () No income paid in the form of a bonus or
 other similar one-time payment, up to the amount of any arrearage or the remaining balance
 thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment
 method prescribed above.
 4. Other provisions relating to method of payment. _________
 ___________________________________________________________________________
 ___________________________________________________________________________

SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY
 1. ____ () Petitioner's () Respondent's request(s) for attorney fees, costs, and suit money is (are)
 denied because ____________________________________________________________
 __________________________________________________________________________.
 2. ____ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit
 money. () Petitioner () Respondent is hereby ordered to pay to the other party $______
 in attorney fees, and $_________ in costs. The Court further finds that the attorney fees
 awarded are based on the reasonable rate of $________ per hour and __________ reasonable
 hours. Other provisions relating to attorney fees, costs, and suit money are as follows:
 ___________________________________________________________________________
 ___________________________________________________________________________

SECTION VI. OTHER
 1. Other Provisions. ______________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.
*336
 3. Unless specifically modified by this supplemental final judgment, the provisions of all final
 judgments or orders in effect remain the same.
ORDERED on____________________.
 _________________________________
 CIRCUIT JUDGE
A copy of the {name of document(s)} ___________________ was [&check; only one] () mailed () faxed and mailed () hand delivered to the parties listed below on {date} ___________ {clerk of court or designee} ___________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _______________________
Florida Supreme Court Approved Family
Law Form 12.993(b). Supplemental Final
Judgment Modifying Child Support (03/09)
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT,
 IN AND FOR _____________ COUNTY, FLORIDA
 Case No.: _______________
 Division: _______________
______________________________________,
 Petitioner,
 and
_______________________________________.
 Respondent.

SUPPLEMENTAL FINAL JUDGMENT MODIFYING CHILD SUPPORT
This cause came before this Court on a Supplemental Petition for Modification of Child Support. The Court, having heard the testimony and reviewed the file and financial affidavits of the parties and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

SECTION I. FINDINGS
 1. The Court has jurisdiction over the subject matter and the parties.
 2. The parties' dependent or minor child(ren) is (are):
 Name Birth date
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 3. The last order awarding or modifying child support was entered on {date} _________
*337
 4. There has been a substantial change in circumstances of the parties since the entry of the last
 order, specifically: ______________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 5. It is in the best interests of the minor child(ren) that the current child support order be changed
 because: __________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 __________________________________________________________________________.

SECTION II. CHILD SUPPORT
 1. The Court finds that there is a need for modification of child support and that the () Mother ()
 Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),
 filed by the () Mother () Father are correct OR the Court makes the following findings: The
 Mothers net monthly income is $__________, (Child Support Guidelines ________%). The
 Fathers net monthly income is $__________, (Child Support Guidelines _______%). Monthly
 child care costs are $___________. Monthly health/dental insurance costs are $___________.
 2. Amount. Obligor shall be obligated to pay child support in the amount of $_______, per month
 payable () in accordance with Obligor's employer's payroll cycle, and in any event at least once a
 month () other {explain} _________________________________________
 __________________________________________________________________________,
 beginning {date} ______________, and continuing until:
 () the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated, marries,
 dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18,
 become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files
 a supplemental petition to modify child support and the court enters such an order.
 OR
 () {date/event} _____________________________________________,
 {explain} ________________________________________________________.
 If the child support ordered deviates from the guidelines by more than 5%, the factual findings
 which support that deviation are: _________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
 3. Arrearage/Retroactive Child Support.
 [one only]
 a. ____ There is no child support arrearage at the time of this Supplemental Final Judgment.
 b. ____ () Mother () Father shall pay to the other party the child support arrearage of:
 $__________ for retroactive child support, as of {date} __________. $________ for
 previously ordered unpaid child support, as of {date} _____________ The total of
 $_____________ in child support arrearage shall be repaid in the amount of $_______,
 per month payable () in accordance with his or her employers payroll cycle, and in any
 event at least once a month () other {explain} ___________________
 ___________________________________________________________________________
 beginning {date} __________, until paid in full including statutory interest.
 4. Insurance.
 [all that apply]
 a. ____ Health/Dental Insurance. () Mother () Father shall be required to maintain () health
 () dental insurance coverage for the parties minor child(ren), so long as reasonably
 available. The party providing coverage shall be required to convey insurance cards
 demonstrating said coverage to the other party. OR () Health () Dental insurance is
 not reasonably available at this time.
*338
 b. ____ Reasonable and necessary uninsured medical/dental/prescription costs for the minor
 child(ren) shall be assessed as follows:
 () Shared equally by both parents.
 () Prorated according to the child support guideline percentages.
 () Other {explain}: _________________________________________
 ___________________________________________________________________________
 As to these uninsured medical/dental/prescription expenses, the party who incurs the
 expense shall submit a request for reimbursement to the other party within 30 days, and
 the other party, within 30 days of receipt, shall submit the applicable reimbursement for
 that expense, according to the schedule of reimbursement set out in this paragraph.
 5. Life Insurance (to secure payment of support). To secure the child support obligations in this
 judgment, () Mother () Father () Each party shall maintain life insurance coverage, in an
 amount of at least $________, on () his life () her life () his/her life naming the () minor
 child(ren) as the beneficiary(ies) () primary residential parent as the beneficiary as Trustee for
 the minor child(ren), so long as reasonably available. The obligation to maintain the life
 insurance coverage shall continue until the first of the parties minor children reaches the age of
 18 or until one of the parties children becomes emancipated, marries, dies, otherwise becomes
 self-supporting, at which time the amount of life insurance coverage shall be recomputed.
 6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall
 be as follows: ____________________________________________________________
 ___________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of
 this paragraph.
 7. Other provisions relating to child support: ____________
 ___________________________________________________________________________
 ___________________________________________________________________________

SECTION III. METHOD OF PAYMENT
 1. Central Governmental Depository.
 [if applies]
 a. ____ Obligor shall pay court-ordered support directly to the Central Governmental Depository
 in {name of county} ____________ County, along with any depository service
 charge.
 b. ____ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository
 pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through the
 Central Governmental Depository.
 2. Income Deduction.
 [if applies]
 a. ____ Immediate. Obligor shall pay through income deduction, pursuant to a separate
 Income Deduction Order which shall be effective immediately. Obligor is individually
 responsible for paying this support obligation until all of said support is deducted from
 Obligor's income. Until support payments are deducted from Obligor's paycheck,
 Obligor is responsible for making timely payments directly to the Central Governmental
 Depository or the Obligee, as previously set forth in this order.
 b. ____ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $________, or, if not specified, an amount equal to one month's
 obligation occurs. Income deduction is not being implemented immediately based on the
 following findings: Income deduction is not in the best interests of the child(ren)
 because: {explain} ___________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________,
 AND
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order,
 AND
 () there is an agreement by the Obligor to advise the central governmental depository of
 any change in payor and health insurance OR () there is a signed written agreement
 providing an alternative arrangement between the Obligor and the Obligee.
*339
 3. Bonus/one-time payments. () All () _________% () No income paid in the form of a bonus or
 other similar one-time payment, up to the amount of any arrearage or the remaining balance
 thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment
 method prescribed above.
 4. Other provisions relating to method of payment _________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________

SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
 1. ____ () Petitioner's () Respondent's request(s) for attorney fees, costs, and suit money is (are)
 denied because __________________________________________________________________________
 _________________________________________________________________________________________.
 2. ____ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit
 money. () Petitioner () Respondent is hereby ordered to pay to the other party
 $_______ in attorney fees, and $___________ in costs. The Court further finds that the
 attorney fees awarded are based on the reasonable rate of $_________ per hour and
 __________ reasonable hours. Other provisions relating to attorney fees, costs, and suit
 money are as follows:
 ________________________________________________________________________________
 ________________________________________________________________________________

SECTION V. OTHER
 1. Other Provisions. ________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.
 3. Unless specifically modified by this supplemental final judgment, the provisions of all final
 judgments or orders in effect remain the same.
ORDERED on ______________________.
 ___________________________________
 CIRCUIT JUDGE
A copy of the {name of document(s)} _________________ was [only one] () mailed () faxed and mailed () hand delivered to the parties listed below on {date} _____________ by {clerk of court or designee} ____________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: ______________________
Florida Supreme Court Approved Family
Law Form 12.993(d), Supplemental Temporary
Judgment Modifying Parenting Issues
for Child(ren) of a Parent Activated,
Deployed, or Temporary Assigned to Military
Service (03/09)
 IN THE CIRCUIT COURT OF THE _______________ JUDICIAL CIRCUIT,
*340
 IN AND FOR _______________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
__________________________________________,
 Petitioner,
 and
__________________________________________.
 Respondent.

SUPPLEMENTAL TEMPORARY JUDGMENT MODIFYING PARENTING ISSUES FOR CHILD(REN) OF A PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE
This cause came before this Court on a Supplemental Petition for Temporary Modification of Custody or Parenting Plan/Time-Sharing Schedule for Child(ren) of a Parent Activated, Deployed, or Temporarily Assigned to Military Service. The Court, having reviewed the file, heard the testimony, and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

SECTION I. FINDINGS
 1. The Court has jurisdiction over the subject matter and the parties.
 2. The last order establishing or modifying parental responsibility, visitation, or time-sharing was
 entered on {date} _______________.
 3. There is clear and convincing evidence that it is in the best interests of the minor child(ren) that
 the current order establishing parental responsibility, visitation, and time-sharing be temporarily
 changed as the () Mother () Father is activated, deployed, or temporarily assigned to military
 service. Specifically, ______________________________________________________________
 _____________________________________________________________________________________
 ____________________________________________________________________________________.

SECTION II. TEMPORARY PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)
 1. Jurisdiction. The Court has jurisdiction to determine parental responsibility, to establish or
 approve a Parenting Plan, and time-sharing with regards to the parties' minor child(ren) listed in
 paragraph 2 below.
 2. The parties' dependent or minor child(ren) is (are):
 Name Birth date
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 3. Parenting Plan. The parties shall comply with the temporary Parenting Plan which is attached
 and incorporated herein as Exhibit ____.

SECTION III. CHILD SUPPORT
 1. Temporary Modification of Child Support.
 [one only]
 a. ____ The () Mother's () Father's current obligation to pay child support is:(Choose only one)
 () Abated
 () Suspended
 () Modified to $_________ per ___________.
*341
 b. ____ The Court finds that there is a need for temporary modification of child support and that
 the service member ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to
 pay child support. The amounts in the Child Support Guidelines Worksheet, Florida
 Family Law Rules of Procedure Form 12.902(e), filed by the ( ) Mother ( ) Father are
 correct OR the Court makes the following findings: The Mother's net monthly income is
 $_________, (Child Support Guidelines___%). The Father's net monthly income is
 $_________, (Child Support Guidelines___%). Monthly child care costs are
 $_________. Monthly health/dental insurance costs are $__________.
 2. Amount. Obligor shall be obligated to pay child support in the amount of $_________, per month
 payable ( ) in accordance with Obligor's employer's payroll cycle, and in any event at least once a
 month ( ) other {explain}: ________________, beginning {date} ________, and
 continuing until
 ( ) the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated, marries,
 dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18,
 become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party
 files a supplemental petition to modify child support and the court enters such an order OR
 upon the service member parent's return from active military service, deployment, or
 temporary assignment.
 OR
 ( ) {date/event} ___________________________________________________________________,
 {explain} __________________________________________________________________________.
 If the child support ordered deviates from the guidelines by more than 5%, the factual findings
 which support that deviation are: _____________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 3. Arrearage/Retroactive Child Support.
 [one only]
 a. ____ There is no child support arrearage at the time of this Supplemental Temporary
 Judgment.
 b. ____ The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of:
 $________ for retroactive child support, as of {date} _______. $_______ for
 previously ordered unpaid child support, as of {date} _______. The total of
 $________ in child support arrearage shall be repaid in the amount of $_________,
 per month payable ( ) in accordance with Obligor's employer's payroll cycle, and in any
 event at least once a month ( ) other {explain} _____________________________
 ______________________________________________________________________________________
 beginning {date} ________, until paid in full including statutory interest.
 4. Insurance.
 [all that apply]
 a. ____ Health/Dental Insurance.
 (Choose only one)
 ____ The service member ( ) Mother ( ) Father shall enroll the child(ren) as a military
 dependent(s) with DEERs, TriCare, or other similar benefits available to military
 dependents as provided by the service member's branch or service and federal regulations.
 OR
 ____ The ( ) Mother ( ) Father shall maintain ( ) health ( ) dental insurance coverage for the
 parties' minor child(ren), so long as reasonably available. The party providing coverage
 shall be required to convey insurance cards demonstrating said coverage to the other
 party.
 OR
 ____ ( ) Health ( ) dental insurance is not reasonably available at this time.
 b. ____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the
 minor child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain}: ________________________________________
 ______________________________________________________________________
*342
 As to these uninsured medical/dental/prescription drug expenses, the party who incurs
 the expense shall submit a request for reimbursement to the other party within 30 days,
 and the other party, within 30 days of receipt, shall submit the applicable reimbursement
 for that expense, according to the schedule of reimbursement set out in this
 paragraph.
 5. Life Insurance (to secure payment of support). To secure the child support obligations in this
 judgment, ( ) Mother ( ) Father ( ) Each party shall maintain life insurance coverage, in an
 amount of at least $________, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor
 child(ren) as the beneficiary(ies) OR naming the ( ) Mother ( ) Father
 ( ) Other (name) __________________ as the beneficiary as Trustee for the minor
 child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage
 shall continue until the first of the parties' minor children reaches the age of 18, until one of the
 parties' children becomes emancipated, marries, dies, otherwise becomes self-supporting, at which
 time the amount of life insurance shall be recomputed, or until the temporary child support
 obligation is terminated.
 6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall
 be as follows: _________________________________________________________________________
 ________________________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of
 this paragraph.
 7. Other provisions relating to child support: __________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________

SECTION IV. METHOD OF PAYMENT
Obligor shall pay court-ordered child support and arrears, if any, as follows:
 1. Central Governmental Depository.
 [if applies]
 a. ____ Obligor shall pay court-ordered support directly to the Central Governmental Depository
 in {name of county} ______________ County, along with any depository
 service charge.
 b. ____ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository
 pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through the
 Central Governmental Depository.
 2. Income Deduction.
 [if applies]
 a. ____ Immediate. Obligor shall pay through income deduction, pursuant to a separate
 Income Deduction Order which shall be effective immediately. Obligor is individually
 responsible for paying this support obligation until all of said support is deducted from
 Obligor's income. Until support payments are deducted from Obligor's paycheck,
 Obligor is responsible for making timely payments directly to the Central Governmental
 Depository or the Obligee, as previously set forth in this order.
 b. ____ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $_________, or, if not specified, an amount equal to one month's
 obligation occurs. Income deduction is not being implemented immediately based on the
 following findings: Income deduction is not in the best interests of the child(ren)
 because: {explain} __________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________,
 AND
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order,
 AND
 ( ) there is an agreement by the Obligor to advise the central governmental depository of
 any change in payor and health insurance OR ( ) there is a signed written agreement
 providing an alternative arrangement between the Obligor and the Obligee.
*343
 3. Bonus/one-time payments. ( ) All ( ) _______% ( ) No income paid in the form of a bonus or
 other similar one-time payment, up to the amount of any arrearage or the remaining balance
 thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment
 method prescribed above.
 4. Other provisions relating to method of payment. ________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________.

SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY
 1. ____ ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit money is (are)
 denied because ________________________________________________________________________
 _______________________________________________________________________________________.
 2. ____ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit
 money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party
 $________ in attorney fees, and $________ in costs. The Court further finds that the
 attorney fees awarded are based on the reasonable rate of $________ per hour and
 __________ reasonable hours. Other provisions relating to attorney fees, costs, and suit
 money are as follows: ___________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________

SECTION VI. OTHER
 1. Other Provisions. _________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 2. The Court reserves jurisdiction to modify and enforce this Supplemental Temporary Judgment.
 3. Unless specifically modified by this supplemental temporary judgment, the provisions of all final
 judgments or orders in effect remain the same.
ORDERED on______________.
 _______________________________________
 CIRCUIT JUDGE
A copy of the {name of document(s)} ____________________ was [only one] ( ) mailed ( )
faxed and mailed ( ) hand delivered to the parties listed below on {date}_____________ by {clerk of
court or designee}_________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _______________________
Florida Supreme Court Approved Family Law Form 12.994(a), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/09)
*344
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR ___________________ COUNTY, FLORIDA
 Case No.: ______________________
 Division: ______________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.

FINAL JUDGMENT FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court on a Petition for Support Unconnected with Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. The following child(ren) are common to the parties:
 Name Birth date
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________

SECTION I. ALIMONY
 1. ( ) The Court denies the request(s) for alimony. OR
 ( ) The Court finds that there is a need for alimony and that Respondent has/had the ability to
 support Petitioner and has failed to do so. Respondent (hereinafter Obligor) has the present
 ability to pay alimony as follows:
 [all that apply]
 a. ____ Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the
 amount of $________ per month, payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event, at least once a month ( ) other {explain} __________
 _____________________________________________________________________________________________
 beginning {date} ____________. This alimony shall continue until modified by court
 order, the death of either party, or remarriage of Obligee, whichever occurs first.
 b. ____ Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $_________.
 This amount shall be paid as follows: ________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 c. ____ Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of
 $__________ per month, payable ( ) in accordance with Obligor's employer's payroll
 cycle, and in any event, at least once a month ( ) other {explain} ___________________
 beginning {date} __________. This rehabilitative alimony shall continue until modified
 by court order, the death of either party or until {date/event} _____________________,
 whichever occurs first. The rehabilitative plan presented demonstrated the following:
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 d. ____ Retroactive. Obligor shall pay retroactive alimony in the amount of $__________ for
 the period of {date} ______, through {date} ________, which shall be paid
 pursuant to paragraph 3 below.
 2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following
 in awarding/denying alimony:
*345
 a. The standard of living established during the marriage;
 b. The duration of the marriage;
 c. The age and the physical and emotional condition of each party;
 d. The financial resources of each party, the nonmarital and the marital assets and liabilities
 distributed to each;
 e. The contribution of each party to the marriage, including, but not limited to, services rendered
 in homemaking, child care, education, and career building of the other party; and
 f. All sources of income available to either party. Additionally, the Court has considered the
 following factors in reaching its decision: ____________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 [ ] Check here if additional pages are attached.
 3. Arrearage/Retroactive Alimony.
 [one only]
 a. There is no alimony arrearage at the time of this Final Judgment.
 b. Respondent shall pay to Petitioner the alimony arrearage of: $_________ for retroactive
 alimony, as of {date} ____________. $______________ for previously ordered unpaid alimony, as of
 {date} _________________. The total of $___________ in alimony arrearage shall be repaid in the
 amount of $__________ per month, payable ( ) in accordance with Obligor's employer's payroll
 cycle, and in any event, at least once a month ( ) other {explain} ____________________________
 beginning {date} ___________, until paid in full including statutory interest.
 4. Insurance.
 [all that apply]
 a. ____ Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health
 insurance premiums for the other party not to exceed $________ per month. Further,
 ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical
 costs for the other party not to exceed $______ per year. As to these uninsured
 medical expenses, the party who is entitled to reimbursement of the uninsured medical
 expense shall submit a request for reimbursement to the other party within 30 days, and
 the other party shall, within 30 days after receipt, submit the applicable reimbursement
 for that expense.
 b. ____ Life Insurance (to secure payment of support). To secure the alimony obligations set
 forth in this judgment, Obligor shall maintain life insurance coverage on his/her life
 naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This
 insurance shall be in the amount of at least $________ and shall remain in effect until
 the obligation for alimony terminates.
 5. Other provisions relating to alimony: _________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________
 __________________________________________________________________________________________________.

SECTION II. CHILD SUPPORT
 1. The Court finds that there is a need for child support and that the ( ) Mother ( ) Father
 (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child
 Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by
 the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother's
 net monthly income is $_____, (Child Support Guidelines _____%). The Father's net monthly
 income is $_______, (Child Support Guidelines %). Monthly child care costs are $______________.
 Monthly health/dental insurance costs are $______.
 2. Amount. Obligor shall be obligated to pay child support in the amount of $________, per month
 payable ( ) in accordance with Obligor's employer's payroll cycle, and in any event at least once a
 month ( ) other {explain}: _______________________________________________________
 ____________________________________________________________________________________________________,
 beginning {date} __________, and continuing
*346
 ( ) until the first of the parties' minor children reaches the age of 18 or until one of the parties'
 children becomes emancipated, marries, dies, otherwise becomes self-supporting, at which time
 the child support shall be recomputed under the then current Child Support Guidelines
 OR
 ( ) until {date/event} _____________________________________________________________________,
 {explain} __________________________________________________________________________________.
 If the child support ordered deviates from the guidelines by more than 5%, the factual findings
 which support that deviation are: ___________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 3. Arrearage/Retroactive Child Support.
 [one only]
 a. ____ There is no child support arrearage at the time of this Final Judgment.
 b. ____ The ( ) Mother ( ) Father shall pay to the other party the child support for previously
 ordered unpaid child support, as of {date} ____________. The total of $__________ child
 support arrearage shall be repaid in the amount of $____ per month, payable ( ) in
 accordance with Obligor's employer's payroll cycle, and in any event, at least once a
 month ( ) other {explain} _________________________________________________________
 ____________________________________________________________________________________________
 beginning {date} ___________, until paid in full including statutory interest.
 4. Insurance.
 [all that apply]
 a. ____ Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health
 ( ) dental insurance coverage for the parties' minor child(ren), so long as reasonably
 available. The party providing coverage shall be required to convey insurance cards
 demonstrating said coverage to the other party. OR ( ) Health ( ) dental insurance is
 not reasonably available at this time.
 b. ____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the
 minor child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain}: _____________________________________________________________
 ____________________________________________________________________________________________________
 As to these uninsured medical/dental/prescription drug expenses, the party who incurs
 the expense shall submit a request for reimbursement to the other party within 30 days,
 and the other party, within 30 days of receipt, shall submit the applicable reimbursement
 for that expense, according to the schedule of reimbursement set out in this
 paragraph.
 5. Life Insurance (to secure payment of support). To secure the child support obligations in this
 judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall maintain life insurance coverage, in an
 amount of at least $________, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor
 child(ren) as the beneficiary(ies) ( ) primary residential parent as the beneficiary as Trustee for
 the minor child(ren). The obligation to maintain the life insurance coverage shall continue until
 the youngest child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
 6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall
 be as follows: ________________________________________________________________________________________
 _______________________________________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of
 this paragraph.
 7. Other provisions relating to child support: ________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________

SECTION III. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
*347
 1. Central Governmental Depository.
 [if applies]
 a. ____ Obligor shall pay court-ordered support directly to the Central Governmental Depository
 in {name} _______ County, along with any depository service charge.
 b. ____ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository
 pursuant to section 61.08 or 61.13, Florida Statutes, to require payments through the
 Central Governmental Depository.
 2. Income Deduction.
 [if applies]
 a. ____ Immediate. Obligor shall pay through income deduction, pursuant to a separate
 Income Deduction Order which shall be effective immediately. Obligor is individually
 responsible for paying this support obligation until all of said support is deducted from
 Obligor's income. Until support payments are deducted from Obligor's paycheck,
 Obligor is responsible for making timely payments directly to the Central Governmental
 Depository or the Obligee, as previously set forth in this order.
 b. ____ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $______, or, if not specified, an amount equal to one months
 obligation occurs. Income deduction is not being implemented immediately based on the
 following findings: Income deduction is not in the best interests of the child(ren)
 because: {explain}
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________,
 AND
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order in cases of modification,
 AND
 ( ) there is an agreement by the Obligor to advise the central governmental depository of
 any change in payor and health insurance OR ( ) there is a signed written agreement
 providing an alternative arrangement between the Obligor and the Obligee.
 3. Bonus/one-time payments. ( ) All ( ) _______ % ( ) No income paid in the form of a bonus or
 other similar one-time payment, up to the amount of any arrearage or the remaining balance
 thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment
 method prescribed above.
 4. Other provisions relating to method of payment. ______________________________________________
 _________________________________________________________________________________________________________
 _________________________________________________________________________________________________________

SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
 1. ____ ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit money is (are)
 denied because _____________________________________________________________________________________
 ____________________________________________________________________________________________________.
 2. ____ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit
 money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $__________
 in attorney fees, and $________ in costs. The Court further finds that the attorney fees
 awarded are based on the reasonable rate of $________ per hour and _______ reasonable
 hours. Other provisions relating to attorney fees, costs, and suit money are as follows:
 ____________________________________________________________________________________________________
 ____________________________________________________________________________________________________
 ____________________________________________________________________________________________________

SECTION V. OTHER PROVISIONS
 1. Other Provisions: ____________________________________________________________________________
 ________________________________________________________________________________________________________
 ________________________________________________________________________________________________________
 ________________________________________________________________________________________________________
 ________________________________________________________________________________________________________
*348
 ________________________________________________________________________________________________________
 2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
ORDERED on ______________.
 __________________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} ____________________________ was [only one] ( ) mailed ( )
faxed and mailed ( ) hand delivered to the parties listed below on {date} ___________ by {clerk of
court or designee} ____________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: __________________
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(a), PARENTING PLAN (03/09)

When should this form be used?
A Parenting Plan is required in all cases involving time-sharing with minor child(ren), even when time-sharing is not in dispute. This form or a similar form should be used in the development of a Parenting Plan. If the case involves supervised time-sharing, the Supervised/Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) or a similar form should be used.
This form should be typed or printed in black ink. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If an agreed Parenting Plan is not filed by the parties, the Court shall establish a Plan.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

Special notes...
At a minimum, the Parenting Plan must describe in adequate detail:
 How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
 The time-sharing schedule arrangements that specify the time that the minor child(ren) will spend with each parent,
 A designation of who will be responsible for any and all forms of health care, school-related matters, other activities, and
 The methods and technologies that the parents will use to communicate with the child(ren).
The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including *349 the parties' historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the minor child(ren), including, but not limited to:
 The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
 The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
 The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
 The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
 The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
 The moral fitness of the parents;
 The mental and physical health of the parents;
 The home, school, and community record of the child(ren);
 The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
 The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
 The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
 The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
 Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought;
 Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
 The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
 The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)'s school and extracurricular activities;

*350  The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
 The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child(ren); and
 The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)'s developmental needs.
This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.995(a), Parenting Plan (03/09)
 IN THE CIRCUIT COURT OF THE _____________________ JUDICIAL CIRCUIT
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No: __________________________
 Division: _________________________
__________________________________
 Petitioner,
 and
__________________________________
 Respondent.

PARENTING PLAN
This parenting plan is: (Choose only one)
 [ ] A Parenting Plan submitted to the court with the agreement of the parties.
 [ ] A proposed Parenting Plan submitted by or on behalf of:
 {Parent's Name} _______________________________________________________.
 [ ] A Parenting Plan established by the court.
This parenting plan is: (Choose only one)
 [ ] A final Parenting Plan established by the court.
 [ ] A temporary Parenting Plan established by the court.
 [ ] A modification of a prior final Parenting Plan or prior final order.
I. PARENTS
 Mother
 Name: _______________________________________________________________________
 Address: ____________________________________________________________________
*351
 Telephone Number: ___________________________________________________________
 E-Mail: _____________________________________________________________________
 Father
 Name:________________________________________________________________________
 Address: ____________________________________________________________________
 Telephone Number: ___________________________________________________________
 E-Mail: _____________________________________________________________________
II. CHILDREN: This parenting plan is for the following child(ren) born to, or adopted by the
 parties: (add additional lines as needed)
 Name Date of Birth Sex
 _____________________________________________________________________________
 _____________________________________________________________________________
 _____________________________________________________________________________
 _____________________________________________________________________________
 _____________________________________________________________________________
III. JURISDICTION
The United States is the country of habitual residence of the child(ren).
The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.
This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all other state and federal laws.
Other: __________________________________________________________________________.
IV. PARENTAL RESPONSIBILITY AND DECISION MAKING
 1. Parental Responsibility (Choose only one)
 [ ] Shared Parental Responsibility.
 It is in the best interests of the child(ren) that the parents confer and jointly make all major
 decisions affecting the welfare of the child(ren). Major decisions include, but are not limited
 to, decisions about the child(ren)'s education, healthcare, and other responsibilities unique to
 this family.
 OR
 [ ] Shared Parental Responsibility with Decision Making Authority
 It is in the best interests of the child(ren) that the parents confer and attempt to agree on the
 major decisions involving the child(ren). If the parents are unable to agree, the authority for
 making major decisions regarding the child(ren) shall be as follows:
 Education/Academic decisions [ ] Mother [ ] Father
 Non-emergency health care [ ] Mother [ ] Father
 ____________________________ [ ] Mother [ ] Father
 ____________________________ [ ] Mother [ ] Father
 ____________________________ [ ] Mother [ ] Father
 OR
 [ ] Sole Parental Responsibility:
 It is in the best interests of the child(ren) that the [ ] Mother [ ] Father shall have sole
 authority to make major decisions for the child(ren.)
 2. Day-to-Day Decisions
 Each parent shall make decisions regarding day-to-day care and control of each child while
 the child is with that parent. Regardless of the allocation of decision making in the
*352
 parenting plan, either parent may make emergency decisions affecting the health or safety of
 the child(ren) when the child is residing with that parent. A parent who makes an
 emergency decision shall share the decision with the other parent as soon as reasonably
 possible.
 3. Extra-curricular Activities (Choose all that apply)
 [ ] Either parent may register the child(ren) and allow them to participate in the activity of the
 child(ren)'s choice.
 [ ] The parents must mutually agree to all extra-curricular activities.
 [ ] The parent with the minor child(ren) shall transport the minor child(ren) to and/or from all
 mutually agreed upon extra-curricular activities, providing all necessary uniforms and
 equipment within the parent's possession.
 [ ] The costs of the extra-curricular activities shall be paid by:
 Mother ______% Father _______%
 [ ] The uniforms and equipment required for the extra-curricular activities shall be paid by:
 Mother ______% Father _______%
 [ ] Other: ________________________________________________________________________.
V. INFORMATION SHARING. Unless otherwise indicated or ordered by the Court:
Both parents shall have access to medical and school records pertaining to the child(ren) and shall be permitted to independently consult with any and all professionals involved with the child(ren). The parents shall cooperate with each other in sharing information related to the health, education, and welfare of the child(ren) and they shall sign any necessary documentation ensuring that both parents have access to said records.
Each parent shall be responsible for obtaining records and reports directly from the school and health care providers.
Both parents have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).
Both parents shall have equal and independent authority to confer with the child(ren)'s school, day care, health care providers, and other programs with regard to the child(ren)'s educational, emotional, and social progress.
Both parents shall be listed as "emergency contacts" for the child(ren).
Each parent has a continuing responsibility to provide a residential, mailing, or contact address and contact telephone number to the other parent. Each parent shall notify the other parent in writing within 24 hours of any changes. Each parent shall notify the court in writing within seven (7) days of any changes.
 Other: ________________________________________________________________________
 _______________________________________________________________________________.
VI. SCHEDULING
 1. School Calendar
 If necessary, on or before ___________ of each year, both parents should obtain a copy
 of the school calendar for the next school year. The parents shall discuss the calendars and
 the time-sharing schedule so that any differences or questions can be resolved.
 The parents shall follow the school calendar of: (Choose all that apply)
 [ ] the oldest child
 [ ] the youngest child
 [ ] the school calendar for ______________ County
 [ ] the school calendar for ______________ School
 2. Academic Break Definition
*353
 When defining academic break periods, the period shall begin at the end of the last scheduled
 day of classes before the holiday or break and shall start on the first day of regularly
 scheduled classes after the holiday or break.
 3. Schedule Changes (Choose all that apply)
 [ ] A parent making a request for a schedule change will make the request as soon as possible,
 but in any event, except in cases of emergency, no less than ________ before the change
 is to occur.
 [ ] A parent requesting a change of schedule shall be responsible for any additional child care, or
 transportation costs caused by the change.
 [ ] Other _____________________________________________________________________.
VII. TIME-SHARING SCHEDULE
 1. Weekday and Weekend Schedule
 The following schedule shall apply beginning on ___________________ with the [ ]
 Mother [ ] Father and continue as follows:
 The child(ren) shall spend time with the Mother on the following dates and times:
 WEEKENDS: [ ] Every [ ] Every Other [ ] Other (specify) _____________________________________
 From____________________________ to _________________________________
 WEEKDAYS: Specify days ______________________________________________
 From ___________________________ to _________________________________
 OTHER: (Specify) ____________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________.
 A. The child(ren) shall spend time with the Father on the following dates and times:
 WEEKENDS: [ ] Every [ ] Every Other [ ] Other (specify) __________________
 From ___________________________ to _____________________________
 WEEKDAYS: Specify days __________________________________________
 From ___________________________ to _____________________________
 OTHER: (Specify) _________________________________________________________
 __________________________________________________________________________
 __________________________________________________________________________.
 B. Check box if there is a different time sharing schedule for any child. Complete a
 separate Attachment for each child for whom there is a different time sharing
 schedule.
 [ ] There is a different time-sharing schedule for the following child(ren) in Attachment
 _______.
 ______________________________, and _________________________.
 (Name of Child) (Name of Child)
 2. Holiday Schedule (Choose only one)
 [ ] No holiday time sharing shall apply. The regular time-sharing schedule set forth above
 shall apply.
 [ ] Holiday time-sharing shall be as the parties agree.
 [ ] Holiday time-sharing shall be in accordance with the following schedule. The Holiday
 schedule will take priority over the regular weekday, weekend, and summer schedules. Fill
 in the blanks with Mother or Father to indicate where the child(ren) will be for the holidays.
 Provide the beginning and ending times. If a holiday is not specified as even, odd, or every
 year with one parent, then the child(ren) will remain with the parent in accordance with the
 regular schedule

 Holidays Even Years Odd Years Every Year Begin/End Time
 Mother's Day __________ _________ __________ _______________

*354
 Father's day __________ _________ __________ _______________
 President's Day __________ _________ __________ _______________
 Martin Luther King Day __________ _________ __________ _______________
 Easter __________ _________ __________ _______________
 Passover __________ _________ __________ _______________
 Memorial Day Weekend __________ _________ __________ _______________
 4th of July __________ _________ __________ _______________
 Labor Day Weekend __________ _________ __________ _______________
 Columbus Day Weekend __________ _________ __________ _______________
 Halloween __________ _________ __________ _______________
 Thanksgiving __________ _________ __________ _______________
 Veteran's Day __________ _________ __________ _______________
 Hanukkah __________ _________ __________ _______________
 Yom Kippur __________ _________ __________ _______________
 Rosh Hashanah __________ _________ __________ _______________
 Child(ren)'s Birthdays __________ _________ __________ _______________
 _______________________ __________ _________ __________ _______________
 _______________________ __________ _________ __________ _______________

 This holiday schedule may affect the regular Time-Sharing Schedule. Parents may wish to specify
 one or more of the following options:
 [ ] When the parents are using an alternating weekend plan and the holiday schedule would
 result in one parent having the child(ren) for three weekends in a row, the parents will
 exchange the following weekend, so that each has two weekends in a row before the regular
 alternating weekend pattern resumes.
 [ ] If a parent has the child(ren) on a weekend immediately before or after an unspecified
 holiday or non-school day, they shall have the child(ren) for the holiday or non-school day.
 3. Winter Break
 A. Entire Winter Break (Choose only one)
 [ ] The [ ] Mother [ ] Father shall have the child(ren) from the day and time school is dismissed
 until December _____ at ___ a.m./p.m. in [ ] odd-numbered years [ ] even-numbered years [ ]
 every year. The other parent will have the children for the second portion of the Winter
 Break. The parties shall alternative the arrangement each year.
 [ ] The [ ] Mother [ ] Father shall have the child(ren) for the entire Winter Break during [ ] odd-numbered
 years [ ] even-numbered years [ ] every year.
 [ ] Other: _________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________.
 B. Specific Winter Holidays
 If not addressed above, the specific Winter Holidays such as Christmas, New Year's Eve,
 Hanukkah, Kwanzaa, etc. and shall be shared as follows:
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________.
 4. Spring Break (Choose only one)
 [ ] The parents shall follow the regular schedule.
 [ ] The parents shall alternate the entire Spring Break with the Mother having the child(ren)
 during the [ ]odd-numbered years [ ]even numbered years.
 [ ] The [ ] Father [ ] Mother shall have the child(ren) for the entire Spring Break every year.
 [ ] The Spring Break will be evenly divided. The first half of the spring Break will go to the
 parent whose regularly scheduled weekend falls on the first half and the second half going to
 the parent whose weekend falls during the second half.
*355
 [ ] Other: __________________________________________________________________________________________.
 5. Summer Break (Choose only one)
 [ ] The parents shall follow the regular schedule through the summer.
 [ ] The [ ] Mother [ ] Father shall have the entire Summer Break from _________ after school
 is out until _______________ before school starts.
 [ ] The parents shall equally divide the Summer Break. During [ ] odd-numbered years [ ] even
 numbered years, the [ ] Mother [ ] Father shall have the children from ________ after school
 is out until ________. The other parent shall have the child(ren) for the second one-half of the
 summer break. The parents shall alternate the first and second one-halves each year unless
 otherwise agreed. During the extended periods of time-sharing, the other parent shall have
 the child(ren) __________.
 [ ] Other: ___________________________________________________________________________________________
 __________________________________________________________________________________________________.
 6. Number of Overnights:
 Based upon the time-sharing schedule, the Mother has a total of _____ overnights per year
 and the Father has a total of _____ overnights per year. Note: The two numbers must
 equal 365.
 7. [ ] If not set forth above, the parties shall have time-sharing in accordance with the schedule
 which is attached and incorporated herein.
VIII. TRANSPORTATION AND EXCHANGE OF CHILD(REN)
 1. Transportation (Choose only one)
 [ ] The [ ] Mother [ ] Father shall provide all transportation.
 [ ] The parent beginning their time-sharing shall provide transportation for the child(ren).
 [ ] The parent ending their time-sharing shall provide transportation for the child(ren).
 [ ] Other: __________________________________________________________________________________________.
 2. Exchange (Choose only one)
 Both parents shall have the child(ren) ready on time with sufficient clothing packed and
 ready at the agreed upon time of exchange. If a parent is more than ______ minutes late
 without contacting the other parent to make other arrangements, the parent with the
 child(ren) may proceed with other plans and activities.
 [ ] Exchanges shall be at Mother's and Father's homes unless both parents agree to a different
 meeting place.
 [ ] Exchanges shall occur at _______________________________________________ unless both parties agree
 in advance to a different meeting place.
 [ ] Other: __________________________________________________________________________________________.
 3. Transportation Costs (Choose only one)
 [ ] Transportation costs are included in the Child Support Worksheets and/or the Order for
 Child Support and should not be included here.
 [ ] The Mother shall pay ______% and the Father shall pay ______ % of the transportation costs.
 [ ] Other: __________________________________________________________________________________________.
 4. Foreign and Out-Of-State Travel (Choose only one)
*356
 [ ] Either parent may travel with the child(ren) during his/her time-sharing. The parent
 traveling with the child(ren) shall give the other parent at least ____ days written notice
 before traveling out of state unless there is an emergency, and shall provide the other parent
 with a detailed itinerary, including locations and telephone numbers where the child(ren) and
 parent can be reached at least ____ days before traveling.
 [ ] Either parent may travel out of the country with the child(ren) during his/her time-sharing.
 At least ____ days prior to traveling, the parent shall provide a detailed itinerary, including
 locations, and telephone numbers where the child(ren) and parent may be reached during the
 trip. Each parent agrees to provide whatever documentation is necessary for the other
 parent to take the child(ren) out of the country.
 [ ] If a parent wishes to travel out of the country with the child(ren), he/she shall provide the
 following security for the return of the child _______________________________________________
 ______________________________________________________________________________________________.
 [ ] Other ________________________________________________________________________________________.
IX. EDUCATION
 1. School designation. For school and school district purposes, the [ ] Mother [ ] Father's
 address shall be designated.
 2. (If Applicable) The following provisions are made regarding private or home schooling:
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________.
 3. Other.
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________.
X. DESIGNATION FOR OTHER LEGAL PURPOSES
 The child(ren) named in this Parenting Plan are scheduled to reside the majority of the time with
 the [ ] Mother [ ] Father. This majority designation is SOLELY for purposes of all other state
 and federal laws which require such a designation. This designation does not affect either
 parent's rights and responsibilities under this parenting plan.
XI. COMMUNICATION
 1. Between Parents
 All communications regarding the child(ren) shall be between the parents. The parents shall
 not use the child(ren) as messengers to convey information, ask questions, or set up schedule
 changes.
 The parents shall communicate with each other by: (Choose all that apply)
 [ ] in person
 [ ] by telephone
 [ ] by letter
 [ ] by e-mail
 [ ] Other: ________________________________________________________________________________________.
 2. Between Parent and Child(ren)
 Both parents shall keep contact information current. Telephone or other electronic communication
 between the child(ren) and the other parent shall not be monitored by or interrupted
 by the other parent. "Electronic communication" includes telephones, electronic mail or e-mail,
 webcams, video-conferencing equipment and software or other wired or wireless
 technologies or other means of communication to supplement face to face contact.
 The child(ren) may have [ ] telephone [ ] e-mail [ ] other electronic communication in the form
 of ___________________________ with the other parent: (Choose only one)
*357
 [ ] Anytime
 [ ] Every day during the hours of __________ to ____________________.
 [ ] On the following days _________________________________________
 during the hours of __________ to ___________________________________.
 [ ] Other: _________________________________________________________.
 3. Costs of Electronic Communication shall be addressed as follows:
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________
XII. CHILD CARE (Choose only one)
 [ ] Each parent may select appropriate child care providers
 [ ] All child care providers must be agreed upon by both parents.
 [ ] Each parent must offer the other parent the opportunity to care for the child(ren) before
 using a child care provider for any period exceeding _______ hours.
 [ ] Other _____________________________________________________________________.
XIII. CHANGES OR MODIFICATIONS OF THE PARENTING PLAN
This Parenting Plan may be modified or varied on a temporary basis when both parents agree in writing. When the parents do not agree, the Parenting Plan remains in effect until further order of the court.
Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental petition for modification.
XIV. RELOCATION
Any relocation of the child(ren) is subject to and must be sought in compliance with section 61.13001, Florida Statutes.
XV. DISPUTES OR CONFLICT RESOLUTION
Parents shall attempt to cooperatively resolve any disputes which may arise over the terms of the Parenting Plan. The parents may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.
XVI. OTHER PROVISIONS
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________.
 SIGNATURE OF PARENTS
I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with
this Plan and intend to be bound by it.
Dated: __________ __________________________________________
 Signature of Mother
 Printed Name: ____________________________
 Address: _________________________________
 City, State, Zip: ________________________
 Telephone Number: ________________________
 Fax Number: ______________________________
STATE OF FLORIDA
COUNTY OF ____________
Sworn to or affirmed and signed before me on ____________ by ___________________________.
*358
 _______________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _______________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced __________________________
I certify that I have been open and honest in entering into this settlement agreement. I am
satisfied with this agreement and intend to be bound by it.
Dated: __________ ____________________________________________________
 Signature of Father
 Printed Name: ______________________________________
 Address: ___________________________________________
 City, State, Zip: __________________________________
 Telephone Number: __________________________________
 Fax Number: ________________________________________
STATE OF FLORIDA
COUNTY OF __________________
Sworn to or affirmed and signed before me on ___________ by ____________________________.
 __________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 __________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ______________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW:
[fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________________________,
a nonlawyer, located at {street} _____________________, {city} ______________________,
{state} ____________, {phone} ___________, helped {name} ___________________,
who is the [one only] ______ petitioner or ______ respondent, fill out this form.
 ORDER OF THE COURT
IT IS HEREBY ORDERED AND ADJUDGED THAT THE PARENTING PLAN SET FORTH
ABOVE IS ADOPTED AND ESTABLISHED AS AN ORDER OF THIS COURT.
ORDERED ON ________________.
 ________________________________________
 CIRCUIT JUDGE
COPIES TO:
Father (or his Attorney)
Mother (or her Attorney)
Other

*359 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(b), SUPERVISED/SAFETY-FOCUSED PARENTING PLAN (03/09)

When should this form be used?
A Parenting Plan is required in all cases involving minor child(ren). This form or a similar form should be used in cases when you feel your child(ren) cannot be safely alone with the other parent or if you believe shared parental responsibility presents a detriment to the child(ren). In this case, a Parenting Plan must be developed that allows time-sharing with any minor child(ren), while providing protection for the child(ren). If safety or supervised time-sharing is not a concern, Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) should be used.
This form should be typed or printed in black ink. If an Agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If an agreed Parenting Plan is not filed by the parties, the Court shall establish a Plan.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

Special notes...
At a minimum, the Parenting Plan must describe in adequate detail:
 How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
 The time-sharing schedule arrangements that specify the time that the minor child(ren) will spend with each parent,
 A designation of who will be responsible for any and all forms of health care, school-related matters, other activities, and
 The methods and technologies that the parents will use to communicate with the child(ren).
The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties' historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the minor child(ren), including, but not limited to:
 The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
 The anticipated division of parental responsibilities after the litigation, including the extent to which parental *360 responsibilities will be delegated to third parties;
 The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
 The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
 The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
 The moral fitness of the parents;
 The mental and physical health of the parents;
 The home, school, and community record of the child(ren);
 The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
 The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
 The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
 The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
 Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought;
 Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
 The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
 The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)'s school and extracurricular activities;
 The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
 The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child(ren); and
 The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent *361 to meet the child(ren)'s developmental needs.
This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Florida Supreme Court Approved Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (03/09)
 IN THE CIRCUIT COURT OF THE _____________________________ JUDICIAL CIRCUIT
 IN AND FOR ________________________ COUNTY, FLORIDA
 Case No: ___________________________
 Division: __________________________
_______________________________________
 Petitioner,
 and
_______________________________________
 Respondent.
 SUPERVISED/SAFETY-FOCUSED PARENTING PLAN
This parenting plan is: (Choose only one)
 [ ] A Parenting Plan submitted to the court with the agreement of the parties.
 [ ] A proposed Parenting Plan submitted by or on behalf of:
 (Parent's Name) ____________________________________________________________.
 [ ] A Parenting Plan established by the court.
This parenting plan is: (Choose only one)
 [ ] A final Parenting Plan established by the court.
 [ ] A temporary Parenting Plan established by the court.
 [ ] A modification of a prior final Parenting Plan or prior final order.
 I. PARENTS
 Mother
 Name: ____________________________________________________________________
 Address: _________________________________________________________________
 Telephone Number: ________________________________________________________
 E-Mail: __________________________________________________________________
 Father
 Name: ____________________________________________________________________
 Address: _________________________________________________________________
 Telephone Number: ________________________________________________________
 E-Mail: __________________________________________________________________
 II. CHILDREN: This parenting plan is for the following child(ren) born to, or adopted by the
parties: (add additional lines as needed)
 Name Date of Birth Sex
*362
 _____________________________________________________________________________
 _____________________________________________________________________________
 _____________________________________________________________________________
 _____________________________________________________________________________
 III. JURISDICTION
The United States is the country of habitual residence of the child(ren).
The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody
Jurisdiction and Enforcement Act.
This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody
Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Section
11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of
International Child Abduction enacted at the Hague on October 25, 1980, and for other state and federal
laws.
Other: ____________________________________________________________________________.
 IV. PARENTAL RESPONSIBILITY (Choose only one)
 [ ] It is in the best interests of the child(ren) that the [ ] Mother [ ]Father shall have sole
 authority to make major decisions for the child(ren.)
 [ ] Shared Parental Responsibility with Decision Making Authority
 It is in the best interests of the child(ren) that the parents confer and attempt to agree on the
 major decisions involving the child(ren). If the parents are unable to agree, the authority for
 making major decisions regarding the child(ren) shall be as follows:
 Education/Academic decisions [ ] Mother [ ] Father
 Non-emergency health care [ ] Mother [ ] Father
 __________________________ [ ] Mother [ ] Father
 __________________________ [ ] Mother [ ] Father
 __________________________ [ ] Mother [ ] Father
 [ ] Other: (Explain) _________________________________________________.
 V. TIME SHARING SCHEDULE (Choose only one)
 [ ] No Time-Sharing: The [ ] Mother [ ] Father shall have no contact with the child(ren) until
 further order of the court. All parenting decisions shall be made by the other parent.
 [ ] Supervised Time-Sharing: Whenever the child(ren) are with the [ ] Mother [ ] Father, the
 supervisor shall be present. The [ ] Mother [ ] Father has the right to spend time with the
 child(ren) even though the other parent will be making most, if not all, of the parenting
 decisions which are made on the child(ren)'s behalf. The time-sharing schedule shall be
 mutually agreed to between the parents, but not less than the schedule set forth below:
 (Choose only one)
 [ ] ______ hours per week. The place(s), and time(s) shall be set by the [ ] Mother [ ]
 Father.
 [ ] From ________ __ m. to ___________ __ m, on the following day(s) _____________.
 [ ] Other: _______________________________________________________________________.
 VI. SUPERVISOR AND SUPERVISION (Choose only one)
 1. Supervisor. The person supervising the time-sharing shall: (Choose only one)
 [ ] Be selected by the [ ] Mother [ ] Father.
 [ ] Be selected by the [ ] Mother [ ] Father, subject to the other parent's approval.
 [ ] Other: _________________________________________________________________________.
*363
 2. Restrictions or Level of Supervision: ____________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________.
 3. Costs of Supervision
 [ ] The costs of the supervision shall be paid by the [ ] Mother [ ] Father
 [ ] Other: ______________________________________________________________________________.
 VII. LOCATION: (Choose only one)
The [ ] Mother [ ] Father shall spend his/her time-sharing with the child(ren) at the following location(s):
 [ ] Supervised visitation center (name of facility) _____________________________
 ______________________________________________________________________________________.
 [ ] __________________ (location) or other location designated by the
 [ ] Mother [ ] Father
 [ ] Any location designated by the [ ] Mother [ ] Father with the approval of the supervisor.
 [ ] Other: _______________________________________________________________________________.
VIII. DESIGNATION FOR OTHER LEGAL PURPOSES
The child(ren) named in this Supervised/Safety-Focused Parenting Plan are scheduled to reside the
majority of the time with the [ ] Mother [ ] Father. This majority designation is SOLELY for purposes
of all other state and federal statutes which require such a designation. This designation does not
affect either parent's rights and responsibilities under this parenting plan.
 IX. TRANSPORTATION AND EXCHANGE OF CHILD(REN)
 1. Transportation
 The child(ren) shall not be driven in a car unless the driver has a valid driver's license,
 automobile insurance, seat belts, and child safety seats as required by Florida law.
 The [ ] Mother [ ] Father or mutually agreed upon person shall be responsible for transporting
 the child(ren) to the exchange point. The child(ren) shall be picked up and/or returned to
 the exchange point by (Choose only one);
 [ ] The [ ] Mother [ ] Father with the supervisor present.
 [ ] The supervisor alone.
 [ ] A monitored exchange location (specify) ______________________________________.
 [ ] Other: ________________________________________________________________________________.
 2. Exchange
 The exchange of the child(ren) shall occur at: (Choose all that apply)
 [ ] The site of the supervised visit.
 [ ] Other: ________________________________________________________________________________.
 [ ] The [ ] Mother [ ] Father may not come to the exchange point.
X. COMMUNICATION
 1. Between Parents (Choose only one)
 [ ] All communications regarding the child(ren) shall be between the parents. The parents shall
 not use the child(ren) as messengers to convey information, ask questions, or set up schedule
 changes.
*364
 The parents shall communicate with each other by: (Choose all that apply)
 [ ] in person
 [ ] by telephone
 [ ] by letter
 [ ] by e-mail
 [ ] Other: ______________________________________________________________________________________.
 [ ] No Communication. Unless otherwise prohibited by court order, all information and
 communication regarding the child(ren) shall be exchanged via or through _____________________
 ______________________________________________________________________________________________.
 2. Between Parent and Child(ren)
 The [ ] Mother [ ] Father (Choose all that apply)
 [ ] Shall not telephone, write, or e-mail the child(ren) unless the contact is agreed to in advance
 by the other parent.
 [ ] May write or e-mail the child(ren) at any time. Each parent shall provide a contact address
 (and e-mail address if appropriate) to the other parent, unless other prohibited by court
 order.
 [ ] May call the child(ren) on the telephone ____ times per week. The call shall last no more
 than ____ minutes and shall take place between _____ __ m. and _____ __ m.. Long
 distance telephone calls made by the child(ren) shall be paid for by the parent receiving the
 call. Each parent shall provide a telephone number to the other parent, unless otherwise
 prohibited by court order.
 [ ] Other: ________________________________________________________________________________________.
 3. Costs of Electronic Communication
 "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing
 equipment and software or other wired or wireless technologies or other means
 of communication to supplement face-to face contact.
 The costs of electronic communication shall be addressed as follows:
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________.
 XI. ACCESS TO ACTIVITIES AND EVENTS
 The [ ] Mother [ ] Father
 [ ] Shall not attend the child(ren)'s activities and events, including but not limited to, school,
 athletic, and extra-curricular activities and events.
 [ ] May attend the child(ren)'s school, athletic, and extra-curricular activities and events.
 [ ] The [ ] Mother [ ] Father must stay ____ feet from the other parent and ____ feet from the
 child.
 [ ] Other _________________________________________________________________________________________.
 XII. CHILD(REN)'S SAFETY
 The [ ] Mother [ ] Father shall follow the safety rules checked below. (Choose all that apply)
 [ ] There shall be no firearms in the home, car, or in the child(ren)'s presence during time-sharing.
 [ ] No alcoholic beverages shall be consumed from twenty-four (24) hours before the child(ren)
 arrive until they are returned to the other parent.
 [ ] The child(ren) shall not be disciplined by corporal punishment.
*365
 [ ] The following person(s) present a danger to the child(ren) and shall not be present during
 time-sharing: _____________________________________________________________________.
 [ ] Other: ____________________________________________________________________________.
XIII. CHANGES OR MODIFICATIONS OF THE PARENTING PLAN
 All changes to the Supervised/Safety-Focused Parenting Plan must be pursuant to a court order.
 XIV. OTHER PROVISIONS
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________.
 SIGNATURE OF PARENTS
I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with
this Plan and intend to be bound by it.
Dated: ______________________ _________________________________________________________
 Signature of Mother
 Printed Name: ___________________________________________
 Address: ________________________________________________
 City, State, Zip: _______________________________________
 Telephone Number: _______________________________________
 Fax Number: _____________________________________________
STATE OF FLORIDA
COUNTY OF ___________________
Sworn to or affirmed and signed before me on _____________ by ___________________________________.
 ___________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ___________________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced _________________________
 I certify that I have been open and honest in entering into this settlement agreement. I am
satisfied with this agreement and intend to be bound by it.
Dated: _______________________ __________________________________________________________
 Signature of Father
 Printed Name: ____________________________________________
 Address: _________________________________________________
 City, State, Zip: ________________________________________
 Telephone Number: ________________________________________
 Fax Number: ______________________________________________
STATE OF FLORIDA
COUNTY OF ____________________
Sworn to or affirmed and signed before me on _________ by ________________________________________.
 ____________________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ____________________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
*366
____ Personally known
____ Produced identification
 Type of identification produced _______________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE
BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _________________________________________,
a nonlawyer, located at {street} ____________________, {city} ___________________,
{state} ____________, {phone} _______________, helped {name} ___________,
who is the [one only] ____ petitioner or _____ respondent, fill out this form.
 ORDER OF THE COURT
IT IS ORDERED AND ADJUDGED THAT THE PARENTING PLAN SET FORTH ABOVE IS
ADOPTED AND ESTABLISHED AS AN ORDER OF THIS COURT.
ORDERED ON __________________.
 ________________________________________
 CIRCUIT JUDGE
COPIES TO:
Father (or his Attorney)
Mother (or her Attorney)
Other

FAMILY LAW FORMS, COMMENTARY, AND INSTRUCTIONS GENERAL INFORMATION FOR SELF-REPRESENTED LITIGANTS (03/09)
You should read this General Information thoroughly before taking any other steps to file your case or represent yourself in court. Most of this information is not repeated in the attached forms. This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works. This is not intended as a substitute for legal advice from an attorney. Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation.
These instructions are not the only place that you can get information about how a family case works. You may want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area. If you are filing a petition for Name Change and/or Adoption, these instructions may not apply.
If the word(s) is printed in bold, this means that the word is being emphasized. Throughout these instructions, you will also find words printed in bold and underlined. This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section.

Commentary
1995 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure. Practitioners should refer to *367 the committee notes for those forms for rule history.
The forms were adopted by the Court pursuant to Family Law Rules of Procedure, 667 So.2d 202 (Fla.1996); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar-Stepparent Adoption Forms, 613 So.2d 900 (Fla.1992); Rules Regulating the Florida Bar-Approval of Forms, 581 So.2d 902 (Fla.1991).
Although the forms are part of these rules, they are not all inclusive and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure. Also, the following notice has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar.
1997 Amendment. In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms. Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created. Minor changes were also made to the Notice to Parties set forth below.

NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR
If you have questions or concerns about these forms, instructions, commentary, the use of the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone book under "Attorney." If you do not have the money to hire an attorney, you should call the legal aid office in your area.
Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have taken place in the law or court rules that would affect the accuracy of the forms or instructions.
In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms or instructions be liable for any direct, indirect, or consequential damages resulting from their use.

FAMILY LAW PROCEDURES
Communication with the court Ex parte communication is communication with the judge with only one party present. Judges are not allowed to engage in ex parte communication except in very limited circumstances, so, absent specific authorization to the contrary, you should not try to speak with or write to the judge in your case unless the other party is present or has been properly notified. If you have something you need to tell the judge, you must ask for a hearing and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party.
Filing a case. A case begins with the filing of a petition. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the petitioner and remains the petitioner throughout the case.
A petition is given to the clerk of the circuit court, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is *368 assigned and an official court file is opened. Delivering the petition to the clerk's office is called filing a case. A filing fee is usually required.
Once a case has been filed, a copy must be given to (served on) the respondent. The person against whom the original legal action is being requested is called the respondent, because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case.
Service. When one party files a petition, motion, or other pleading, the other party must be "served" with a copy of the document. This means that the other party is given proper notice of the pending action(s) and any scheduled hearings. Personal service of the petition and summons on the respondent by a deputy sheriff or private process server is required in all original petitions and supplemental petitions, unless constructive service is permitted by law. Personal service may also be required in other actions by some judges. After initial service of the original or supplemental petition and summons by a deputy sheriff or private process server, service of most motions and other documents or papers filed in the case generally may be made by regular U.S. mail or hand delivery. However, service by certified mail is required at other times so you have proof that the other party actually received the papers. The instructions with each form will advise you of the type of service required for that form. If the other party is represented by an attorney, you should serve the attorney and send a copy to the other party, except for original or supplemental petitions, which must be personally served on the respondent.
Other than the initial original or supplemental petitions, anytime you file additional pleadings or motions in your case, you must provide a copy to the other party and include a certificate of service. Likewise, the other party must provide you with copies of everything that he or she files. Service of additional documents is usually completed by U.S. mail. For more information, see the instructions for Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914.
Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instructions to those forms should be read carefully to ensure that you have the other party properly served. If proper service is not obtained, the court cannot hear your case.
Note: If you absolutely do not know where the other party to your case lives or if the other party resides in another state, you may be able to use constructive service. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
Default... After being served with a petition or counterpetition, the other party has 20 days to file a response. If a response to a petition is not filed, the *369 petitioner may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk. This means that you may proceed with your case and set a final hearing, and a judge will make a decision, even if the other party will not cooperate. For more information, see rule 12.080(c), Florida Family Law Rules of Procedure.
Answer and counterpetition... After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition. In addition to an answer, the respondent may also file a counterpetition. In a counterpetition, the respondent may request the same or some other relief or action not requested by the petitioner. If the respondent files a counterpetition, the petitioner should then file an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d), and either admit or deny the allegations in the respondent's counterpetition.
Mandatory disclosure... Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a dissolution of marriage to exchange certain information and documents, and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Failure to make this required disclosure within the time required by the Florida Family Law Rules of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply. This requirement also must be met in other family law cases, except adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, lists the documents that must be given to the other party. For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
Parenting Plan. If your case involves minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a) or Supervised/Safety-Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b). The Parenting Plan shall be developed and agreed to by the parents and approved by a court or, if the parents cannot agree, established by the court. The Parenting Plan shall contain a time-sharing schedule and should address the issues regarding the child(ren)'s education, health care, and physical, social, and emotional well-being.
Setting a hearing or trial. Generally, the court will have hearings on motions, final hearings on uncontested or default cases, and trials on contested cases. Before setting your case for final hearing or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular jurisdiction. For further information, you should refer to the instructions for the type of form you are filing.
Next, you must obtain a hearing or trial date so that the court may consider your request. You should ask the clerk of court, or family law intake staff about the local procedure for setting a hearing or trial, which you should attend. These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court or family law intake staff if you need to bring one of *370 these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Below are explanations of symbols or parts of different family law forms ...
{specify}, {date}, {name(s)}, {street}, {city}, {state}, {phone}
Throughout these forms, you will find hints such as those above. These tell you what to put in the blank(s).
[one only] [all that apply]
These show how many choices you should check. Sometimes you may check only one, while other times you may check several choices. () This also shows an area where you must make a choice. Check the () in front of the choice that applies to you or your case.
 IN THE CIRCUIT COURT OF THE (1) __________________ JUDICIAL CIRCUIT,
 IN AND FOR (2) ________________ COUNTY, FLORIDA
 Case No.:(3) ________________________
 Division:(4) ________________________
(5) ______________________,
 Petitioner,
 and
(6) ______________________,
 Respondent.
Line 1 The clerk of court can tell you the number of your judicial circuit. Type or print it here.
Line 2 Type or print your county name on line (2).
Line 3 If you are filing an initial petition or pleading, the Clerk of the Court will assign a case number after the case is filed. You should type or print this case number on all papers you file in this case.
Line 4 The clerk of the court can tell you the name of the division in which your case is being filed, and you should type or print it here. Divisions vary from court to court. For example, your case may be filed in the civil division, the family division, or the juvenile division.
Line 5 Type or print the legal name of the person who originally filed the case on line 5. This person is the petitioner because he/she is the one who filed the original petition.
Line 6 Type or print the other party's legal name on line 6. The other party is the respondent because he/she is responding to the petition.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: (1) _________________________ (2) ____________________________________
 Signature of Petitioner
 Printed Name: (3) ______________________
 Address: (4) ___________________________
 City, State, Zip: (5) __________________
 Telephone Number: (6) __________________
 Fax Number: (7) ________________________
*371 Some forms require that your signature be witnessed. You must sign the form in the presence of a notary public or deputy clerk (employee of the clerk of the court's office). When signing the form, you must have a valid photo identification unless the notary knows you personally. You should completely fill in all lines (1 & 3-7) except 2 with the requested information, if applicable. Line 2, the signature line, must be signed in the presence of the notary public or deputy clerk.
STATE OF FLORIDA
COUNTY OF __________________________
Sworn to or affirmed and signed before me ________ on by ___________________________________.
 _____________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced _________________________________
DO NOT SIGN OR FILL IN THIS PART OF ANY FORM. This section of the form is to be completed by the notary public who is witnessing your signature.
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} (1) ___________________________,
a nonlawyer, located at {street} (2) _____________________, {city} (3) _________,
{state} (4) ______________, {phone} (5) ____________, helped {name} (6) ________,
who is the petitioner, fill out this form.
This section should be completed by anyone who helps you fill out these forms but is not an attorney who is a member in good standing of The Florida Bar, which means that he or she is not licensed to practice law in Florida.
Line 1 The nonlawyer who helps you should type or print his or her name on line 1.
Lines 2-5 The nonlawyer's address and telephone number should be typed or printed on lines 2-5.
Line 6 Your name should be typed or printed on line 6.
In addition, a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), should be completed if a nonlawyer assists you. The disclosure is available as a family law form and should be completed before the nonlawyer helps you. This is to be sure that you understand the role and limitations of a nonlawyer. You and the nonlawyer should keep a copy of this disclosure for your records.

FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS
Note: The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary.
Affidavit  a written statement in which the facts stated are sworn or affirmed to be true.
Answer  written response by a respondent that states whether he or she admits *372 (agrees with) or denies (disagrees with) the allegations in the petition. Any allegations not specifically denied are considered to be admitted.
Appeal  asking a district court of appeal to review the decision in your case. There are strict procedural and time requirements for filing an appeal.
Asset  everything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Attorney  a person with special education and training in the field of law who is a member in good standing of The Florida Bar and licensed to practice law in Florida. An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are available in your area. You may also obtain information from the Florida Supreme Court's Internet site located at http://www.flcourts.org/courts/supct.
Bond  money paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party.
Central Governmental Depository  the office of the clerk of court that is responsible for collecting and disbursing court-ordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid.
Certificate of Service  a document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form. Florida Supreme Court Approved Family Law Form 12.914 is the certificate of service form and contains additional instructions.
Certified Copy  a copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy.
Certified Mail  mail which requires the receiving party to sign as proof that they received it.
Child Support  money paid from one parent to the other for the benefit of their dependent or minor child(ren).
Clerk of the Circuit Court  elected official in whose office papers are filed, a case number is assigned, and case files are maintained. The clerk's office usually is located in the county courthouse.
Constructive Service  notification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. Constructive service is also called "service by publication." However, when constructive service is used, the relief the Court may grant is limited. For more information on service, see the instructions for Florida Family Law Rules of Procedure Forms 12.910(a) *373 and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a).
Contested Issues  any or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial.
Contingent Asset  an asset that you may receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance.
Contingent Liability  a liability that you may owe later, such as payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not.
Counterpetition  a written request to the court for legal action, which is filed by a respondent after being served with a petition.
Custody Order  a judgment or order incorporating a Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. ss. 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980.
Default  a failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond.
Delinquent  late.
Dependent Child(ren)  child(ren) who depend on their parent(s) for support either because they are under the age of 18, they have a mental or physical disability that prevents them from supporting themselves, or they are in high school while between the ages of 18 and 19 and are performing in good faith with reasonable expectation of graduation before the age of 19.
Deputy Clerk  an employee of the office of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse.
Dissolution of Marriage  divorce; a court action to end a marriage.
Electronic Communication  Contact, other than face-to-face contact, facilitated by tools such as telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies, or other means of communication to supplement fact-to face contact between a parent and that parent's minor child.
Enjoined  prohibited by the court from doing a specific act.
Ex Parte  communication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court's office, with certification that a copy was sent to the other party.
Family Law Intake Staff  a court's employee(s) who is (are) available to assist you in filing a family law case. Family law intake staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk's office can tell you if your county has such assistance available.
Filing  delivering a petition, response, motion, or other pleading in a court case to the clerk of court's office.
Filing Fee  an amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an Application for *374 Determination of Civil Indigent Status, to ask the clerk to file your case without payment of the fee. This form can be obtained from the clerk's office.
Final Hearing  trial in your case.
Financial Affidavit  a sworn statement that contains information regarding your income, expenses, assets, and liabilities.
Final Judgment  a written document signed by a judge and recorded in the clerk of the circuit court's office that contains the judge's decision in your case.
Guardian ad Litem  a neutral person who may be appointed by the court to evaluate or investigate your child's situation, and file a report with the court about what is in the best interests of your child(ren). Guardians do not "work for" either party. The guardian may interview the parties, visit their homes, visit the child(ren)'s school(s) and speak with teachers, or use other resources to make their recommendation.
Hearing  a legal proceeding before a judge or designated officer (general magistrate or hearing officer) on a motion.
Judge  an elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties are present, represented, or at a properly scheduled hearing.
Judicial Assistant  the judge's personal staff assistant.
Liabilities  everything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Lump Sum Alimony  money ordered to be paid by one spouse to another in a limited number of payments, often a single payment.
Mandatory Disclosure  items that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285.
Marital Asset  generally, anything that you and/or your spouse acquired or received (by gift or purchase) during the marriage. For example, something you owned before your marriage may be nonmarital. An asset may only be determined to be marital by agreement of the parties or determination of the judge.
Marital Liability  generally, any debt that you and/or your spouse incurred during the marriage. A debt may only be determined to be nonmarital by agreement of the parties or determination of the judge.
Mediator  a person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party's side and are not allowed to give legal advice. They are only responsible for helping the parties reach an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court.
Modification  a change made by the court in an order or final judgment.
Motion  a request made to the court, other than a petition.
No Contact  a court order directing a party not speak to, call, send mail to, visit, or go near his or her spouse, ex-spouse, child(ren), or other family member.
*375 Nonlawyer  a person who is not a member in good standing of The Florida Bar.
Nonmarital Asset  generally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonmarital Liability  generally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonparty  a person who is not the petitioner or respondent in a court case.
Notary Public  a person authorized to witness signatures on court related forms.
Obligee  a person to whom money, such as child support or alimony, is owed.
Obligor  a person who is ordered by the court to pay money, such as child support or alimony.
Order  a written decision signed by a judge and filed in the clerk of the circuit court's office, that contains the judge's decision on part of your case, usually on a motion.
Original Petition  see Petition.
Parenting Course  a class that teaches parents how to help their child(ren) cope with divorce and other family issues.
Parenting Plan  a document created to govern the relationship between the parties relating to the decisions that must be made regarding the minor child(ren). The Parenting Plan shall contain a time-sharing schedule for the parents and child(ren) and shall address the issues concerning the minor child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)'s education, health care, physical, social, and emotional well-being. In creating the Plan, all circumstances between the parties, including the parties' historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan shall be developed and agreed to by the parents and approved by a court, or if the parents cannot agree, established by the court.
Parenting Plan Recommendation  a Parenting Plan and time-sharing schedule developed a psychologist licensed under chapter 490 that is not binding on a court.
Party  a person involved in a court case, either as a petitioner or respondent.
Paternity Action  A lawsuit used to determine whether a designated individual is the father of a specific child or children.
Payor  an employer or other person who provides income to an obligor.
Permanent Alimony  spousal support ordered to be paid at a specified, periodic rate until modified by a court order, the death of either party, or the remarriage of the Obligee, whichever occurs first.
Personal Service  when a summons and a copy of a petition (or other pleading) that has been filed with the court are delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions.
Petition  a written request to the court for legal action, which begins a court case.
Petitioner  the person who files a petition that begins a court case.
Pleading  a formal written statement of exactly what a party wants the court to do in a lawsuit or court action.
Pro Se Litigant  a person who appears in court without the assistance of a lawyer.
Pro Se Coordinator  see Family Law Intake Staff.
Rehabilitative Alimony  spousal support ordered to be paid for a limited period of *376 time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan accepted by the court, so that he or she may better support himself or herself.
Respondent  the person who is served with a petition requesting some legal action against him or her.
Scientific Paternity Testing  a medical test to determine who is the father of a child.
Service  the delivery of legal documents to a party. This must be accomplished as directed by Florida Family Law Rules 12.070 and 12.080.
Shared Parental Responsibility  an arrangement under which both parents have full parental rights and responsibilities for their child(ren), and the parents make major decisions affecting the welfare of the child(ren) jointly. Shared Parental Responsibility is presumptive in Florida.
Sole Parental Responsibility  a parenting arrangement under which the responsibility for the minor child(ren) is given to one parent by the court, with or without rights of time-sharing to the other parent.
Supervised Time-Sharing  a parenting arrangement under which time-sharing between a parent and his or her child(ren) is supervised by either a friend, family member, or a supervised visitation center.
Supplemental Petition  a petition that may be filed by either party after the judge has made a decision in a case and a final judgment or order has been entered. For example, a supplemental petition may be used to request that the court modify the previously entered final judgment or order.
Time-Sharing Schedule  a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child or children will spend with each parent. If developed and agreed to by the parents of a minor child or children, it must be approved by the court. If the parents cannot agree, the schedule shall be established by the court.
Trial  the final hearing in a contested case.
Uncontested  any and all issues on which the parties are able to agree and which are part of a marital settlement agreement.
NOTES
[1] Other minor and editorial changes are also made to these forms. Forms amended are General Information for Self-Represented Litigants; 12.901(b)(1) (Petition for Dissolution of Marriage with Dependent or Minor Child(ren)); 12.902(d) (Uniform Child Custody Jurisdiction and Enforcement Act Affidavit (UCCJEA)); 12.902(f)(1) (Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)); 12.903(a) (Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage); 12.903(b) (Answer to Petition for Dissolution of Marriage); 12.903(c)(1) (Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren)); 12.903(e) (Answer to Supplemental Petition); 12.904(a) (Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)); 12.905(a) (Supplemental Petition to Modify Custody or Visitation and Other Relief); 12.905(d) (Supplemental Petition for Temporary Modification/Amendment of Custody for Child(ren) of Custodial Parent Activated, Deployed, or Temporarily Assigned to Military Service); 12.940(d) (Motion to Modify or Dissolve Temporary Injunction); 12.941(a) (Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services); 12.941(b) (Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte)); 12.941(c) (Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice)); 12.941(d) (Emergency Verified Motion for Child Pick-Up Order); 12.941(e) (Order to Pick-Up Minor Child(ren)); 12.942(a) (Motion for Appointment of Guardian Ad Litem); 12.942(b) (Order Appointing Guardian Ad Litem); 12.943 (Motion to Deviate from Child Support Guidelines); 12.947(a) (Motion for Temporary Support with Dependent Minor Child(ren)); 12.947(b) (Temporary Order of Support with Dependent or Minor Child(ren)); 12.960 (Motion for Civil Contempt/Enforcement); 12.980(a) (Petition for Injunction for Protection Against Domestic Violence); 12.980(c)(1) (Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren)); 12.980(d)(1) (Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice)); 12.981(a)(1) (Stepparent Adoption: Consent and Waiver by Parent); 12.981(b)(1) (Joint Petition for Adoption by Stepparent); 12.981(b)(2) (Final Judgment of Stepparent Adoption); 12.983(a) (Petition to Determine Paternity and for Related Relief); 12.983(b) (Answer to Petition to Determine Paternity and for Related Relief); 12.983(c) (Answer to Petition and Counterpetition to Determine Paternity and for Related Relief); 12.983(g) (Final Judgment of Paternity); 12.990(b)(1) (Final Judgment of Dissolution of Marriage with Minor Child(ren) (Uncontested)); 12.990(c)(1) (Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)); 12.993(a) (Supplemental Final Judgment Modifying Parental Responsibility/Visitation); 12.993(b) (Supplemental Final Judgment Modifying Child Support); 12.994(a) (Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)).